UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20552-DPG

UNITED STATES OF AMERICA

v.

DAVID RIVERA, and
ESTHER NUHFER,

        Defendants.

FILED *EX PARTE*

## PROTECTIVE ORDER FOR ASSETS SUBJECT TO FORFEITURE

**THIS CAUSE** is before the Court upon application of the United States of America (the "United States") for entry of a post-Indictment protective order restraining and enjoining certain assets subject to forfeiture in order to preserve their availability for criminal forfeiture, pursuant to 21 U.S.C. § 853(e). Being fully advised in the premises and based on the United States' *Ex Parte* Application for Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e) [ECF No.6], and Memorandum of Law in Support Thereof, and for good cause shown thereby, the Court finds as follows:

1. On November 16, 2022, a federal grand jury returned an Indictment charging Defendants David Rivera and Esther Nuhfer (collectively, the "Defendants") with, among other counts, conspiracy to commit offenses against the United States and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 371 and 1956, and substantive counts of engaging in transactions in criminally derived property and failure to register as a foreign agent, in violation of 18 U.S.C. § 1957 and 22 U.S.C. §§ 612(a) and 618(a)(1), respectively. *See* Indictment.

2. The Indictment contained forfeiture allegations, which alleged that upon conviction

of a violation, or conspiracy to commit a violation, of 22 U.S.C. §§ 612 and 618, the Defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 31. The Indictment also alleged that upon conviction of a violation of 18 U.S.C. §§ 1956 and/or 1957, the Defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.*

3. The Indictment, in paragraph 4 of the forfeiture allegations, alleged that the property subject to forfeiture includes, but is not limited to:

(i) A sum of at least $23,750,000.00 in U.S. currency, which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment;

(ii) Wells Fargo Securities brokerage account no. 6423-2614, held in the name of ESTHER NUHFER;

(iii) Real property located at 2665 S.W. 37th Avenue, Unit 504, Miami, Florida 33133;

(iv) Real property located at 1673 Pink Dogwood Way, Oviedo, Florida 32765;

(v) Real property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051; and

(vi) Real property located at 10925 N.W. 43rd Lane, Doral, Florida 33178.

*See id.* at 32.

4. The United States is entitled to a protective order pursuant to 21 U.S.C. § 853(e) as it has obtained an Indictment alleging, *inter alia*, that certain property is subject to criminal forfeiture.

Based on the foregoing, the United States' *Ex Parte* Application for Post-Indictment

Protective Order Pursuant to 21 U.S.C. § 853(e) is **GRANTED**, and it is hereby,

**ORDERED** that:

1. The following assets listed in the forfeiture allegations of the Indictment are **ENJOINED AND RESTRAINED** in order to preserve their availability for criminal forfeiture (collectively, the "Subject Assets"):

   (i) Wells Fargo Securities brokerage account no. 6423-2614, held in the name of ESTHER NUHFER;

   (ii) Real property located at 2665 S.W. 37th Avenue, Unit 504, Miami, Florida 33133;

   (iii) Real property located at 1673 Pink Dogwood Way, Oviedo, Florida 32765;

   (iv) Real property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051; and

   (v) Real property located at 10925 N.W. 43rd Lane, Doral, Florida 33178.

2. The Defendants, including their respective agents, representatives, servants, employees, attorneys, family members, those persons in active concert or participation with the Defendants, and financial institutions or other persons or entities holding or with custody of any of the Subject Assets, are **ENJOINED AND RESTRAINED** from selling, transferring, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the dissipation, disposal (by transfer of stock or otherwise), or removal from the jurisdiction of this Court of any of the Subject Assets, or any assets traceable thereto, without prior approval of the Court and upon notice to the United States and an opportunity for the United States to be heard, except as provided in this Order.

3. Any financial institution, entity, or person holding an account in which any of the Subject Assets is on deposit is **DIRECTED** to continue to receive and credit assets and monies to

such account, and take no offset against, or to allow any transfer or withdrawal from such account, without the consent of the United States or until further order of this Court.

4. Any financial institution, entity, or person holding an account in which any of the Subject Assets is on deposit is **FURTHER DIRECTED** to provide law enforcement agents with the account's current balance and records, upon the United States' request, reflecting any and all activity from the date of service of this Order until the conclusion of the above-captioned criminal case and any related forfeiture proceedings so that the United States can monitor compliance with this Order.

5. The Defendants, including their respective agents, representatives, servants, employees, attorneys, family members (including spouse), those persons in active concert or participation with the Defendants, and other persons or entities that have an interest or control over the following real property among the Subject Assets are **FURTHER DIRECTED** to maintain their present condition and make timely payment of all associated costs, including but not limited to mortgage, condominium or homeowner association fees, insurance, utilities, taxes, and other assessments:

   (i)   Real property located at 2665 S.W. 37th Avenue, Unit 504, Miami, Florida 33133;

   (ii)  Real property located at 1673 Pink Dogwood Way, Oviedo, Florida 32765;

   (iii) Real property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051; and

   (iv)  Real property located at 10925 N.W. 43rd Lane, Doral, Florida 33178.

Should there be any significant damage to such real property, or if timely payment of any associated costs is not made, the persons or entities that have an interest or control of the real property are **DIRECTED** to inform the United States within 15 days of such occurrence.

6. The United States is **AUTHORIZED AND DIRECTED** to serve a copy of this Order on any individual or entity that the United States believes may be in control or possession of any of the Subject Assets.

7. This Order shall remain in full force and effect until further order of this Court.

**SO ORDERED** this 21st day of November 2022 in Chambers at Miami, Florida.

_____
HON. DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Joshua Paster, Assistant U.S. Attorney (2 certified copies)