```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2
                         CASE NO. 22-CR-20552-DPG
 3
     UNITED STATES OF AMERICA,
 4                                              Miami, Florida
                     Plaintiff(s),
 5                                              February 21, 2023
              vs.
 6
     DAVID RIVERA,
 7   ESTHER NUHFER,

 8
                     Defendant(s).      Pages 1 - 12
 9   ------------------------------------------------------------

10                         INITIAL APPEARANCE
              TRANSCRIBED FROM DIGITAL AUDIO RECORDING
11              BEFORE THE HONORABLE JONATHAN GOODMAN
                  UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13
     FOR THE PLAINTIFF(S):  HAROLD SCHIMKAT, ESQ.
14                          JOSHUA PASTER, ESQ.
                            NALINA SOMBUNTHAM, ESQ.
15                          UNITED STATES ATTORNEY'S OFFICE
                            99 NE 4th Street
16                          Miami, FL 33132
                            (305) 961-9298
17                          harold.schimkat@usdoj.gov
                            joshua.paster@usdoj.gov
18                          nalina.sombuntham2@usdoj.gov

19

20

21

22

23

24

25
```

```
 1   APPEARANCES (CONT'D)

 2


 3   FOR THE DEFENDANT(S):   EDWARD SHOHAT, ESQ.
     David Rivera            JONES WALKER, LLP
 4                           201 S Biscayne Boulevard
                             Miami, FL 33131
 5                           (305) 679-5700
                             eshohat@joneswalker.com
 6


 7
     FOR THE DEFENDANT(S):   DAVID MARKUS, ESQ.
 8   Esther Nuhfer           ANITA MARGOT MOSS, ESQ.
                             40 NW Third Street
 9                           Miami, FL 33128
                             (305) 379-6667
10                           dmarkus@markuslaw.com
                             mmoss@markuslaw.com
11

12

13   TRANSCRIBED BY:         Joanne Mancari, RPR, CRR, CSR
                             Court Reporter
14                           jemancari@gmail.com

15

16

17

18

19

20

21

22

23

24

25
```

1   Thereupon,
2   the following proceedings were held:
3   　　　THE COURT:  We have David Rivera and we also have
4   Ester Nuhfer, case No. 22 20552, Gayles.
5   　　　Who is here for the United States?
6   　　　MR. SCHIMKAT:  Good morning, your Honor.  Harry
7   Schimkat, Josh Paster, and Nalina Sombuntham for the United
8   States.
9   　　　THE COURT:  Thank you.  Good morning.
10  　　　MR. PASTER:  Good morning, Judge.
11  　　　MR. SHOHAT:  Good morning, your Honor.  Ed Shohat,
12  Jones Walker, LLC, on behalf of David Rivera.
13  　　　THE COURT:  Thank you.
14  　　　MR. MARKUS:  Good morning, your Honor.  David Markus
15  and Margot Moss here for Esther Nuhfer.
16  　　　MS. MOSS:  Good morning, your Honor.
17  　　　THE COURT:  Good morning.
18  　　　You can come up to the lectern as well with the rest
19  of your team if you'd like.
20  　　　MS. MOSS:  I'm fine.
21  　　　THE COURT:  You are fine where you are.  All right.
22  Fair enough.
23  　　　Thank you, folks.
24  　　　So, folks, we are here for report re
25  counsel/arraignment.  Tell me what is happening, please.

```
 1              MR. SHOHAT:  Judge, as is reflected in the papers we
 2   filed, we are seeking a continuance -- we have asked for 90
 3   days -- an unopposed continuance and a briefing schedule.  We
 4   proposed a briefing schedule that starts March 14th on the lis
 5   pendens issue, which is the barrier between our being retained
 6   right now and permanent appearance and moving forward with the
 7   case.
 8              THE COURT:  I understand.  Let me just ask a couple of
 9   questions because I only have a limited role in the case.  I am
10   not assigned as Judge Gayles' paired magistrate judge.  He has
11   not referred anything to me.  I also notice he hasn't referred
12   anything to his paired magistrate judge either.
13              So here is the interesting thing to me, Mr. Shohat.  I
14   know that you have filed your motion for a briefing schedule.
15              MR. SHOHAT:  Correct.
16              THE COURT:  I don't rule on that.  I don't believe any
17   of my colleagues will be ruling on that.  I think that is for
18   Judge Gayles to set up the briefing schedule.  So here's my
19   question.
20              Procedurally, normally a motion for a briefing
21   schedule is tethered to a motion.  You are going to be briefing
22   a motion, such as motion to dismiss lis pendens, motion to
23   strike lis pendens, motion to release funds because of illegal
24   restraint, or that type of motion.  It really doesn't matter
25   what the title is.
```

