UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cr-20552-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID RIVERA and
ESTHER NUHFER,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the United States' Objections to, or in the Alternative Appeal of, Chief Magistrate Judge Torres's Orders [ECF Nos. 75, 78] (the "Objections"). [ECF No. 83]. The Court has considered the Objections, Defendants' Joint Response, [ECF No. 105], arguments of counsel at the hearing on January 10, 2024, and the record and is otherwise fully advised.

On March 13, 2023, Defendants David Rivera ("Rivera") and Esther Nuhfer ("Nuhfer") (collectively "Defendants") filed their Joint Motion for Release of *Lis Pendens* on Substitute Assets (the "Motion for Release"). [ECF No. 54]. The Court referred the Motion for Release to Chief Magistrate Judge Edwin Torres. [ECF No. 59]. On July 6, 2023, Judge Torres issued his Order granting the Motion for Release (the "Release Order"). [ECF No. 75]. In particular, Judge Torres found that the Government exceeded the scope of its statutory authority by recording notices of *lis pendens* on Defendants' untainted properties prior to trial and conviction. *Id.* The next day, Nuhfer filed her Motion to Clarify Order on Defendants' Joint Motion for Release of *Lis*

*Pendens* on Substitute Assets, asking Judge Torres to clarify his Release Order to require the Government to lift the *lis pendens* on her properties in addition to Rivera's properties (the "Clarification Motion"). [ECF No. 76]. Judge Torres granted the Clarification Motion (the "Clarification Order"). [ECF No. 78]. In its Objections, the United States argues (1) the Release Order and related Clarification Order were issued in error and instead should be construed as a Report and Recommendation and (2) Judge Torres misapplied the law in granting the Motions.[1]

Pursuant to Federal Rule of Civil Procedure 72(a), a district court reviews a magistrate judge's order on a non-dispositive matter under a "clearly erroneous or [] contrary to law" standard. Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review" and a finding of clear error is only appropriate "if the district court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bradford Emergency Group, LLC. v. Blue Cross and Blue Shield of Florida, Inc.*, No. 21-62139, 2022 WL 4545177, at *1 (S.D. Fla. Sep. 29, 2022) (quoting *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1351 (11th Cir. 2005)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal quotation omitted). "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Id.* (internal quotation omitted). Moreover, under Southern District of Florida Local Magistrate Judge Rule 4(a)(1), a "District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule." S.D. Fla. L.R. 4(a)(1).

The Court has reviewed the Orders and finds that they are not clearly erroneous or contrary to law.[2] Moreover, the Court does not find a basis to *sua sponte* reconsider Judge Torres's well-

---

[1] The Government subsequently entered an agreement with Defendant Nuhfer regarding her properties at issue. [ECF No. 106]. As to Defendant Rivera, the Government clarified that it continues to seek a protective order over his real property located at 3663 S. Atlantic Ave., Unit 20C, New Smyrna Beach, Florida 32169. *Id*.; [ECF No. 123].
[2] The Court finds that Judge Torres's Orders should not be construed as Reports and Recommendations. However, even conducting a *de novo* review, the Court would still agree with Judge Torres's well-reasoned analysis and findings.

reasoned findings of fact or conclusions of law. Accordingly, it is

**ORDERED AND ADJUDGED** that Judge Torres's Orders [ECF Nos. 75, 78] are affirmed. The United States' Objections to, or in the Alternative Appeal of, Chief Magistrate Judge Torres's Orders, [ECF No. 83], are overruled.[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of January, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] Judge Torres's Orders are affirmed on the issue of whether the Government could restrain untainted substitute assets through *lis pendens*. Because the Government now asserts that a further investigation revealed that Rivera's New Smyrna Beach property is directly forfeitable, [ECF Nos. 79, 123], the Court will address that issue in a separate order.