IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cr-20552-MD/Valle

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID RIVERA and ESTHER
NUHFER,

      Defendants.

_____/

## DAVID RIVERA'S MOTION FOR ADDITIONAL DISCOVERY WITH INCORPORATED MEMORANDUM OF LAW

1.     Defendant, David Rivera ("Rivera"), through counsel, respectfully moves this Honorable Court for an order requiring the Government to produce additional discovery which it has declined to produce on request.[1] As explained below, the discovery Rivera seeks must be produced pursuant to (i) FED. R. CRIM. P. 16(a)(1)(E) because it is manifestly "material to the preparation of a defense"; and (ii) *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and S.D. FLA. L. R. 88.10(c) because it contains evidence favorable to the accused.

2.     Specifically, Rivera seeks the following:

    a.   All correspondence, in whatever form, between the Government and PDV USA, Inc. ("PDV USA"), at any time related to any lawsuit, civil proceeding, or subpoena for documents in which PDV USA is a party.

---

[1] Rivera's counsel requested this additional discovery via email on September 4, 2024, and September 12, 2024. AUSA Harry Schimkat declined those requests on November 14, 2024.

#103359664v1

b. All discovery from *PDV USA, Inc. vs. InterAmerican Consulting, Inc.*, No. 20-cv-03699 in the Southern District of New York (the "SDNY Civil Action"), which has been provided by PDV USA to the Government.

c. All correspondence, in whatever form, between the Government and the Wiss & Partners law firm regarding this criminal case.[2]

d. All correspondence, in whatever form, between the Government and the Wiss & Partners law firm regarding the SDNY Civil Action.

e. All correspondence, in whatever form, between the Government and the Wiss & Partners law firm regarding PDV USA's December 31, 2020, and January 15, 2021, registrations under the Foreign Agents Registration Act ("FARA").

3. The Government must produce this information for two reasons: (i) it will reveal whether the Government has impermissibly managed aspects of the SDNY Civil Action, and (ii) it will call into question the credibility of PDV USA, the executives of which are almost certainly going to testify in this criminal case.

4. If it is indeed true that the Government has impermissibly managed aspects of the SDNY Civil Action—which Rivera has reason to believe it is[3]—Rivera would be entitled to suppress certain evidence that the Government secured from *that case* from being used in *this case*. After all, "where the government has undoubtedly manipulated simultaneous criminal and civil proceedings, both of which it controls, 'there is a special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto

---

[2] Upon information and belief, the Wiss and Partners Law Firm represented PDV USA at all times material to this motion.

[3] Rivera will elaborate below.

2

criminal investigation using nominally civil means.'" *Sec. & Exch. Comm'n v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (quoting *Sterling Nat'l Bank v. A-1 Hotels, Int'l, Inc.*, 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001)); *see also United States v. Kordel*, 397 U.S. 1, 11–12 (1970) (stating that a criminal defendant's Fifth Amendment rights could be violated in "a case where the Government has brought a civil action solely to obtain evidence for its criminal prosecution").

5. Depending on what the requested discovery reveals, Rivera may move to suppress certain evidence that the Government obtained through its participation in the SDNY Civil Action. Indeed, such relief would be available to Rivera under *United States v. Scrushy*, 366 F. Supp. 2d 1134 (N.D. Ala. 2005). There, a criminal defendant successfully moved to suppress his own deposition testimony that the prosecuting U.S. Attorney's Office (the "USAO") had obtained through impermissible shadow involvement in a parallel SEC civil proceeding. *See id.* at 1135. According to the court, "the prosecution may use evidence acquired in a civil action in a subsequent criminal proceeding *unless* the defendant demonstrates that such use would violate his constitutional rights ***or depart from the proper administration of criminal justice***." *Id.* at 1138 (quoting *United States v. Teyibo*, 877 F. Supp. 846 855 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 681 (2d Cir. 1996) (emphasis in original)). "To be parallel," continued the court, "the separate investigations should be like the side-by-side train tracks that never intersect." *Id.* at 1139. But in *Scrushy*, the civil action and the criminal investigation "improperly merged" when the USAO "called the SEC office, gave the SEC advice or 'preferences' regarding the content of the deposition [of the defendant] and its location, and recruited the [the SEC accountant who was handling the civil deposition to also] participate in the interviews of [witnesses] in the criminal investigation." *Id.* at 1137. Because "the SEC civil investigation became inescapably intertwined

3

with the criminal investigation conducted by the [USAO] *and* [the SEC accountant]," and "[b]ecause the Government manipulated the simultaneous investigations for its own purposes," the court found that "the utilization of [the defendant's] deposition in [the criminal] case depart[ed] from the proper administration of justice" and thus "must be excluded." *Id.* at 1140 (emphasis in original). Again, Rivera suspects that the Government has been manipulating the SDNY Civil Action for its own purposes—namely, to gain an impermissible upper hand in this criminal action.

6.       Similarly in *United States v. Bhatia*, 545 F.3d 757 (9th Cir. 2008), a criminal defendant moved to dismiss the indictment against him on res judicata and collateral estoppel grounds. *See id.* at 758. According to the defendant, "there was privity between the government and a [non-government] third party in a civil fraud action" such that the government "'took the laboring oar' in the civil action." *Id.* Although the Court of Appeals found that this was not the case, it did *examine the record* before making such a determination. "Cooperation," said the court, "is not the same as control." *Id.* at 760. But, noted the court, had the Defendant been able to show "that the government *controlled or influenced* the civil litigation," the result would have been different. *Id.* at 760.[4] Rivera is entitled to make such a showing here, but he can only do that if the Government produces the discovery requested.

