Govt. Ex. 1

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 16, 2022

**VIA EMAIL**

Jason Johnson, Esq.
Tucker Byrd, Esq.
Andrew Domingoes, Esq.
Byrd Campbell P.A.
180 Park Avenue North, Suite 2A Winter Park, Florida 32789

Re: *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 20-cv-3699 (JGK)

Counsel,

We write in response to your December 13 letter suggesting, among other things, that Interamerican intends to seek "extensive discovery of Willkie's communications with the DOJ, including taking the depositions of Willkie attorneys who were involved."

*First*, it is now evident, given the indictment of Mr. Rivera and his co-conspirator (and collaborator with Mr. Rivera and yourselves in this litigation) Ms. Nuhfer, that Interamerican's strategy all along in demanding communications between PDV USA's lawyers and the United States Government has been for pretextual and improper purposes. As discussed further below, you have never, after repeated requests from PDV USA, been able to explain even the *potential* relevance to any claim or defense in this litigation of the communications Willkie Farr had with the Justice Department *after the filing of this lawsuit*. The fact that you have sought these communications notwithstanding any effort to explain their relevance reveals your obvious purpose—to obtain information that you believe might be useful to defend Mr. Rivera in the Justice Department's indictment. Please explain in writing which claim or defense to which communications with the DOJ *after this lawsuit was filed* would be relevant, and provide citations to authority backing up your assertion of potential relevance.

*Second*, as just mentioned, we have repeatedly asked you to explain how the discovery you seek is relevant to Interamerican's claims or defenses under Federal Rule 26, and you have repeatedly failed to provide any explanation. You seem to be focused on PDV USA's motivation to file this lawsuit in 2020, but that motivation has no conceivable bearing on whether your client breached the consulting contract in 2017; nor could it even plausibly have

NEW YORK   WASHINGTON   HOUSTON   PALO ALTO   SAN FRANCISCO   CHICAGO   PARIS   LONDON   FRANKFURT   BRUSSELS   MILAN   ROME

any bearing on the question whether PDV USA was satisfied with Interamerican's performance at the time that PDV USA ceased payment and assigned the contract to PDVSA in 2017. To be crystal clear, even assuming *arguendo* that you were able to prove that PDV USA filed this lawsuit in 2020 at the urging of the Justice Department, which it did not, that would not prove *anything one way or the other* about whether PDV USA was *solely satisfied* with Interamerican's performance under the contract when it ceased paying in 2017.

**Third**, your desire to assist Mr. Rivera's criminal defense is made even clearer given that you have sought to develop your conspiracy theory regarding the filing of this lawsuit, found zero documents to support it, and obtained binding testimony from PDV USA directly denying it, yet you nonetheless persist. To be clear, you have been pursuing this conspiracy theory for months now (although you have never served any document requests or subpoenas on Willkie Farr), and there is nothing in the record to substantiate Interamerican's theory that the DOJ directed or urged PDV USA to file suit, or that PDV USA filed suit *solely* based on a desire to "avoid scrutiny" by the DOJ. Indeed, Interamerican asked PDV USA's corporate representative questions along these lines, and that representative testified under oath that the theory was incorrect. PDV USA has already provided ample discovery concerning communications with the Department of Justice. *See, e.g.*, PDV USA Second Amended R&Os to Interrogatories, Interrogatory 10. Your requests are a self-evident fishing expedition that appear to be aimed at doing nothing more than appeasing your indicted client and his indicted and unindicted co-conspirators, and they raise serious questions about who is directing your representation at this time. *See* discussion *infra*, point six.

**Fourth**, your letter represents the first time you have stated your intent to "engage in extensive discovery of Willkie's communications with the DOJ, including taking the depositions of Willkie attorneys who were involved, and discovery of any documents shared with the DOJ." Discovery in this case has closed. At no time during discovery did you seek any discovery resembling what you are purporting to seek in this letter. Nothing in the indictment of your client even plausibly justifies this—indeed, you reference communications from the indictment that you assert without citation or support must have been provided to the Government by PDV USA. Please, do tell: what communications are you referencing? Be specific in your response, and please also explain your theory as to why the United States Government, which convened a Grand Jury to investigate and ultimately approve the federal criminal indictment of your client and Ms. Nuhfer, could only have obtained such information from PDV USA. Absent such explanation, it is plain that your purpose here is to seek information from PDV USA that Mr. Rivera has evidently directed you to obtain in order to assist his criminal defense.

