UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/Torres

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

    Defendants.

_____//

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CONTINUE TRIAL

Defendants David Rivera and Esther Nuhfer filed a Motion to Continue Trial (the "Motion") [ECF No. 313] on December 19, 2025, and the government filed a Response (the "Response") [ECF No. 316] on January 2, 2026. *Defendants and the government agree that a continuance is warranted*, but they have asked for 90 days and 45 days, respectively. Because Defendants believe that a 90-day continuance is even *more justified* now than it was when Defendants filed their Motion three weeks ago, Defendants therefore file this Reply.

### ARGUMENT

Defendants moved for a 90-day continuance on two general grounds: (i) the escalation of hostilities between the United States and Venezuela and (ii) the government's last-minute decision to *not* call key witnesses Secretary of State Marco Rubio, Congressman Pete Sessions, and former White House Advisor Kellyanne Conway (despite having indicated contrary intentions during the previous 30 months). Because of intervening developments on both fronts, Defendants'

#110606438v1
#110657400v1

justifications for a 90-day continuance are even stronger now than when Defendants first filed their Motion.

### I. As expected, the U.S.-Venezuela confrontation erupted just five days ago with the Maduro raid, thus creating a local fervor.

In their Motion, Defendants described in detail the growing military tensions between the United States and Venezuela and stated that the "'war-footing' mentality in the district . . . makes impartial deliberation on Maduro-favored 'lobbying' activities impossible." Motion at 3. In other words, Defendants urged this Court to exercise caution and continue by 90 days what will be a highly emotionally charged trial in order to give the Venezuela-related fervor a chance to subside. The government dismissed these concerns, stating that the "uncertainty" surrounding U.S.-Venezuela relations "could arise again in March, April, May, or later." Response at 2. However, just *one day* after the government filed that Response, Defendants were proven right when the U.S military conducted a strike in Caracas and seized Nicolás Maduro so that he can be prosecuted in New York. This mission—and resultant developments in Venezuela—has dominated conversation here in Miami in a way not experienced in generations. This Court must continue this trial for 90 days to let this fervor—which has now reached its climax—subside.

### II. The government's cryptic allusion to "motions practice" regarding certain critical witnesses has added a new, unresolved, pre-trial complexity.

As Defendants stated in their Motion, the government had indicated for thirty months that it would be calling Secretary Rubio, Congressman Sessions, and Ms. Conway as witnesses at trial. *See* Motion at 6. This made perfect sense, after all, as "U.S. Senator 1," "U.S. Congressman 1," and "White House Advisor 1" appear throughout the Superseding Indictment [ECF No. 122]. But then on December 15, 2025, the government for the first time informed Defendants that it would be proceeding at trial without these critical witnesses. Defendants therefore found themselves in the position of needing to secure the appearances of the current Secretary of State, a sitting U.S.

2

Congressman, and a key advisor to the President just weeks before trial, as these three individuals are *essential* to establishing Defendants' innocence. Even under the best of circumstances, such an endeavor would be time-consuming given these three witnesses' professional responsibilities—thus justifying Defendants' request for a 90-day continuance. But now this endeavor will be further complicated by "motion practice" as alluded to (for the first time) by the government in its Response. *See* Response at 2. Defendants do not understand this cryptic statement, as they believe that they have gone above and beyond any *Touhy* or Rule 17 obligations as related to Secretary Rubio (and White House Chief of Staff Susie Wiles[1]), *see* attached *Touhy* Letters (**Exhibits 1-2**), and Defendants will be complying with any such obligations imminently as they relate to Congressman Sessions and Ms. Conway. **Indeed, Defendants contacted counsel for the government via email on January 2, 2026, to understand the government's *Touhy* and Rule 17 concerns so that Defendants can investigate and—if necessary—resolve them, <u>yet the government has not responded.</u>** A 90-day continuance is therefore even more necessary now than it was when Defendants first filed their Motion since the parties and this Court will need to resolve this critical (but still mysterious) dispute.

* * *

In conclusion, Defendants therefore ask that his Honorable Court grant their Motion to Continue Trial [ECF No. 313] for 90 days. This Court must allow the sensational conflict with Venezuela to at least come to a simmer, and it must allow Defendants the time necessary to secure the appearances of four critical defense witnesses.

---

[1] Since filing their Motion, Defendants have also initiated the process of securing the trial testimony of White House Chief Susie Wiles, another critical witness who will help establish Defendants' innocence.

3

**Respectfully submitted on January 8, 2026,**

| | |
|---|---|
| **JONES WALKER LLP** | **MARKUS/MOSS PLLC** |
| 201 S. Biscayne Blvd., Suite 3000 | 40 N.W. Third Street, PH1 |
| Miami, FL 33131 | Miami, FL 33128 |
| Tel: (305) 679-5700 | Tel: (305) 379-6667 |
| By:   */s/ Edward R. Shohat* | By:   */s/ David Oscar Markus* |
|       **Edward R. Shohat** |       **David Oscar Markus** |
|       Florida Bar No. 152634 |       Florida Bar No. 119318 |
|       eshohat@joneswalker.com |       dmarkus@markuslaw.com |
|       **David S. Weinstein** |       **A. Margot Moss** |
|       Florida Bar No. 749214 |       Florida Bar No. 91870 |
|       dweinstein@joneswalker.com |       mmoss@markuslaw.com |
|       **Thomas P. Bardenwerper** |       **Melissa Madrigal** |
|       Florida Bar No. 1044458 |       Florida Bar No. 93241 |
|       tbardenwerper@joneswalker.com |       mmadrigal@markuslaw.com |
| | |
| *Counsel for David Rivera* | *Counsel for Esther Nuhfer* |

4

#110614732v1
#110657400v1