

Edward R. Shohat
D:  305.679.5716
F:  305.679.5837
eshohat@joneswalker.com

December 15, 2025

***Via FEDEX – Tracking No. 887150782960***

Reed D. Rubinstein, Legal Advisor
Office of the Legal Advisor
U.S. Department of State
2201 C. Street NW
HST, Room 6421
Washington, DC 20520

Re:     **Request for Testimony of Secretary of State and National Security Advisor Marco Rubio - Pursuant to Touhy Regulations, 22 C.F.R. § 172.5   U.S. v. David Rivera and Esther Nuhfer, SDFL Case No. 1:22-cr-20552-MD**

Dear Mr. Rubinstein:

As counsel of record for David Rivera and Esther Nuhfer and pursuant to the Department of State's *Touhy* regulations set out at 22 CFR § 172.5, we are writing to formally request that you accept the attached subpoena for the testimony of Secretary of State and National Security Advisor Marco Rubio in connection with the case of *United States v. Rivera, et al*, currently pending in the Southern District of Florida under case number 1:22-20552-MD.

This federal criminal case charges a Foreign Agents Registration Act (FARA) conspiracy, FARA substantive count and Money Laundering with the alleged laundered funds deriving from the alleged FARA conspiracy. The gravamen of the case is that our clients, David Rivera and Esther Nuhfer, are accused of having acted during 2017 and 2018 as unregistered agents of the Maduro government in Venezuela, seeking to improve relations between the Maduro government and the United States. In pertinent part, the attached Superseding Indictment in the case alleges that Mr. Rivera and Ms. Nuhfer elicited then Florida Senator Marco Rubio into this effort.  Secretary Rubio's ("U.S. Senator 1") alleged extensive and central role in the government's indictment can be found in the General Allegations at paragraph 12 in Count 1, in Overt Acts Section E, paragraphs 54-65, and in Overt Acts Section F paragraph 74 of the Superseding Indictment.  Mr. Rivera and Ms. Nuhfer have pled not guilty and, under the U.S. Constitution, are entitled to compulsory process to secure the attendance of witnesses at trial.

In December of 2022, shortly after the case was originally indicted, the government provided a list of its potential witnesses to the Court for purposes of the "no contact" provision included as a special condition of Mr. Rivera's and Ms. Nuhfer's bond(s).  Not surprisingly given the allegations, then Senator

In December of 2022, shortly after the case was originally indicted, the government provided a list of its potential witnesses to the Court for purposes of the "no contact" provision included as a special condition of Mr. Rivera's and Ms. Nuhfer's bond(s).  Not surprisingly given the allegations, then Senator Rubio was on that list.  Also, discovery in the case provided by the government included several reports (known as FBI 302s) showing interviews of Secretary Rubio by prosecutors and agents during their investigation of the case.  Extensive documents and electronic communications provided in discovery also relate to then Senator Rubio's involvement in the case.  In combination, all of this led us to reasonably believe that the government would be calling Secretary Rubio as an essential witness during its case-in-chief in an effort to prove up the extensive allegations related to him.

As incredible as it may seem, in light of Secretary Rubio's political history and current posture toward Venezuela, to this day it still appears that prosecutors will attempt to prove at trial that then Senator Rubio knowingly acted to assist Mr. Rivera and Ms. Nuhfer in an effort to "normalize" Maduro's relations with the United States during 2017, as alleged in the Superseding Indictment.

However, on November 10, 2025, in an email from Assistant United States Attorney Harold Schimkat (the lead prosecutor in the case), we were advised for the first time after years of preparation for trial that the government does *not* intend to call Secretary Rubio as a witness "during its case-in-chief." Up to that point we fully believed that we would have a fair opportunity to cross-examine Secretary Rubio, using the substantial evidence in the case.  This evidence includes Secretary Rubio's own unbroken and unwavering anti-Maduro history, his past work with Mr. Rivera in that regard and his own statements and correspondence directly with Mr. Rivera, most of which has been provided to us in discovery by the government and which is available for our use at trial.  We confidently believe that the evidence proves the opposite of what the government has alleged.  Specifically, then Senator Rubio and Mr. Rivera were focused only on their support for the Opposition in Venezuela, on Sanctions against the Maduro government and on *removing* Maduro as head of state in Venezuela. The overwhelming evidence is that then Senator Rubio and Mr. Rivera were *never* about improving Maduro's relations with the United States. The prosecutors in this case have it completely wrong and backwards.

