**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-CR-20552-Damian/Torres**

**UNITED STATES OF AMERICA**

**vs.**

**DAVID RIVERA and**
**ESTHER NUHFER,**

**Defendants.**
_____/

**GOVERNMENT'S MOTION FOR CLARIFICATION AS TO WHETHER THE**
**MOTIONS HEARING SET FOR FEBRUARY 19, 2026, IS FOR AN EVIDENTIARY**
**OR NON-EVIDENTIARY HEARING AND OBJECTIONS THERETO**

The United States, by and through undersigned counsel, respectfully submits this motion

seeking clarification of this Court's Orders dated Thursday, February 12, 2026 (DE 347 & 348)

scheduling a Motions Hearing for Thursday, February 19, 2026.   Specifically, the government (1)

requests that the Court provide notice to the parties whether the Motions Hearing is intended to be

an evidentiary or non-evidentiary hearing and (2) objects to the holding of an evidentiary hearing

based on the insufficient evidentiary and legal support to justify an evidentiary hearing as set forth

in Defendants' moving papers concerning their Motion to Disqualify AUSA Cruz.

In further support thereof, the government states as follows:

1.      Following the January 16, 2026, Status Conference, this Court entered a Scheduling

Order on January 20, 2026, that, in part, set a pre-trial schedule for the filing of "[a]ll pre-trial

motions and motions in limine," including that any such motions be filed by Friday, February 6,

2026 (DE 325).

2.      Other than a belated Motion to Sever filed by Defendant Nuhfer on Monday,

1

February 9, 2026 (DE 343), the parties have timely filed their motions in limine and several other pre-trial motions with the Court.

3.      On January 30, 2026, Defendants filed a Joint Motion to Disqualify AUSA Cruz from this case based on what Defendants claim are actual or potential conflicts of interest regarding, in principal part, alleged financial conflicts relating to AUSA Cruz's wife (DE 327). Defendants did not request an evidentiary hearing in their initial moving papers.

4.      On February 6, 2026, the government submitted its response to Defendants' Joint Motion (DE 339).   The government's response addressed the merits of Defendants' Joint Motion, but did not address the need or appropriateness of holding an evidentiary hearing, as Defendants had not raised the issue in their initial filing.

5.      On February 6, 2026, Defendants filed their reply brief (DE 345).   Buried on page seven of their eleven page reply brief ("At the very least, an evidentiary hearing is in order.") (Reply 7, fn. 3) and page three ("after it considers the evidence laid out below, the Court must hold an evidentiary hearing on the matter" if the issue of the Government's internal conflict review is important to the Court), Defendants suggested that an evidentiary hearing may be in order.

4.      On February 12, 2026, as noted, this Court entered its docket orders setting a "Motions Hearing" for Thursday, February 19, 2026, at 1:00 p.m.   The Court's Orders further state that the "parties should be prepared to address all pending matters except for the Motions In Limine" but does not state whether the Motions Hearing is to be an evidentiary or non-evidentiary hearing with respect to any of the motions including the disqualification motion concerning AUSA Cruz.

5.      Since the entry of the Court's docket order setting the Motions Hearing for next week, Defendant Rivera's counsel has sent emails to the undersigned (a) requesting that the

Government make AUSA Cruz and his wife available to testify at the Motions Hearing and (b) demanding discovery from the Government pursuant Rule 16 and the *Brady, Giglio, Napue* line of cases for telephone and text messages between AUSA Cruz and his wife and six other individuals (including "discussion concerning efforts to destroy, or to have destroyed, evidence in connection with the defense motion"), and all emails and other digital correspondence from January 6, 2026, through February 13, 2026, between AUSA Cruz and his wife and the same six individuals, among other things.

6.      Defendant Rivera's counsel has further confirmed to the Government earlier this morning that if the Government does not agree to make AUSA Cruz or his wife available to testify at the Motions Hearing next Thursday, then they will attempt to serve AUSA Cruz's wife with a subpoena and to serve AUSA Cruz (but they prefer to not follow established *Touhy* procedures in so doing, to which the Government will not agree).

7.      The Government has informed Defendants that it does intend to make AUSA Cruz's wife available at the Motions Hearing because the Court has not specifically ordered that the hearing is to be an evidentiary hearing on any of the pending motions.  Further, the Government informed Defendants that it does not believe that there is a basis to justify the issuance of Rule 17 subpoenas to AUSA Cruz and his wife or to other third-parties in connection with the Motions Hearing, as the Court has not expressly ordered an evidentiary hearing on the matter.

8.      Accordingly, the government is seeking clarification from this Court as to the nature of the Motions Hearing scheduled for Thursday, February 19, 2026, and whether the Court intends it to be an evidentiary or non-evidentiary hearing.  Further, should this Court have intended to schedule an evidentiary hearing in this matter on one week's notice (which the Government doubts in light of Defendants' passing references to requesting an evidentiary hearing

in their Reply brief), the Government objects based on its belief that Defendants failed to meet their evidentiary and legal burden as the moving party to the rather rare and extraordinary relief they are seeking from this Court and respectfully asks to be heard on the matter before the Court grants Defendants' belated request for a full-blown evidentiary hearing.

9.     **Pursuant to Local Rule 88.9**, the government certifies that it has conferred with defense counsel for both Defendants Rivera and Nuhfer who informed the Government that they "take[] no position on a motion to clarify but . . . believe an evidentiary hearing is necessary."

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY


By:     /s/ Harold E. Schimkat
        Harold E. Schimkat
        Assistant United States Attorney
        Court ID No. A5500567
        99 N.E. 4th Street, 4th Floor
        Miami, Florida 33128
        Office: (305) 961-9298
        Cell: (786) 378-4344
        Harold.schimkat@usdoj.gov

                &

        David J. Ryan
        Trial Attorney, National Security Division
        Special Bar ID No. A5503306
        District of Columbia Bar No. 888325195
        950 Pennsylvania Ave., NW, Room 7700
        Washington, DC 20530
        Tel: (202) 353-7842
        David.ryan2@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/   Harold E. Schimkat
Harold E. Schimkat