UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

    Defendants.
_____/

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION
TO THE GOVERNMENT'S MOTION FOR CLARIFICATION (Dkt. 349)**

    Defendants David Rivera and Esther Nuhfer, through undersigned counsel, submit their response to the government's motion for clarification (Dkt. 349).

    The government previously indicated only that it intended to seek clarification as to whether the Court would conduct an evidentiary hearing on February 19. It did not suggest that it would attempt to litigate some undefined "threshold" requirement for such a hearing. Its latest filing advances precisely that argument, without meaningful citation or doctrinal support.

    The defense respectfully disagrees. Our position is supported by substantial documentary evidence, including multiple exhibits that directly contradict the government's account. By contrast, the government's Response consists largely of categorical denials unsupported by affidavits, testimony, or documentary evidence. On the present record, the exhibits appended to the Reply establish both the appearance and the reality of conflicts of interest warranting disqualification of Mr. Cruz.

Moreover, the government's Response contains several material factual assertions that are directly contradicted by the record evidence. If the Court credits the documentary record, disqualification is compelled on the papers alone. If the Court instead concludes that those factual disputes cannot be resolved without further development, then the standard for an evidentiary hearing is plainly satisfied. Where material facts are contested and credibility determinations may be required, a hearing is appropriate. *See, e.g.*, *Lujan v. United States*, 424 F.2d 1053, 1055 (5th Cir. 1970) ("Hearings to consider attacks on the constitutionality of a criminal conviction" or, in this case, a prosecution, "are not to be nonchalantly denied. On the contrary, courts have a solemn duty to ferret the allegations for symptoms of constitutional infirmities."); *United States v. Dixon*, 137 F.4th 592, 610 (7th Cir. 2025) (noting—in the context of a motion to suppress—that "[t]o receive an evidentiary hearing, the defendant's allegations and moving papers must be sufficiently definite, specific, non-conjectural and detailed to show that his claim is substantial and that there are material factual disputes"); *Adams v. United States*, No. 2022 U.S. Dist. LEXIS 225948, at *17 (N.D. Ala. Dec. 15, 2022) ("Because this disagreement cannot be resolved by the court on the papers (as there are disputed facts in the record), an evidentiary hearing is required.").

In short, either the existing record mandates relief, or, at minimum, it establishes more than sufficient grounds for an evidentiary hearing. The government cannot simultaneously dispute material facts and argue that no hearing is warranted to resolve them.

#110740555v1

**Respectfully submitted on February 13, 2026,**

| | |
|---|---|
| **JONES WALKER LLP** <br> 201 S. Biscayne Blvd., Suite 3000 <br> Miami, FL 33131 <br> Tel: (305) 679-5700 <br> By:   */s/ Edward R. Shohat* <br>   **Edward R. Shohat** <br>   Florida Bar No. 152634 <br>   eshohat@joneswalker.com <br>   **David S. Weinstein** <br>   Florida Bar No. 749214 <br>   dweinstein@joneswalker.com <br>   **Thomas P. Bardenwerper** <br>   Florida Bar No. 1044458 <br>   tbardenwerper@joneswalker.com <br><br> *Counsel for David Rivera* | **MARKUS/MOSS PLLC** <br> 40 N.W. Third Street, PH1 <br> Miami, FL 33128 <br> Tel: (305) 379-6667 <br> By:   */s/ David Oscar Markus* <br>   **David Oscar Markus** <br>   Florida Bar No. 119318 <br>   dmarkus@markuslaw.com <br>   **A. Margot Moss** <br>   Florida Bar No. 91870 <br>   mmoss@markuslaw.com <br>   **Melissa Madrigal** <br>   Florida Bar No. 93241 <br>   mmadrigal@markuslaw.com <br><br> *Counsel for Esther Nuhfer* |

#110740555v1