UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-20552-DAMIAN

UNITED STATES OF AMERICA,

v.

DAVID RIVERA and
ESTHER NUHFER,

 Defendants.
_____/

ORDER FOLLOWING MOTIONS HEARING

**THIS CAUSE** is before the Court following a Motions Hearing held on February 19, 2026, at which the United States of America and Defendants, David Rivera and Esther Nuhfer, appeared with counsel before the undersigned to address the following pending motions:

- **ECF No. 327**: Defendants' Joint Motion to Disqualify Assistant United States Attorney Roger Cruz, filed January 30, 2026;

- **ECF No. 331**: Defendants' Motion for Writ of Habeas Corpus *Ad Testificandum* as to Nicolas Maduro, filed February 5, 2026;

- **ECF No. 342**: Government's Motion to Compel Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense, filed February 6, 2026; and

- **ECF No. 343**: Defendant Esther Nuhfer's Motion to Sever in the Event that the Court Admits David Rivera's Deposition Testimony, filed February 9, 2026.

THE COURT has reviewed the above-referenced Motions, the Parties' respective briefing, and the pertinent portions of the record and is otherwise fully advised. The Court also heard argument from counsel at the Motions Hearing on February 19, 2026.

For the reasons stated on the record at the February 19, 2026 Hearing, and as further detailed on the record, it is

**ORDERED AND ADJUDGED** as follows:

1.      Defendants' Joint Motion to Disqualify Assistant United States Attorney Roger Cruz [**ECF No. 327**] is **TAKEN UNDER ADVISEMENT**. This Court's ruling on the Motion will be entered in a separate written order.

2.      Defendants' Motion for Writ of Habeas Corpus *Ad Testificandum* as to Nicolas Maduro [**ECF No. 331**] is **DENIED WITHOUT PREJUDICE** for the reasons stated on the record.

3.      The Government's Motion to Compel Disclosure of, and Discovery Regarding, Any Advice of Counsel Defense [**ECF No. 342**] is **GRANTED**. Accordingly, in the event any Defendant intends to assert a good faith reliance on advice of counsel defense, on or before **March 2, 2026**, each such Defendant shall:

   a) identify to the Government any attorneys who were purportedly consulted and provided advice of any nature related to the subject of the good faith reliance on advice of counsel defense; and

   b) waive privilege over, and produce to the Government, all communications[1] they had with those attorneys related to the same subject.

---

[1] Each defendant who wishes to use advice of counsel evidence or argument will need to timely produce all written communications with the attorneys on the subject at issue, including those communications which, in whole or in part, raise the prospect that the conduct is or might be unlawful. *See Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) (Moore, J.) ("[C]ourts have been careful not to allow parties to introduce evidence of attorney-client communications favorable to the advice of counsel defense, while asserting the privilege with respect to communications that may be unfavorable to the defense." (citation omitted)).

Any Defendant who does not timely comply with these disclosure requirements will be barred from raising the advice of counsel defense or mentioning evidence concerning this defense before the jury.

4. Defendant Esther Nuhfer's Motion to Sever in the Event that the Court Admits David Rivera's Deposition Testimony [**ECF No. 343**] is **DENIED WITHOUT PREJUDICE**. Defendant Esther Nuhfer may revisit the relief requested in the Motion after this Court's ruling on the pending Motions *in Limine* regarding Defendant David Rivera's deposition testimony.

5. If Defendants intend to appeal United States Magistrate Judge Edwin G. Torres's *Order on Motion to Quash Trial Subpoena Directed to White House Chief of Staff Susan Wiles* [ECF No. 358], pursuant to Local Rule 4(a)(1) of the Magistrate Judge Rules for the Southern District of Florida, Defendants may submit written objections by no later than **February 23, 2026**. The Government may respond to any objections by no later than **February 26, 2026**. No party shall file any objections or responses to another party's objections exceeding **fifteen (15) pages in length**.

Defendants are reminded that Local Rule 4(a)(1) of the Magistrate Judge Rules for the Southern District of Florida states that a party seeking an appeal from a Magistrate Judge's order "shall file . . . written objections which shall specifically set forth the order, or part thereof, appealed from; a concise statement of the alleged error in the Magistrate Judge's ruling; and statutory, rule, or case authority, in support of the moving party's position." S.D. Fla. L. Mag. J. R. 4(a)(1). The District Judge shall then "consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to

law." *Id.*[2] The parties are admonished not to simply re-present the same arguments made in the underlying Motion and Response.

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 21st day of February, 2026.

 

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record

---

[2] As stated in the Local Rule, the legal standard of review for a district court hearing an appeal of a Magistrate Judge's decision on a non-dispositive issue is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As described by the Eleventh Circuit, "the Clear error is a highly deferential standard of review . . . a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (internal quotations and citation omitted).