UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

    Defendants.
_____/

### RIVERA AND NUHFER'S APPEAL OF MAGISTRATE JUDGE TORRES'S ORDER QUASHING TRIAL SUBPOENA TO SUSAN WILES

David Rivera and Esther Nuhfer appeal Magistrate Judge Torres's Order Quashing Trial Subpoena to Susan Wiles [ECF No. 358] pursuant to S.D Fla. Magistrate Judge Local Rule 4(a)(1). As discussed on the record during the February 19, 2026, motions hearing, Rivera and Nuhfer intend to orally argue the merits of the below objections during the upcoming status conference on February 27, 2026. Rivera and Nuhfer file this brief written pleading so that the Court and the government are made aware of the specific arguments that Rivera and Nuhfer will advance.

#### POINTS OF APPEAL ESTABLISHING CLEAR ERROR

1. **Magistrate Judge Torres ignored a critical defense argument as to why Ms. Wiles's supposed importance in the current government should not excuse her as a witness.**

Ms. Wiles's high-profile position within the federal government should not prevent her from appearing to testify in a criminal case. *See* Defendants' Response to Motion to Quash [ECF No. 337] at 6–8. Magistrate Judge Torres, however, ignored the defense's argument that the government is unfairly and arbitrarily determining which high-ranking federal officials can testify in this case based on whether that testimony is expected to help or harm the government. *See*

#110858576v2

Defendants' Response to Motion to Quash [ECF No. 337] at 11 (making this argument). In other words, Magistrate Judge Torres has concluded that Ms. Wiles is simply too important and too busy to be required to testify in this criminal trial (despite the fact that she has a residence in Florida and regularly commutes to and from the state), whereas Secretary of State *and* National Security Advisor Marco Rubio—who is currently managing volatile situations in Venezuela, Cuba, Iran, Ukraine, Israel, China, and Greenland (to name a few)—has the time and flexibility to testify. This calculus appears to have nothing to do with the actual professional responsibilities and demands of the two offices and everything to do with the expected nature of the testimony.[1] Magistrate Judge Torres has therefore committed clear error by ignoring a critical argument to reach his conclusion in this portion of his Order.

2. **Magistrate Judge Torres's conclusion that the U.S. Attorney's Office had standing to move to quash the subpoena was based on an assumption.**

The defense maintains that the U.S. Attorney's Office for the Southern District of Florida does not have standing to litigate Ms. Wiles's subpoena since Rivera and Nuhfer subpoenaed Ms. Wiles in her personal capacity concerning testimony that relates to her time as a private citizen. Ms. Wiles, however, has not moved to quash the subpoena and has not complained about it—which even Magistrate Judge Torres conceded raises concerns about the validity of the government's Motion to Quash. *See* Order [ECF No. 358] at 5 ("The Defendants' position has some support. As a general rule a party lacks standing to challenge a subpoena directed at a third party, unless the movant has a claim of privilege or a proprietary interest in the subpoenaed material or testimony."). And while the government says that the *White House Office of Legal*

---

[1] As is discussed in greater detail in the following section regarding standing, the government has provided no specific basis as to *why* the White Office of Legal Counsel asked the U.S. Attorney's Office to quash the subpoena.

2

#110858576v2

*Counsel* asked it to move to quash, that is quite different than *Ms. Wiles herself* asking the government to do so. The cases that the Magistrate Judge cited on this point are inapposite, and the defense will address them at the upcoming hearing.

Furthermore, the defense has consistently stressed that it only seeks testimony from Ms. Wiles that pertains to events preceding her appointment as the White House Chief of Staff. *See, e.g.*, Letter to White House Counsel David Warrington [ECF No. 330-1] at 1; Defendants' Response to Motion to Quash [ECF No. 337] at 9. Nonetheless, Magistrate Judge Torres has ignored that fact and even interprets the letter from the defense to David Warrington as somehow belying this basic truth. *See* Order [ECF No. 358] at 6–7 (criticizing the defense for not having directed its subpoena to Ms. Wiles's "personal residence or personal attorney" but rather to the White House). The defense proceeded this way because it knew that if it did not, Ms. Wiles and the government would have ignored the Subpoena on the supposed basis that it did not comply with *Tuohy* (or related) regulations governing subpoenas to federal-government officials. In other words, the defense was damned if it did and damned if it did not, and this cannot be. Magistrate Judge Torres has therefore committed clear error by discounting the critical fact that Ms. Wiles's anticipated testimony will only pertain to her pre-government professional endeavors.

