UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA

vs.

DAVID RIVERA and
ESTHER NUHFER,

    Defendants.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT RIVERA'S
MOTION FOR LEAVE TO FILE LATE EXPERT DISCLOSURE (DE 397)**

Defendant David Rivera seeks leave to file the expert disclosure of Dr. Brian Fonseca less than 48 hours before jury selection in this case is scheduled to begin. The Government opposes this request for three reasons: (1) the disclosure was made far too late under this Court's Local Rules; (2) the disclosure does not comply with the Federal Rules of Criminal Procedure; and (3) Defendant Rivera's proffered reason for the delayed disclosure ("financial constraints") is both insufficient as a matter of law and questionable as a matter of fact.

First, Rivera's disclosure is extremely late. District courts have the authority to "set a time for the defendant to make the defendant's [expert] disclosures" so long the timeline provides "a fair opportunity for the government to meet the defendant's evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii). Under this Court's Local Rules, a defendant must make his or her expert disclosures to the government "no later than **twenty-one (21) days before the commencement of trial** for testimony that the defendant intends to present at trial during the defendant's case-in-chief[.]" S.D. Fla. L.R. 88.10(o)(3)(B)(iii) (emphasis added).

Rivera's expert disclosure—which was made less than two days before the commencement of jury selection—is not just late but has missed the relevant deadline (February 23, 2026) by almost three weeks. The Eleventh Circuit has expressly held that a defendant's expert disclosure made on the eve of trial may be properly excluded under Rule 16(b)(1)(C) and the relevant local rules. *See United States v. Petrie*, 302 F.3d 1280, 1288–89 (11th Cir. 2002) ("The defendant waited until Friday afternoon prior to the commencement of trial on Monday, October 2, 2000 to disclose his expert to the government. This disclosure was clearly untimely under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and [the Local Rules] for the Northern District of Florida. . . . We find that the trial court properly exercised its discretion in precluding Petrie's expert from testifying at trial, based on lateness of notice to the government."). This Court should similarly strike the disclosure and exclude Dr. Fonseca from testifying. *See Andrews v. United States*, No. 20-CV-5466, 2021 WL 7452225, at *2 (N.D. Fla. June 2, 2021) (finding that district courts "routinely strike expert reports or exclude expert testimony, which is not timely disclosed" (quoting *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 19-MD-2885, 2021 WL 763778, at *2 (N.D. Fla. Jan. 15, 2021))); *United States v. Brady-Williams*, No. 21-CR-0039, 2023 WL 11994535, at *3–4 (N.D. Ga. May 4, 2023) (explaining that "the disclosure of expert reports should be made sufficiently in advance of trial to (1) afford a fair opportunity challenge the expert before trial . . . and (2) permit complete trial preparation").[1]

---

[1] Indeed, Rivera previously violated the February 23 deadline for his first purported expert witness in providing that witness' unsigned disclosure to the government two days late (on February 25), which Rivera neglects to mention. Also unmentioned is that the government asked Rivera in early December 2025 to provide an initial written summary of any anticipated defense expert witness testimony; Rivera was required to respond within fourteen days (Local Rule 88.10(o)(3)(A)) but never did so.

2

Second, even if the disclosure was timely, it does not comply with Rule 16(b)(1)(C). The Federal Rules of Criminal Procedure require an expert disclosure to (among other things) list "all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition" and be "approve[d] and sign[ed]" by the expert witness himself. Fed. R. Crim. P. 16(b)(1)(C)(iii), (v). Rivera's disclosure does not include a list of cases where Dr. Fonseca previously testified nor was it approved and signed by Dr. Fonseca. *See* (DE 397-1). If a party "fails to comply with this rule," the district court may "prohibit that party from introducing the undisclosed evidence[.]" Fed. R. Crim. P. 16(d)(2)(C); *see also United States v. Hawthorne*, 759 F. App'x 765, 770–71 (11th Cir. 2018).[2] The Court should exercise its authority under Rule 16(d)(2) and strike Rivera's untimely and incomplete expert disclosure.

Third, Rivera's excuse for his delayed disclosure—that he was "not able to consummate the retention of Dr. Fonseca until March 11, 2026, due to financial constraints"—is unavailing. (DE 397 at 2). Rivera claims that "[d]istrict courts generally allow the late disclosure of an expert where the party has worked in good faith to retain such a witness but was unable to do so on a timely basis due to factors beyond his control" but none of the cases cited in the Motion stand either for the proposition that "factors beyond [a defendant's] control" are a sufficient basis to file an untimely expert disclosure or that "financial constraints" would be a sufficient excuse if such an exception existed. (*Id.* at 2–3). Indeed, the government could not locate a single case where a

---

[2] Although Rule 16(d)(2) provides for other, less drastic remedies (such as granting a continuance or ordering the party to supplement the record), the lateness of Rivera's expert disclosure has handcuffed the Court's ability to grant any relief besides exclusion without prejudicing the Government or delaying the trial.

3

district court overlooked an untimely and incomplete expert disclosure merely because the defendant made vague allegations that he was hamstrung by "financial constraints."

Even if Rivera's cases were on point, all but one of them were decided before Rule 16 was amended in 2022 to address "the lack of adequate specificity regarding what information must be disclosed, and the lack of an enforceable deadline for disclosure." Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment; *see also United States v. Chew*, No. 24-CR-00231, 2025 WL 2109244, at *1 (N.D. Ohio July 29, 2025) ("Effective December 1, 2022, an amendment to Rule 16 took effect, bringing the expert disclosure obligations for criminal cases more closely in line with the current practice in civil cases under Rule 26(a)(2)."). Given that the post-2022 Rule 16 has "more rigorous demand[s]" than before, Rivera cannot show how his "financial constraints" represent a legally sufficient excuse for his untimely and incomplete expert disclosure. *United States v. Morgan*, 143 F.4th 1264, 1281 (11th Cir. 2025).

Moreover, the Court should be skeptical of Rivera's claim that he simply could not afford to retain Dr. Fonseca until March 11, 2026. As **Exhibit 1** to this Response demonstrates, Rivera paid approximately **$50,000** in property taxes on five separate properties in early March—four of which ostensibly belong to Rivera's sister. If Rivera had the funds to pay a substantial amount of property taxes for himself and his sister, it strains credulity to suggest that he could not afford to pay for Dr. Fonseca's services until the eve of trial. Given these egregious factual and legal deficiencies, the Court should conclude that Rivera has not presented a valid excuse for his delayed expert disclosure.

*   *   *

For the foregoing reasons, the Court should deny Defendant Rivera's request to file the untimely and incomplete expert disclosure for Dr. Brian Fonseca.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  /s/ Harold E. Schimkat
Harold E. Schimkat, AUSA
Roger Cruz, AUSA
Court ID No. A5500567
Fla. Bar No. 157971
99 N.E. 4th Street, 4th Floor
Miami, Florida 33128
Office: (305) 961-9298
Cell: (786) 378-4344
Harold.schimkat@usdoj.gov

&

 /s/ David J. Ryan
David J. Ryan
Trial Attorney, National Security Division
Special Bar ID No. A5503306
District of Columbia Bar No. 888325195
950 Pennsylvania Ave., NW, Room 7700
Washington, DC 20530
Tel: (202) 353-7842
David.ryan2@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

 /s/ David J. Ryan
David J. Ryan

5