UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA,

 Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

 Defendants.

_____ /

**MOTION TO EXCLUDE OR REDACT RACIALLY INFLAMMATORY LANGUGAGE**

 The Defense moves in limine to exclude, or at minimum require redaction of, the racially derogatory phrase "little brown indians" (and related phrasing) from the Government's proposed text-message exhibit dated March 21, 2017 (attached). The phrase is not relevant to any fact of consequence under Rules 401 and 402, because it does not tend to prove any element of the charged FARA offenses; at most it is inflammatory commentary. Even if the Court finds marginal relevance, Rule 403 requires exclusion because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time. A redacted version preserves any probative content (the alleged "plan," delegation, and the referenced contacts) without injecting racial bias into the jury's deliberations. *See, e.g., Emmanuel Joseph v. Publix Super Markets, Inc.*, 151 F. App'x 760,  769-70 (11th Cir. Sept. 16, 2005) (racial slur by not relevant and highly prejudicial; excluded under Rules 401/402 and 403); *Darrick Jamar v. Jacobs Technology, Inc.*, No. 10-cv-03529, 2012 U.S. Dist. LEXIS 143655, at *2-4 (N.D. Ala. Oct. 4, 2012) (excluding coworker racial remarks as irrelevant and, alternatively, under Rule 403).

 First, the racial phrase is not a fact of consequence to any FARA element.

Second, the risk of unfair prejudice is acute. Racially derogatory language invites jurors to resolve the case on an improper basis—moral revulsion or racial bias—rather than the charged conduct. *Joseph* is persuasive Eleventh Circuit authority that this kind of language can be irrelevant and, even if minimally relevant, excludable because its probative value is substantially outweighed by prejudice/confusion.

Third, redaction is a tailored remedy that preserves narrative integrity. Unlike "running conversation" recordings where selective deletion may create gaps and invite speculation, this exhibit is a short, written exchange where a discrete phrase can be removed cleanly without changing the meaning of the operative "plan/coordination" content.

Finally, the requested relief aligns with juror-bias safeguards reflected in Eleventh Circuit practice. The Eleventh Circuit's criminal pattern instructions caution jurors not to be influenced by prejudice. Excluding racially loaded language advances that goal and reduces the chance of corrective measures mid-trial (juror questioning, mistrial disputes).

The defense conferred with AUSA Roger Cruz who opposes this motion.  Mr. Cruz said the texts are relevant to show that Mr. Rivera has no regard for human beings and that Ms. Nuhfer did not correct him on these texts and therefore adopted them.  This response demonstrates why they should be excluded.

| | |
|---|---|
| **EDWARD R. SHOHAT, PA**<br>201 S. Biscayne Blvd., Suite 3000<br>Miami, FL 33131<br>Tel: (786) 525-3621<br>By:    */s/ Edward R. Shohat*<br>   **Edward R. Shohat**<br>   Florida Bar No. 152634<br>   ed@edwardrshohat.com<br><br>**JONES WALKER LLP** | **MARKUS/MOSS PLLC**<br>40 N.W. Third Street, PH1<br>Miami, FL 33128<br>Tel: (305) 379-6667<br>By:    */s/ David Oscar Markus*<br>   **David Oscar Markus**<br>   Florida Bar No. 119318<br>   dmarkus@markuslaw.com<br>   **A. Margot Moss**<br>   Florida Bar No. 91870 |

| | |
|---|---|
| 201 S. Biscayne Blvd., Suite 3000<br>Miami, FL 33131<br>Tel: (305) 679-5700<br>By:     */s/ Thomas P. Bardenwerper*<br>     **David S. Weinstein**<br>     Florida Bar No. 749214<br>     dweinstein@joneswalker.com<br>     **Thomas P. Bardenwerper**<br>     Florida Bar No. 1044458<br>     tbardenwerper@joneswalker.com<br><br>*Counsel for David Rivera* | mmoss@markuslaw.com<br>**Melissa Madrigal**<br>Florida Bar No. 93241<br>mmadrigal@markuslaw.com<br><br>*Counsel for Esther Nuhfer* |