UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/Torres

UNITED STATES OF AMERICA,

 Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

 Defendants.

_____/

## DAVID RIVERA'S MOTION IN LIMINE TO EXCLUDE
## TAX-RELATED DOCUMENTS

On Saturday morning (April 11, 2026), the government informed the defense that it plans to admit multiple documents through witness Javier Garcia pertaining to David Rivera's tax returns. Because the tax counts against Mr. Rivera have been severed, *see* January 21, 2026, Order [ECF No. 325], and because there is no dispute as to the quantity of funds that Mr. Rivera's company—Interamerican Consulting, Inc.—received in connection with the Consulting Agreement [GX 133], the admission of such documents would violate Federal Rule of Evidence 403. After all, such documents have *no probative value*, yet they are cumulative, confusing, and prejudicial.

### BACKGROUND

Mr. Rivera objects to the admission of the following government exhibits:

- GX 665A—A November 21, 2017, email from Mr. Rivera to multiple accountants pertaining to his "2017 Tax Information"

- GX 665B—Mr. Rivera's Form 1040 for tax year 2017;

- GX 665C—Interamerican Consulting's Form 1120S for tax year 2017;

- GX 665D—Mr. Rivera's Form 1040 for tax year 2016; and

- GX 665E—Interamerican Consulting's Form 1120S for tax year 2016.

Redacted versions of each of these documents will be provided to this Court at the time this Motion is filed.

Upon learning of the government's intention to have the aforementioned documents admitted into evidence, defense counsel informed the government that it would oppose any such admission as irrelevant and cumulative on the basis that there are already exhibits in evidence showing the distribution of the $20 million paid under the Consulting Agreement. The government responded, saying that it does not intend to suggest that Mr. Rivera cheated on his 2017 or 2018 taxes. Instead, the government apparently intends to offer these exhibits as relevant "to the money [Mr. Rivera] received in 2017 from the $50 million contract and his distribution of those funds to the subcontractors or whatever he calls Gorrin, Nuhfer, and Perera in the email [GX 665A], etc." The government also contends that these exhibits are being offered to "show the status of Interamerican's consulting business, its qualifications for obtaining a $50 million contract, and Rivera's financial motivation to not register in order to receive payment, etc."

### ARGUMENT

The tax documents should not be admitted because none of the justifications cited by the government for admission are at issue in this case (or have not already been established by other pieces of evidence)—thus negating whatever probative value these tax documents might have. The admission of these non-probative exhibits, then, would serve no purpose but to confuse the jury with cumulative, prejudicial evidence.

i.      *The tax documents have no probative value.*

The tax documents have no probative value because they do not touch on any "fact[s] . . . of consequence in determining the action." Fed. R. Evid. 401(b). The "status of Interamerican's consulting business" and "its qualifications for obtaining a $50 million contract" have no bearing on whether Mr. Rivera violated FARA. Interamerican Consulting's bona fides, book of business, reputation, financial resources, *etc.*, are irrelevant to whether Mr. Rivera engaged in political activity in the United States as an agent for a foreign principal without having registered. Instead, the government is attempting to emphasize the perceived dichotomy between Interamerican Consulting's track record and the size of the Consulting Agreement because this dichotomy fits nicely within one of the government's core themes, which is to conflate the irregular with the illegal. And as to Mr. Rivera's motivations, there have been no allegations that the $50 million Consulting Agreement depended on Mr. Rivera not registering with the Attorney General. Instead, Mr. Rivera did not register with the Attorney General because he was under no obligation to register. The tax documents, accordingly, have little to no probative value.

ii.      *The tax documents are cumulative, prejudicial, and confusing.*

The government asserts that the tax documents relate to Mr. Rivera's "distribution of those funds to . . . Gorrin, Nuhfer, and Perera." However, there exist ample bank records that establish the nature of those distributions, bank records that the government is also planning on introducing through Mr. Garcia. Because the tax documents are duplicative of these bank records, they are "unnecessary" and therefore "cumulative." *See United States v. Zappey*, 164 F.4th 1348, 1356 (11th Cir. 2026). Furthermore, the tax documents are prejudicial and confusing because they would lead any reasonable juror to conclude that there may have been deficiencies in Mr. Rivera's tax

3

filings. And if a reasonable juror believes that there were deficiencies in Mr. Rivera's tax filings, that reasonable juror may be more likely to convict on the FARA counts.

* * *

WHEREFORE, Defendant asks that this Court grant this Motion and exclude any tax-related documents—specifically, GX655A, 655B, 655C, 655D, and 655E.

**Respectfully submitted on April 13, 2026,**

**EDWARD R. SHOHAT, PA**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (786) 525-3621
By:      */s/ Edward R. Shohat*
     **Edward R. Shohat**
     Florida Bar No. 152634
     ed@edwardrshohat.com

**JONES WALKER LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 679-5700
By:      */s/ Thomas P. Bardenwerper*
     **David S. Weinstein**
     Florida Bar No. 749214
     dweinstein@joneswalker.com
     **Thomas P. Bardenwerper**
     Florida Bar No. 1044458
     tbardenwerper@joneswalker.com

*Counsel for David Rivera*