UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. 22-cr-20552 -Damian/Valle

        Plaintiff,

v.

DAVID RIVERA,

        Defendants.

_____//

## DAVID RIVERA'S MOTION TO CONTINUE SENTENCING HEARING

Defendant, David Rivera, through counsel respectfully moves this Honorable Court to Reschedule the Sentencing Hearing currently set for July 20, 2026 at 10:00 am. (Dkt. 507) and in support states the following:

1.      The defendant is presently scheduled for sentencing in the above matter on July 20, 2026 at 10:00 a.m. (Dkt. 507).

2.      The Defendant has a pending trial scheduled for October 19, 2026 in this Court, which involves the tax charges, Counts 9-11, contained in the Second Superseding Indictment (Dkt. 547).

3.      Based on the position that the government has taken in their response to Rivera's motion to sever the tax counts, *See* DE-299, as well as their response to Rivera's motion for bond, *See* DE-540, it is clear that the government intends to present evidence connected to the FARA charges to the jury seated to hear the tax case.[1]  If convicted, those counts of conviction will have

---

[1]  It is also worth noting that in the Court's Order granting the defendant's motion for severance, DE- 326, at p. 2, the Court stated, "Defendant David Rivera's Motion to Sever Tax Counts [ECF No. 297] and Defendant Esther Nuhfer's Joinder in the Motion to Sever Tax Counts [ECF No. 304] are GRANTED. Counts 9, 10, and 11 of the Superseding Indictment are severed

#111847221v1
#111931409v1

a direct impact on the Defendant's sentencing exposure, as well as the Court's sentencing considerations. If there is no conviction, the defense expects that the government will then attempt to use the tax counts as relevant conduct.

4. As of the date of this pleading, the PSIR has not been provided to the defense or the government. With a sentencing date that is less than 30 days away, this likely provides insufficient time to address anticipated substantive issues with the PSIR, as well as to prepare a sentencing memorandum.

5. As it currently exists and even after the November 1, 2026 effective date of the Amendments to the Sentencing Guidelines, Chapter 3, Part D states:

> "provides rules for determining a single offense level that encompasses all the counts of which the defendant is convicted. These rules apply to multiple counts of conviction (A) contained in the same indictment or information; or (B) contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding. *The single offense level that results from applying these rules is used, after adjustment pursuant to the guidelines in subsequent parts, to determine the applicable guideline range.*" (*Emphasis added*).

6. The Court in *United States v. Kaufmann*, 951 F.2d 793, 795-796 (7th Cir. 1992), endorsed this approach.

> "The Sentencing Guidelines have introduced a new problem into a situation like the one before us. When a defendant has been convicted on more than one count, certain grouping rules apply in determining the offense level. United States Sentencing Commission, Guidelines Manual, § 3D1.1 (Nov. 1989). Where conviction on one count of an indictment has occurred an earlier time than conviction on other counts, we think that logic requires that § 3D1.1 be applied to all counts. Perhaps the simplest way of doing it in the case before us, assuming conviction on count three or four, would be to vacate the sentence on count five and sentence on

---

*for purposes of trial only.*" *(Emphasis added).* Other than sentencing, defense counsel cannot conceive of any other purposes.

2

#111847221v1
#111931409v1

all counts at once. *We suggest that in future cases like the present one the district court should not pronounce any sentence until it has disposed of all counts.*"   (Emphasis added).

7.     Proceeding with sentencing prior to the resolution of the pending trial would be inefficient and could result in inconsistent or incomplete sentencing determinations, thereby undermining judicial economy.

8.     Additionally, requiring the Defendant to proceed to sentencing before trial would create undue prejudice, including potential infringement on the Defendant's right against self-incrimination and his ability to fully and fairly defend against the pending charges.

9.     The interests of justice are best served by continuing the sentencing hearing until after the conclusion of the pending trial so that the Court may consider all relevant information before applying the 18 USC § 3553 factors and imposing sentence upon the defendant.

10.     This request is made in good faith and not for purposes of delay.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 88.9(a), undersigned counsel certifies that he has conferred with AUSA Harold Schimkat.  AUSA Schimkat stated that he had, "No objection to a relativity short continuance to mid-August like [defendant] Nuhfer.  We do oppose a longer continuance until after the tax trial."

3

#111847221v1
#111931409v1

WHEREFORE, the Defendant respectfully requests that this Court grant this Motion to Continue and reschedule the sentencing hearing for a date following the resolution of the pending trial.

Respectfully submitted on June 25, 2026.

**EDWARD R. SHOHAT, PA**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (786) 525-3621
By:     */s/ Edward R. Shohat*
        **Edward R. Shohat**
        Florida Bar No. 152634
        ed@edwardrshohat.com

**JONES WALKER LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Tel: (305) 679-5700
By:     */s/ David S. Weinstein*
        **David S. Weinstein**
        Florida Bar No. 749214
        dweinstein@joneswalker.com

*Counsel for David Rivera*

4

#111847221v1
#111931409v1