**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20552-DAMIAN**

**UNITED STATES OF AMERICA**

**v.**

**ESTHER NUHFER,**

    **Defendant.**

_____/

**RESPONSE IN OPPOSITION TO DEFENDANT NUHFER'S**
**MOTION TO SEAL SENTENCING MEMORANDUM (DE 579)**

The Court should not seal the entire Sentencing Memorandum that Defendant Nuhfer submits in this criminal matter. That is what her motion to seal proposes. The United States District Court for the Southern District of Florida Local Rule 5.4(a) sets forth the general policy that "proceedings in United States District Court are public and Court filings are matters of public record." To file under seal, one must follow the procedures set forth at rule 5.4(b)(1), which requires that the movant file electronically a motion to seal that "sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed . . . with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." The rule further describes what a movant must do, including redacting the pertinent information from the filing before the motion to seal is granted. Rule 5.4(f) expressly authorizes filing publicly a redacted pleading where the filing party redacts certain material in good faith on the basis that the information is (a) sensitive, confidential, or private; and (b) irrelevant to the resolution of the matter to which the exhibit is being filed.

The Motion does none of this. Instead, it makes a blanket claim that the upcoming sentencing memorandum contains "privileged health conditions" pertaining to the Defendant and

her "family members."  This is insufficient cause to exempt the entire filing from the public court docket.  The Defendant will likely seek a variance from her Presentence Investigation Report's recommended guidelines' range based on the information contained in her filing.  If she intends to rely on her and her family's medical background then the docket should reflect the facts and law germane to same.  Moreover, keeping the entire sentencing memorandum from the public court docket could severely hamstring the Government's ability to  adequately address the Defendant's claimed basis for a particular sentence.  The motion to seal should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
By: /s/ Roger Cruz
Florida Bar 157971
Harold Schimkat
Roger Cruz
Assistant United States Attorneys
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9207
Roger.Cruz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system.

By: /s/ *Roger Cruz*
Assistant United States Attorney