1            So what is it that you are going to be briefing?  Just
2    sort of a free-floating issue about the legality of the
3    restraint?
4            MR. SHOHAT:  It won't be at all free floating.  I
5    would anticipate our initial pleading would be a motion to
6    strike the lis pendens on the date that is given to us by the
7    court.
8            When we filed our joint motion to continue, we did
9    preview the issues for the court.  One could view that as a
10   motion, but really our conception was we would get the briefing
11   schedule, we would file our motion, the government would file a
12   response on whatever date is set, and then we would file a
13   reply, and the matter would be at issue for the judge.
14           THE COURT:  Right.
15           MR. SHOHAT:  That is what we envision.  There is not
16   going to be anything free floating about it.  The issues are
17   really rather direct, and that is how we envision proceeding.
18           I might make a suggestion because I think your Honor
19   may be correct that the briefing schedule and the ultimate
20   schedule for the arraignment and report re counsel will be
21   ultimately up to the district judge.  I might suggest that you
22   simply continue this now for another 30 days pending a ruling
23   on that motion.
24           THE COURT:  When you say "that motion?"
25           MR. SHOHAT:  The motion for a briefing schedule.

1               THE COURT: All right. I thought you were going to
2    say, actually, the substantive motion which we haven't filed
3    yet but which we will file.
4               Let me touch base on a couple of other things.
5               As I understand it, your challenge is to the lis
6    pendens vis-a-vis substitute assets, not traceable assets.
7               MR. SHOHAT: Correct. That's correct.
8               THE COURT: And right now neither you nor Mr. Markus
9    and his firm have entered permanent appearances because you
10   haven't finalized your arrangements. I get that. The
11   government hasn't agreed with your position on substitute
12   assets.
13              MR. SHOHAT: That's correct. We are at issue with
14   them.
15              THE COURT: All right. It is now the middle of
16   February. The indictment was more than three months ago. The
17   case really hasn't moved forward. We haven't had an
18   arraignment yet. Nothing substantive has happened.
19              Do your clients have sufficient assets which are not
20   subject to a restraint or a lis pendens which they can use in
21   order to secure your representation in this case?
22              MR. SHOHAT: Judge, at this point the answer to that
23   question is no. Our understanding is that they have a need to
24   use the assets that are subject to the lis pendens, but the
25   question is complicated and cannot really be answered in a full

1    way at this point.  We are just getting into the case.  We
2    would not have filed what we filed if it were not our
3    understanding that the clients want to use the lis
4    pendens-restricted assets to retain counsel.
5             THE COURT:  Do you have anything to add, Mr. Markus?
6             MR. MARKUS:  No, your Honor.  I agree the indictment
7    came three months ago.  The delay, I mean, I understand is at
8    issue.  I think it is because the government put lis pendens on
9    properties they're not supposed to put lis pendens on, and so
10   that is what has caused the delay in the case, and this has
11   happened in other cases.
12            The Lewis Supreme Court case, before counsel could
13   enter a permanent appearance took all the way to the Supreme
14   Court.  I'm hoping that doesn't happen here.  There would be an
15   easy way to resolve it; lift a lis pendens or two on one of the
16   properties and we could move forward, but we haven't been able
17   to work that out with the government.
18            THE COURT:  Do you anticipate the need for an
19   evidentiary hearing in order to litigate your legal argument?
20            MR. MARKUS:  No, your Honor.  We think this is a legal
21   issue.  The government's position is foreclosed, we believe,
22   under Lewis and other cases.
23            THE COURT:  I may be wrong, Mr. Markus, but it seems
24   to me that, perhaps -- I am not talking about the substance.  I
25   am not talking about Judge Gayles' final ruling -- just

1  procedurally you and Mr. Shohat may not even be able to make a
2  permanent appearance in the case for many, many, many, many,
3  many months.
4  　　　　　MR. MARKUS:  Correct.
5  　　　　　THE COURT:  And, therefore, your clients won't even be
6  arraigned for many months.
7  　　　　　MR. MARKUS:  That is correct.
8  　　　　　THE COURT:  I mean, these are meaty issues.  This is
9  not, we are going to pop off a five-page memorandum of law.
10  These are going to be major pieces of legal work, a significant
11  undertaking, the kind of thing you could put in your portfolio,
12  so to speak, if you were looking to move to another firm,
13  something like that.  So it may take a long time, and the
14  government is going to treat it seriously.
15  　　　　　What does the government have to say about the fact
16  that right now we seem to be in a procedural purgatory, sort of
17  like a metaphysical twilight zone.
18  　　　　　MR. SCHIMKAT:  We have asked the defendants to provide
19  a showing of need for our consideration, in which case we said
20  we would consider to lift lis pendens.  Thus far they have
21  declined to do so.
22  　　　　　I will also note that in explaining the position,
23  Mr. Shohat explained that the clients want to use these
24  properties.  I think the standard is they need to use the
25  properties, and they haven't made a showing that they need to.