---

[4] The court made a similar observation in *Prousalis v. United States*, No. 06-cv-12946, 2007 U.S. Dist. LEXIS 63025 (S.D.N.Y. Aug. 24, 2007). There, a criminal defendant argued—among other things—that the Government had "violated his Fifth Amendment rights by not advising him prior to his deposition" in a related civil action involving private entities "that he was under [criminal] investigation." *Id.* at *40. While that argument ultimately failed—and isn't on all fours with this case—the court did note that the criminal defendant had "not shown that the Government was a party to *or contributed in any way to the litigation strategy* employed" by one of the private parties in the civil action. *Id.* at *43. The inference, then, is that if the criminal defendant had made such a showing, the result may have been different. And again, a criminal defendant can only make such a showing if he is able to access whatever communications may exist between the Government and the private entity litigating the parallel civil proceeding.

4

7.     What *Scrushy* stands for directly—and *Bhatia* obliquely—is that federal prosecutors cannot *surreptitiously* control a *seemingly* legitimate, parallel civil proceeding to generate evidence from an individual to be used against that same individual in a separate criminal case. To do so would run afoul of the Fifth Amendment. But that is exactly what Rivera suspects is happening here. Indeed, PDV USA has admitted in discovery from the SDNY Civil Action that it has colluded on multiple occasions with the prosecutors in this case, including Harry Schimkat. *See* Exhibit A[5] (saying that "attorneys at Willkie Farr & Gallagher LLP, outside counsel for PDV Holding, Inc. and Citgo Petroleum Corporation, met (telephonically and in person) with members of the U.S. Department of Justice on [eight] occasions to discuss, among other matters, the subject matter of this lawsuit, prior to the filing of the lawsuit"); Exhibit B[6] ("Once the new Board of Directors took control of PDV Holding, Inc., and as part of the ongoing investigations and *with prior consultations with the Department of Justice*, we decided to sue Interamerican Consulting for breach of contract." (emphasis added)).

8.     Accordingly, Rivera is entitled to know the full scope of the Government's participation in—or perhaps even control of—the SDNY Civil Action. *See Brady*, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). What Rivera will or will not do with that information is up to him. But Rivera cannot be forced to accept the Government's word that it hasn't encroached on

---

[5] Exhibit A is PDV USA's Second Amended Responses and Objections to Defendant's Second Set of Interrogatories, Response to Interrogatory # 10. Though marked "Confidential," Exhibit A is no longer confidential as it has been filed on the public docket in the SDNY Civil Action.

[6] Exhibit B is a certified translation of a slide from a presentation made by PDV USA to the PDVSA Ad Hoc Board in 2022.

#103359664v1

his Fifth Amendment rights by using the SDNY Civil Action as a proverbial stalking horse. *See United States v. Gonzalez-Gonzalez*, 258 F.3d 16, 24 n.3 (1st Cir. 2001) (noting that a criminal defendant "is not expected to take the government at its word as to the materiality of [particular] evidence").

9.      The Government must *also* produce the discovery requested in § 2 for a separate, independent reason: PDV USA plays an integral and essential role in *this case*. *See* Superseding Indictment [Dkt. 122] General Allegations ¶ 17; Count 1—General Allegations ¶¶ 3, 5–7, 10, and 13; and Count I—Overt Acts ¶¶ 3, 6–10, 25, 28, 33, 34, 39, 40, 45, and 77. Indeed, because PDV USA executives will almost certainly testify for the Government in the present criminal prosecution, any information that reveals the full extent of the relationship between PDV USA and the Government will therefore be "material to the preparation of [Rivera's] defense," FED. R. CRIM. P. 16(a)(1)(E), and "favorable to [the] accused," *Brady*, 373 U.S. at 87.[7] This information, after all, would be critical to Rivera's ability to expose PDV USA's pro-Government bias, not to mention the Government's lack of credibility also. *See United States v. Quinn*, 123 F.3d 1415, 1421 (11th Cir. 1997) ("Included among the evidence that *Brady* obligates the prosecution to disclose is 'evidence affecting credibility.'" (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v. Burroughs*, 830 F.2d 1574, 1578 (11th Cir. 1987) ("The purpose of *Giglio* and its progeny is 'to insure that the jury knows the facts that might motivate a witness in giving testimony.'" (quoting *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986)). Again, PDV USA has somehow avoided indictment in this criminal case despite (i) being a major

---

[7] Such evidence would be material even if PDV USA executives *don't* testify. Why? Because it would still expose the close relationship between the prosecution and PDV USA and how the government and PDV USA have participated in manipulating the gathering of evidence against Rivera by overlooking PDV USA's identical conduct in exchange for a stalking horse law suit outside of the usual evidence gathering channels.

#103359664v1

player in the events alleged; and (ii) having only filed a FARA registration years later, and *only after* collaborating with the Government.

WHEREFORE, Rivera respectfully moves this Court to enter an order requiring the Government to produce information which it has declined to produce on request in accordance with FED. R. CRIM. P. 16(a)(1)(E), *Brady*, and S.D. Fla. L.R. 88.10(c).

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 88.9(a), undersigned counsel certifies that he has conferred with AUSA Harold Schimkat regarding this motion. Mr. Schimkat has advised the undersigned that the Government opposes this motion.

Respectfully submitted,

**JONES WALKER LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 679-5700
By:     */s/ Edward R. Shohat*
        **Edward R. Shohat**
        Florida Bar No. 52634
        eshohat@joneswalker.com
        */s/ David S. Weinstein*
        **David S. Weinstein**
        Florida Bar No. 749214
        dweinstein@joneswalker.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing. A copy of this motion is also being served on counsel for PDV USA.

By:  */s/ Edward R. Shohat*
     **Edward R. Shohat**

8

#103359664v1