**Fifth**, the discovery you purport to seek raises obvious and insurmountable privilege issues, and contrary to your letter, we have previously explained to you on the record why that is the case. Interamerican's discovery appears directed at your tin-foil-hat theory that "Willkie attorneys instructed PDV USA to bring this lawsuit to help Citgo avoid scrutiny by the Department of Justice." Again, even assuming that this theory were somehow relevant to some claim or defense in the case, which it is not, what Willkie attorneys advised their client to do or not do is *unquestionably* protected by the attorney-client privilege. Indeed, such

Page 3

communications are the heartland definition of communications protected by the attorney-client privilege: any conversations between attorney and client regarding contemplated (or ongoing) litigation are privileged, full stop.  Courts have routinely denied requests for communications with government agencies regarding ongoing investigations when the relevance is, as is the case here, at best minimal or appears to be a fishing expedition.  *See In re Weatherford Intern. Securities Litig.*, 2013 WL 5788687, at *3 (S.D.N.Y. Oct. 28, 2013); *Ft. Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 111 (S.D.N.Y. 2013).  You have not cited a single case, from this District or any other, suggesting that you could even plausibly obtain this information in discovery.  And, as we have also explained to you previously, even the communications that Willkie attorneys had (or did not have) with the Justice Department are privileged for the same reason—under your conspiracy theory, those communications would only matter to the extent that Willkie attorneys communicated them to PDV USA and then PDV USA acted upon them in deciding whether to bring the lawsuit.  And, of course, PDV USA's corporate representative has already explained to you under oath that PDV USA considered the Justice Department relevant not about *whether* to file the lawsuit, but only about the *timing of when* to do so.  Coon Tr. 133:4-10; 145:23-146:3.  In other words, everything that you are intending to probe is obviously protected by privilege, and in *none* of your communications to PDV USA have you identified a single authority remotely suggesting otherwise.

**Sixth**, your conspiracy theory appears to be based on the theory that communications after the filing of this lawsuit are somehow relevant to PDV USA's intent or motive with respect to the contract in 2017.  But, of course, your client has filed a counterclaim on the same agreement.  Thus, by your logic, PDV USA must be allowed to probe whether your client's counterclaim and defenses are pretextual, as they were surely motivated by Mr. Rivera's desire to avoid scrutiny by the Justice Department and avoid the indictment he and Ms. Nuhfer feared was forthcoming whenever Hugo Perera turned into (in Mr. Rivera's words) an "FBI informant."  Rivera Tr. 311:18–20.  Thus, if Interamerican moves to re-open discovery to seek Willkie Farr's communications with the Justice Department, we will demand that the Court authorize PDV USA to take the following discovery to ensure reciprocity on your newfound theory:

> (1) All communications that Byrd Campbell has had with Esther Nuhfer, Hugo Perera, or Raul Gorrin, or their attorneys, as those communications will likely reveal that Mr. Rivera's claims and defenses were motivated by his desire to avoid scrutiny by the Justice Department;
>
> (2) All communications between Byrd Campbell, or any of Mr. Rivera's other attorneys, with any Justice Department representative, as those communications would reveal which of Mr. Rivera's claims or defenses in this case were pretextual;
>
> (3) The source of funds from which Mr. Rivera is currently paying Byrd Campbell's bills, including whether any such funds have been provided by Mr. Gorrin, Ms. Nuhfer, or others;

Page 4

>   (4) Depositions of all attorneys from Byrd Campbell on the matters discussed above as well as the knowledge of Byrd Campbell attorneys regarding the documents Mr. Rivera destroyed or concealed from production in this matter.

For these reasons, your discovery requests are improper and indeed frivolous. If Interamerican moves to compel on the grounds articulated in your letter, PDV USA will seek sanctions, as well as any or all of the discovery referenced above. As you know, for any motion submitted to the court, you are certifying that to the "best of your knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose . . . [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b).

PDV USA reserves all rights.

Sincerely,

*/s/ Jeffrey Korn*
Jeffrey Korn