It is also important to understand, regardless of how the government chooses to deal with the portions of the Superseding Indictment directly related to Secretary Rubio, in light of their recently stated intention not to call him as a witness, that he will be an essential defense witness. The evidence will establish Secretary Rubio's and Mr. Rivera's unbroken commitment to the removal of Nicholas Maduro as the head of government in Venezuela at all times relevant to the case.  The evidence will show an unbroken chain of events during 2017-2019. Specifically, these events include, among others, the following: (1) extensive communications which show Rivera assisting then Senator Rubio's efforts to ensure Venezuela policy commitments from then Secretary of State designate Rex Tillerson; (2) meetings with Venezuelan opposition leaders Lilian Tintori and Henry Ramos Allup; (3) the provision by Rivera to then Senator Rubio and his Latin America aide, Viviana Bovo, of the identities of Venezuelan officials and businesspersons for U.S. government sanctions; (4) Mr. Rivera's help at then Senator Rubio's request in obtaining the assistance of prominent Venezuelan businessman, Raul Gorrin, in connection with a threat to then Senator Rubio's life emanating from Diosdado Cabello, a right hand man

#110607011v1
#110607354v1

to Maduro; (5) a Rivera facilitated speech by then Senator Rubio which was broadcast directly to the people of Venezuela; (6) then Senator Rubio's statements in the aforementioned FBI 302s; and (7) right through to an April 2019 White House directed, and then Senator Rubio and Rivera assisted, attempted coup/uprising which literally came within minutes of ousting Maduro but ultimately failed.[1]

Now that the government will not be calling him as a witness, we write to you under the *Touhy* regulation cited above to request that you accept our attached witness subpoena for Secretary Rubio to testify as a defense witness at trial on a date and time to be provided. The trial is set to commence on February 9, 2026, in Miami, Florida.  Secretary Rubio does not need to be in court at that time. To be safe, we estimate that Secretary Rubio could be on the witness stand for as long as 3-4 days and that he would need to set aside at least that amount of time to be here in Miami.

To reiterate, this Biden-era indictment and the prosecutors have listed Secretary Rubio as an essential witness for nearly three years. The prosecutor in this case only recently informed us that he suddenly no longer intends to call Secretary Rubio as a witness. Due to this eleventh-hour maneuver, we are now forced to impose upon the Secretary of State and National Security Advisor of the United States with this subpoena.

Nearly two weeks ago we met with Jason Reding Quinones, the United States Attorney for the Southern District of Florida, along with members of his team. At that time, we explained the situation regarding Secretary Rubio in detail, including that we were preparing to send this letter, and asked that the government dismiss its case rather than put the Secretary in the position of having to testify. We also presented other important reasons why the case should be dismissed. We have given them time to respond but, to date, we have received no response. Given the trial date in early February, we feel compelled to send this letter now.

If you are unable or unwilling to accept service of the subpoena, please advise me of the manner in which we may perfect such service. Please also let us know if there are any additional steps or documentation required to process our request. We are available to discuss this matter further at your pleasure. Our contact information is contained at the end of this letter.

Finally, we are requesting an opportunity before the trial begins to meet with Secretary Rubio and go over his testimony as well as the communications and documents about which he will be asked. This will greatly facilitate the testimony and make things much easier for the Secretary. We estimate that this process will take 4-6 hours. Please advise when and where we can have this meeting which can be done by zoom, but in-person is preferred. We will travel, if necessary.

---

[1] This failed coup/uprising attempt is, I believe, central to a second FARA indictment pending against Mr. Rivera in the District of Columbia under Case # 24-cr-570 (Sullivan) in which Secretary Rubio is also an essential witness but which is not yet set for trial and is not the subject of this letter.

#110607011v1
#110607354v1

Please acknowledge your receipt of this letter and thank you in advance for your courtesy, professionalism and attention to this request. I look forward to your prompt response.

Sincerely,

*/s/ Edward S. Shohat*                                   */s/ David Oscar Markus*

Edward R. Shohat                                         David Oscar Markus
JONES WALKER, LLP                                        MARKUS/MOSS PLLC
201 S. Biscayne Blvd., Suite 3000                        40 NW Third Street, PH 1
Miami, FL 33131                                          Miami, FL 33128
eshohat@joneswalker.com                                  dmarkus@markuslaw.com
Office: (305) 679-5716                                   Office: (305) 379-6667
Cell: (786) 525-3621                                     Cell: (305) 807-3716
Counsel for David Rivera                                 Counsel for Esther Nuhfer


Attachments (*Superseding Indictment and Trial Subpoena*)
Cc: AUSA Harold Schimkat (*via email - harold.schimkat@usdoj.gov*)