3. **Magistrate Judge Torres's conclusion that Ms. Wiles's testimony will significantly inconvenience her was based on an incorrect understanding of the anticipated length and timing of her testimony.**

While it is true that the defense—as stated in its December 22, 2025, letter to the White House Counsel David Warrington [ECF No. 330-1]—initially anticipated that Ms. Wiles would "be on the witness stand for 1–2 days," the defense subsequently stated that her testimony could be completed in "less than one day"—among other flexible scheduling suggestions—in an effort to impact Ms. Wiles's schedule as little as possible. *See* Defendants' Response to Motion to Quash

[ECF No. 337] at 12. Magistrate Judge Torres ignored this updated estimate and good-faith proposals and based his Order, in part, on the premise that "Defendants here would like to take two days of her time to testify." Order [ECF No. 358] at 6. Magistrate Judge Torres has therefore committed clear error by relying on outdated logistical estimates in concluding that Ms. Wiles's testimony would be too onerous for her and her office.

**4. Magistrate Judge Torres incorrectly discounted the importance of Ms. Wiles's testimony to Rivera's and Nuhfer's defense.**

Magistrate Judge Torres has incorrectly ignored the importance of Ms. Wiles's testimony to the defense. *See* Order [ECF No. 358] at 9–15. Again, Ms. Wiles was *the* central player liaising with the first Trump White House for Ballard Partners such that she—more so than anybody else—can discuss Ballard Partners' efforts on behalf of Raul Gorrin to lobby the first Trump administration to remove Maduro (at the exact same time that Rivera and Nuhfer have been accused of working with Raul Gorrin to assist Maduro). *See* Email Correspondence between Ms. Wiles/Ballard Partners and Hugo Perrera/Raul Gorrin (**Exhibit 1** / Proposed Government Exhibit Number 93).

Furthermore, Ms. Wiles—more so than any other witness—can testify to the truth behind the alleged $3.75 million payment to Communication Solutions in 2017. <u>Should this Court not permit Ms. Wiles to testify, Rivera and Nuhfer request leave to file a motion to strike all paragraphs from the Superseding Indictment that reference aspects of the $3.75 million payment, as their rights under the Sixth Amendment's compulsory-process clause as related to those allegations will be infringed.</u>

Accordingly, Magistrate Judge Torres has committed clear error by discounting the critical role Ms. Wiles's testimony would play in Rivera's and Nuhfer's defense.

\* \* \*

4

#110858576v2

WHEREFORE, Defendants David Rivera and Esther Nuhfer respectfully ask that this Court hear oral argument as to their appeal of Magistrate Judge Torres's Order Quashing Trial Subpoena to Susan Wiles [ECF No. 358] during the February 27, 2026, status conference.

**Respectfully submitted on February 23, 2026,**

| MARKUS/MOSS PLLC<br>40 N.W. Third Street, PH1<br>Miami, FL 33128<br>Tel: (305) 379-6667<br>By:  */s/ David Oscar Markus*<br>　　**David Oscar Markus**<br>　　Florida Bar No. 119318<br>　　dmarkus@markuslaw.com<br>　　**A. Margot Moss**<br>　　Florida Bar No. 91870<br>　　mmoss@markuslaw.com<br>　　**Melissa Madrigal**<br>　　Florida Bar No. 93241<br>　　mmadrigal@markuslaw.com<br><br>*Counsel for Esther Nuhfer* | EDWARD R. SHOHAT, PA<br>201 S. Biscayne Blvd., Suite 3000<br>Miami, FL 33131<br>Tel: (786) 525-3621<br>By:  */s/ Edward R. Shohat*<br>　　**Edward R. Shohat**<br>　　Florida Bar No. 152634<br>　　ed@edwardrshohat.com<br><br>**JONES WALKER LLP**<br>201 S. Biscayne Blvd., Suite 3000<br>Miami, FL 33131<br>Tel: (305) 679-5700<br>By:  */s/ David S. Weinstein*<br>　　**David S. Weinstein**<br>　　Florida Bar No. 749214<br>　　dweinstein@joneswalker.com<br>　　**Thomas P. Bardenwerper**<br>　　Florida Bar No. 1044458<br>　　tbardenwerper@joneswalker.com<br><br>*Counsel for David Rivera* |

#110858576v2