1             THE COURT:  I did mentally make a note of the word
2    choice, but thank you for flagging that to my attention.
3             So, folks, let me make this comment.  I don't think
4    that anybody other than Judge Gayles can resolve the matter for
5    you.  Yes, the way we do things here in our district
6    arraignments 99.9 percent of the time are done in front of the
7    magistrate judge, and that is what has happened so far, but we
8    are just sort of all bollocksed up and we are not moving the
9    ball forward.
10            I feel, and I suspect my colleagues would feel,
11   reluctant to just willy-nilly give you a 120-day extension.  I
12   don't know what Judge Gayles' view on this is.  I haven't
13   spoken to him.  He may be perfectly fine with it.  He may be OK
14   with a six-month extension.  Maybe he would be OK with a year
15   extension.  Or maybe he'd want it one month.  I mean, there are
16   district judges here in this district who move cases along a
17   lot quicker than perhaps you would want.
18            So I think the best thing to do is to seek a ruling
19   from Judge Gayles on the briefing schedule either on a
20   substantive motion that has not yet been filed or explain
21   clearly what the issue is, although you really already did that
22   in your motion for a briefing schedule, which I read.  It was
23   almost like a mini brief in and of itself.  So anybody reading
24   that would get a good feel for what the legal issues are.
25            Then let Judge Gayles know that we can't go forward

1    with the arraignment until you are in permanently and you can't
2    get in the case permanently until the issue has been resolved,
3    and the knee bone's connected to the thigh bone and everything
4    is linked together, right, and then he will tell you when he
5    wants the issue resolved, and then you can schedule a hearing
6    and move the case forward.
7              Make sense?
8              MR. SHOHAT:  Makes sense.
9              THE COURT:  OK.
10             MR. MARKUS:  Yes, your Honor.
11             THE COURT:  So this is not in the category of advice,
12   legal advice, because I don't give legal advice to lawyers, but
13   it is sort of like a court practice pointer is somebody from
14   either team or even from the government may want to call Judge
15   Gayles' chambers and alert his chambers that this motion for
16   briefing schedule is pending and if a motion for a status
17   conference before a district court is filed, maybe that will
18   tee it up in a more immediate way.
19             Make sense?
20             MR. SHOHAT:  Makes sense.
21             THE COURT:  OK.
22             MR. MARKUS:  Yes, your Honor.
23             THE COURT:  OK.  Anything from the government?
24             MR. SCHIMKAT:  That makes sense, your Honor.  Nothing
25   further from the government.

```
 1                THE COURT:  All right.  And just because you are still
 2      going to be briefing it doesn't mean you can't continue
 3      negotiations, and so if the government is looking for some kind
 4      of a showing and you think that that's what you want to do,
 5      then you may want to do that sooner rather than later.
 6                MR. MARKUS:  Yes, your Honor.  I mean, the issue is we
 7      don't believe a need showing is required under Lewis, and the
 8      government knows our position on that.  We have gone back and
 9      forth.
10                THE COURT:  So you could draw a line in the sand and
11      say, therefore, we're not going to bother to show you anything
12      and then you're not going to move the ball forward, or you
13      could say, well, we are not abandoning our position but we are
14      going to make the showing nonetheless.  That's a strategic call
15      for you and Mr. Shohat to make in consultation with your
16      clients.
17                MR. MARKUS:  Yes, your Honor.
18                THE COURT:  OK.  Finally, did the two of you
19      coordinate your clothing attire this morning?  I mean, it looks
20      pretty similar.
21                MR. SHOHAT:  The blue memo went out at 11:00 last
22      night, Judge.
23                MR. MARKUS:  His suits are more expensive than mine.
24                THE COURT:  The two of you look like the OJs of
25      criminal defense lawyers here in Miami.  Oh, my goodness.
```

```
1              All right.  Well, good to see you folks.  Thank you.
2              MR. SHOHAT:  Nice seeing you, Judge.
3              MR. MARKUS:  Thank you, your Honor.
4              THE COURT:  Good to see you.  Thank you so much.
5              (Adjourned)
6
7                         C E R T I F I C A T E
8
9         I hereby certify that the foregoing is an accurate
10   transcription to the best of my ability of the digital audio
11   recording in the above-entitled matter.
12
13   February 24, 2023      s/ Joanne Mancari
                            Joanne Mancari, RPR, CRR, CSR
14                          Court Reporter
                            jemancari@gmail.com
15
```