# EXHIBIT "A"

# Table of Contents

Andino, Cire ..... 3
Arias, Sandra ..... 5
Bogdanoff, Ellyn (Senator) ..... 6
Bonachea, Rolando ..... 7
Burgin, Rachel ..... 9
Camara, Cristian _Redacted ..... 11
Del Pino, Patricia_Redacted ..... 13
DeLaTorre Alea, Marta ..... 15
Diaz, Nelson ..... 17
Equsquiza, Raquel_Redacted ..... 19
Fernandez De Lara, Isabel_Redacted ..... 20
Galiano, Yocelyn_Redacted ..... 22
Galvano, Bill ..... 24
Garcia, Alina_Redacted ..... 26
Goldstein, Susan ..... 29
Gomez, Dora ..... 31
Hanna, Alex ..... 33
Kapen, Gil_Redacted ..... 35
Keith, Scott ..... 36
Kinnavy, Noreen ..... 37
Lacasa, Carlos_Redacted ..... 39
Lopez, Jorge ..... 40
Lopez-Lima, Diana ..... 41
Lyons, John P_Redacted ..... 42
Maidique, Modesto_Redacted ..... 44
Mallette, Kelly_Redacted ..... 46
Marante, Roly ..... 48
McDuffie, Frances_Redacted ..... 49
Meadors, David_Redacted ..... 50
Millán, Rodolfo ..... 51
Miro, Claudia ..... 53
Montoya, Sandy_Redacted ..... 55
Moreno, Dario Ph.D_Redacted ..... 57
Pate, Evelyn_Redacted ..... 60
Pena, Wilfredo ..... 62
Pinsky, Richard_Redacted ..... 64
Pinto, Ivette_Redacted ..... 66
Prieguez, Manny ..... 68
Rivera Prysmakova, Sofia ..... 78

Rivera, Diana_Redacted ..... 79
Rodriguez, Luis_Redacted ..... 82
Ros, Lilliana_Redacted ..... 83
Rosenberg, Mark_Redacted ..... 85
Sivoli, Carolina ..... 86
Soler-McKinley, Yvonne ..... 87
Tirador, Sasha ..... 88
Veiga, Leslie_Redacted ..... 90
Veiga, Vivian_Redacted ..... 92
Zapata, Carlos (Representative) ..... 93

The Honorable Melissa Damian
United States District Court
99 N.E. Fourth Street
Miami, Florida 33132

Dear Judge Damian:

My name is Cire Andino, and I respectfully submit this letter on behalf of David Rivera. I have known David for more than thirty years, both personally and professionally, and I appreciate the opportunity to share my observations of his character.

Throughout my career in public service, including my time working in the Florida House of Representatives and later in Miami-Dade County government, I had the privilege of knowing and working alongside many dedicated public servants. Among them, David has consistently distinguished himself through his integrity, loyalty, and willingness to help others.

Over the past three decades, David has been a trusted friend, mentor, and colleague. One of the most significant examples of his guidance came when I faced an important career decision—whether to remain with the Florida House of Representatives or return to Miami-Dade County to work for Commissioner Esteban Bovo. David took the time to carefully discuss my options, offering thoughtful advice based solely on what he believed would be best for my future. His counsel helped shape one of the most important decisions of my career, and I have always been grateful for his wisdom and genuine concern for my success.

Beyond the guidance he has provided me personally, I have witnessed firsthand David's commitment to helping others. On numerous occasions, I saw him assist constituents who had never asked for his help. If he became aware that someone was struggling or needed assistance, he would often step in simply because he believed it was the right thing to do. He never sought recognition or praise for these acts of kindness. Helping people seemed to come naturally to him, and it reflected the compassion and generosity that I have always known him to possess.

What has always impressed me most is David's genuine concern for the well-being of those around him. He has consistently demonstrated kindness,

generosity, and a sincere commitment to serving others. These qualities have remained constant throughout the many years I have known him.

Based on my decades of personal experience with David, the circumstances that bring him before the Court are inconsistent with the man I have come to know. My experience has always been that he conducts himself with honesty, professionalism, and respect for others. While I fully respect the judicial process, I believe it is important for the Court to know that the David Rivera I have known for over thirty years is a man of strong character who has positively influenced the lives of many people, including my own.

I respectfully ask the Court to consider the entirety of David's character, his many positive contributions, and the countless lives he has touched through his generosity, guidance, and friendship.

Thank you for your time and consideration.

Respectfully,

Cire Andino

Sandra Arias
10396 SW 50th St
Cooper City Florida 33328

August 23, 2026

Re: United States of America v. David Rivera Case No. 22-60522-cr-DAMIAN

My name is Sandra Arias and I am not in politics. I have known David Rivera long before he became a State Representative or was in Congress. I know him simply as David.

I don't know if one letter from me can matter to a decision like this, but I had to try, because of what David has done for me. I am a single mother, and there were many times I did not know how I was going to provide for my son and I. David knew my circumstances, and he helped me during periods when I knew he did not have much himself. One Christmas, when I had very little money, he found a way to make sure my son had presents, and he sent money through a mutual friend to help me through a hard stretch. He made the friend promise to never tell me that it came from him. I did find out that it was from him although we never discussed it and I regret that I have never thanked him.

There was another time when I was trying to find work. David helped me with my résumé and sent it to people he knew, using whatever connections he had to help me stand on my own.

I always felt like he understood what it was like to be raised by a single mother, because he had been. He told me about his own mother, how she struggled to raise him and his sister and send them to Catholic school so they would have a chance at something better. He was not helping me out of pity. He recognized my situation because he had lived a version of it himself.

That help that he gave me, stabilized me during a hard time in my life and I have been stable ever since, in large part because of him. All because of his help and I never even thanked him because he would never hear of having a discussion about it.

It is weird because I have not seen David and a few years but I know that if I were to call him today and ask him for something for me or my son, he would help me because he has such a good heart.

I know David's public life has brought him around many people that he has been able to help and many causes and efforts. But I knew him before any of that, as a friend who helped a struggling single mother even when he had little to give.

Please Judge consider this when you are determining his fate and how long you are going to sentence him.

Sandra Arias

June 30, 2026

The Honorable Melissa Damian
99 NE Fourth Street
Miami, FL 33132

Re: David Rivera

Dear Judge Damian:

My name is Ellyn Bogdanoff, and I am writing to you today on behalf of my former colleague and friend, David Rivera. David and I served together in the Florida Legislature beginning in 2004. I found David to be engaging, loyal, strategic in his thinking, and always a gentleman.
The one thing I learned about David over the years is that he was passionate about eradicating Communism in his family's home country. It was a non-negotiable issue for him. After his time in the Florida House, he pursued a congressional seat because he believed that is where he could make the most difference.

During our years working together, I came to know David as a loyal friend, a thoughtful leader, and someone committed to public service. He cared deeply about the issues he championed and was willing to dedicate extraordinary amounts of time and energy to causes he believed would improve the lives of others. I also believe his distaste for the politics of his family's home country is a driving force behind much of what he does. David is unique. A combination of many traits that are needed to effect change.

The circumstances that bring David before the Court today are difficult and disappointing. I am not writing to excuse or minimize the conduct that led to these proceedings. Rather, I hope to provide the Court with a fuller picture of the man I have known for more than two decades. My experience has been that David is someone who values relationships, inspires loyalty in others, and has devoted a significant portion of his life to serving causes greater than himself.

For these reasons, I respectfully ask the Court to consider David's long history of public service, his positive impact on those who know him, and his potential to continue contributing to his community when determining an appropriate sentence. Thank you for your consideration.

Respectfully yours,

/s/

Senator Ellyn Bogdanoff

The Honorable Melissa Damian

99 NE Fourth Street

Miami Florida 33132

Dear Honorable Judge Damian:

I am writing to speak about David Rivera At the very outset, I would like to say that I have always admired the fairness of our judicial system predicated on the dedication and unbiased interpretation and application of the law.

I would like to briefly introduce myself and my professional background: I have a Ph.D. from Georgetown University in History, and began my professional career as a university professor. Subsequently, I pursued university administration and served several positions such as Dean of the College of Arts and Sciences at Saint Louis University, Academic Vice President and Acting President of Duquesne University. During my years as a professor, I served as one of the editors for the Handbook of Latin Americans Studies of the US Library of Congress and was appointed to the Committee of Historical and Museum Organization of the National Endowment for the Humanities. I have published books on Central America, Cuba and Jesuit Higher Education. In 1989 I became Director of the Research Dept at Radio Marti, and I consider service in the US Government as the highest honor of my career. In 1990, I was appointed Acting Director of Radio Marti and later became the permanent director.

As Director of Radio Marti, I reviewed applicants for the position of Special Assistant, and David Rivera stood out as the most qualified candidate. The David Rivera that you will sentence on July 20th is not the David Rivera that I knew during the years he worked for Radio Marti and the Office of Cuba Broadcasting. His position, among other duties, included providing any information about Radio Marti that was requested by members of Congress, the Office of the Inspector General, and the Government Accounting Office of the US Congress . When I traveled, he and others would develop the agenda and assist with all the logistical and organizational issues for a successful trip. David Rivera had, without exception, outstanding performance reviews. He had an unwavering dedication to the mission of the Office of Cuba Broadcasting. He was a young man of honesty, integrity, accuracy and truthfulness. He very frequently worked well over 40 hours a week, and I do not recall him ever mentioning compensation for overtime. As I recollect, he was always helpful,respectful, and cordial with other colleagues, and I often received compliments about him from staffers. David Rivera reported to me from 1990 to1997 as a dedicated public servant. If David Rivera had done anything unethical or in violation of federal

guidelines during those years, I would not have retained him as my Special Assistant nor written this letter.

As an early mentor of David, I am personally saddened and disappointed by the errors in judgment and actions that have led to his conviction in this case. Your Honor, I hope that my comments assist you as you deliberate on the sentencing in this case.

Respectfully,

Rolando E. Bonachea

**Rachel V. Burgin**
Former Member, Florida House of Representatives
Hillsborough County, Florida

**The Honorable Melissa Damian**
99 N.E. Fourth Street
Miami, Florida 33132

Dear Judge Damian:

My name is Rachel Burgin. I am a former member of the Florida House of Representatives, having served the people of Hillsborough County. Before my election, I served as a staff member in the Florida House of Representatives. I write this letter from personal knowledge of former Representative David Rivera spanning more than two decades.

Our family first came to know David in 2002, when he first ran for the Florida House of Representatives in Miami. My siblings traveled from Plant City, Florida, to Miami to walk door to door in support of his first campaign. At that time, he did not know us, and we did not know him well. That effort, however, began a relationship that has lasted twenty-four years. Even though our family lived hundreds of miles from his district, David Rivera became a trusted name in our household. He was and is someone we understood to be honest, hardworking, and willing to stand up for people who needed a voice, no matter their class or station in life.

As I grew older, I would see David Rivera from time to time before I ran for public office. He was always engaged in service. When I joined the Florida Legislature in 2008, I served while he was Budget Chairman. I understood him then, as I do now, to be a person of integrity and compassion, with a complete command of the legislative process and a genuine willingness to help colleagues.

I will never forget one experience in particular. I was a young legislator, at that time the youngest woman elected to the Florida House, and I was working on a human trafficking bill intended to help protect young women and girls. Many of my colleagues did not want me to pursue my legislation. David Rivera was Chairman of the committee assigned to hear my bill. He spoke with me about it, even though it was controversial. He was being urged not to give it a hearing. He heard the bill anyway and allowed me to present it in his committee. He did not have to do that. That decision showed me his character: he was willing to give a fair hearing to a difficult issue because he believed the work mattered.

As Budget Chairman, David Rivera also fought for budget decisions that reached well beyond his own district. Our family lived in rural Florida, far from Miami. Time and time again he worked to protect and prioritize funding that mattered to rural communities, agriculture, infrastructure, and the basic services families in places like ours depend on. He did not treat rural Florida as an afterthought. He understood that people hundreds of miles from the Capitol still needed someone willing to fight for them in the budget, and he did.

Over twenty-four years I have known David Rivera as loyal, honest, and hardworking. He has been a constant friend to our family even though we live more than two hundred fifty miles from him. He has made an impact on people far from his own community because he cares and because he consistently appears when he is needed.

Based on that long personal and professional experience, the conviction in this matter is inconsistent with the character and integrity I have observed in David Rivera. I respectfully and earnestly ask the Court to consider the full measure of his life and the person he has been to those who have known him.

I humbly and respectfully request that you consider the measure of a man and his life of service when considering his sentencing. David Rivera has had an impact on thousands of people in immeasurable ways.

Thank you for your time and consideration.

Respectfully submitted,

**Rachel V. Burgin**
Former State Representative
Hillsborough County, Florida

July 1, 2026

The Honorable Melissa Damian
99 Northeast 4th Street
Miami, Florida 33132

Dear Your Honor,

My name is Christian Camara. I am a 48-year-old husband, father, and resident of Tallahassee, Florida. Although I have lived in Tallahassee for the past twenty years, I was born and raised in Miami as the son of Cuban political exiles. My parents instilled in me a profound appreciation for this country, its institutions, and the responsibilities of citizenship. From an early age, I developed a passion for public service and the political process.

That passion led me, shortly after graduating from high school at the age of seventeen, to volunteer on Senator Bob Dole's presidential campaign in 1996. It was there that I first met David Rivera, beginning what has now been a friendship spanning three decades.

David is twelve years older than I am, and that difference in age mattered in the best possible way. While still a young man himself, he naturally assumed the role of mentor to many of us who were just beginning to find our footing. We were enthusiastic, idealistic, and, at times, impulsive. David was a steady presence among us. He encouraged us, offered thoughtful guidance, and helped channel our youthful energy into something constructive.

What made that campaign especially meaningful was that we knew we would not be victorious on election day, so we were not in it for political appointments or personal advancement. We volunteered because we believed in the cause and because we found purpose in serving alongside one another. The friendships formed during that campaign proved remarkably enduring. Many evolved into lifelong personal relationships, professional partnerships, and even marriages. Like alumni of a close-knit fraternity, we remained connected, supporting one another through life's successes and hardships.

David remained one of those constants in my life.

In 2006, at a pivotal moment in my career, David recommended me for an important position with one of his colleagues in the Florida House of Representatives. That recommendation changed the course of my life. It opened doors that otherwise might never have opened, allowing me to build a career in public policy that has now spanned two decades.

Because of that opportunity, I established my life in Tallahassee. I met my wife, purchased our home, built a successful career, and became the father of a wonderful son. When I reflect on the blessings in my life, I cannot do so without recognizing that David's confidence in me played a meaningful role in making them possible. His willingness to help me at a critical moment had consequences that extended far beyond my professional life; it helped shape the future of my family.

It is for that reason that writing this letter is especially difficult.

I am not in a position to comment on the legal issues before the Court, nor would I presume to do so. What I can speak to is the character of the man I have known for nearly thirty years.

Throughout our friendship, I have never known David to be motivated by malice, vindictiveness, or cruelty. Whatever mistakes brought him before this Court are wholly inconsistent with the person I have known. He has always treated others with warmth, generosity, and kindness, and I have admired his ability to meet criticism and even personal attacks with good humor rather than bitterness. He is not someone who harbors ill will or takes satisfaction in another person's misfortune.

Like all of us, David is imperfect. But a person's life should be measured not only by his mistakes, but also by the lives he has touched, the opportunities he has created for others, and the good he has done over many years.

Your Honor, I respectfully ask the Court to consider the profound impact David has had on my life and on so many others, as well as the positive contributions he made during his years of public service to South Florida.

Most importantly, I ask the Court to consider that David is the father of young children who need him and that he is battling cancer while facing these proceedings. I respectfully ask the Court to weigh those circumstances alongside the fact that this case did not involve violence or physical harm, and that David poses no danger to the community.

David's reputation has already been irreparably damaged by the events that have brought him before this Court, a burden he will carry for the rest of his life, regardless of the sentence imposed. I respectfully submit that mercy is most meaningful when extended to someone whose life has otherwise been defined by service, devotion to family and friends, and a genuine commitment to his community.

I fully appreciate the solemn responsibility before the Court. I respectfully ask that, in exercising its discretion, the Court see David as more than the worst chapter of his life and extend to him the grace and mercy that justice permits. While accountability is appropriate, I pray that his punishment not become, in effect, a life sentence for a husband, father, and friend whose legacy is far greater than the mistakes that brought him before the Court.

Thank you for your time, your consideration, and your service.

Respectfully,

Christian R. Cámara

[redacted]

Patricia Del Pino
[redacted]

August 28, 2026

The Honorable Melissa Damian
United States District Judge
99 N.E. Fourth Street
Miami, Florida 33132

**Re: Sentencing of David Rivera**

Dear Judge Damian:

My name is Patricia Del Pino. I am an attorney and have been a member of The Florida Bar since 1990. I respectfully write on behalf of my longtime friend, David Rivera, as the Court considers the sentence to be imposed upon him.

I have known David for approximately forty-four years. We met in 1982 while attending Florida International University, where we were both political science majors, and we graduated in 1986. Those were formative years for all of us. The students in our political science circle developed a special camaraderie and a strong bond that grew into lifelong friendships. David and I followed different paths after graduation, but we remained connected throughout the years, remembering birthdays and holidays and reaching out to one another even when life took us in different directions.

Over the many years I have known David, I have observed his loyalty, perseverance, dedication, and strong commitment to the causes in which he believes. He has never been someone who gives up easily. When David believes that something will help others or advance a worthwhile cause, he devotes himself to it with determination. His deeply held opposition to communism has also been a consistent part of his beliefs and public life. Whether or not others agreed with every position he took, I have known his underlying intention to be the pursuit of what he sincerely believed would serve and protect others.

The most meaningful example of David's character occurred in 2007, when I was going through one of the most difficult periods of my life. David and I had not spoken for some time possibly several years yet he appeared when I needed support most. He testified for me as a character witness and spoke to the court with extraordinary sincerity about our many years of friendship. He became emotional and cried while describing what our friendship meant to him. He asked the court not to send me to jail.

I have never forgotten what David did for me. He had nothing to gain from becoming involved. He simply saw that a lifelong friend was in trouble and stood beside me when his support mattered most. To me, that demonstrated genuine loyalty, compassion, and courage more persuasively than any collection of adjectives could.

I understand that David now stands before the Court in a serious matter. I do not write to minimize the proceedings or to excuse the conduct the Court must consider. I write because the person I have known since our college years is more than the circumstances that have brought him before

the Court. My firsthand experience has shown me a man capable of loyalty, dedication, perseverance, and meaningful support for another person during a time of profound difficulty.

Just as David once appeared in court and asked that mercy be shown to me, I now respectfully ask the Court to extend mercy to him. In my sincere judgment, David should not be incarcerated. I respectfully request that the Court consider a probationary sentence or another noncustodial sentence. If the Court believes a more restrictive sanction is required, I ask that it consider home confinement rather than imprisonment.

After knowing David for more than four decades, I believe he has the strength and capacity to comply with the Court's requirements, learn from this experience, and move forward constructively. I respectfully ask the Court to consider the complete person I have known since 1982 and the loyalty and humanity he demonstrated when I needed them most.

Thank you for considering my personal experience and perspective.

Respectfully submitted,

Patricia Del Pino
Member, The Florida Bar since 1990

From: Marta de la Torre Alea
Dr. Oscar Alea, my husband
Marta de la Torre, my mom

To: The Honorable Melissa Damian
99 N.E. Fourth Street
Miami Florida 33132

Re: United States of America v. David Rivera Case No. 22-60522-cr-DAMIAN

Dear Judge:

We are Marta de la Torre Alea, her husband, and her mother, and we are writing to you together on behalf of our family to ask that you show David Rivera leniency, humanity and mercy when you sentence him.

We had originally intended to write three separate letters to the Court, each speaking from our own personal relationship with David. But our family has now experienced a devastating loss, and we are struggling deeply with that loss. Instead, we felt that we wanted to speak with one voice about someone who has been important to our family for many years.

I, Martha, have known David for many years. I have always known him as a really good hearted, caring, and generous person. My husband, who is not someone who immediately warms to people or gives his opinion about someone easily, formed an impression of David almost immediately. After meeting him, he simply said to me, "He's a good guy." My husband does not say things like that about people without meaning them.

My mother also loves David very much. She is now older and very frail and it has been especially difficult and painful for her to watch what David and his family are going through. This has affected all of us deeply. We have watched someone we care about face an experience that has caused enormous pain not only to David, but to the people who love him.

There is one part of our family's history with David that, more than anything else, captures the person we have known. My older sister, Gina, went to high school with David. Even at that young age, David became part of our family. Over the years, that friendship became a genuine family relationship, and David continued to treat Gina and all of us that way.

When Gina suddenly passed away a few years ago, David was heartbroken. Her death affected him deeply, and he was there for our family during a time when we were struggling with a loss that is impossible to describe.

One of the things we remember most tenderly is what David did for Gina's class reunion. He made a special effort to honor her and dedicated the reunion to her. He made sure that she was not forgotten and he made her a part of the occasion in a meaningful way. He wanted the people who had known her to remember her in a loving way, sweet and carefree way.

That gesture may seem small to someone who did not know Gina or David, but to our family it says so much about who he is and this meant so much to us.

We ask Judge that, when you are deciding how many years of David's life should be taken from him, that you please remember that he has done so much in the life before this case.

Our family is hurting deeply right now. We know what it means to lose someone you love, and we know there is no way to make that pain disappear. That is part of why it is so painful for us to watch David's friends and family now endure their own suffering and separation.

We respectfully ask the Court for mercy and humanity for David. Please do not let this one chapter become the whole story of David Rivera's life.

With respect,

/S/

Marta de la Torre Alea
Dr. Oscar Alea, my husband
Marta de la Torre, my mom

The Honorable Melissa Damian

99 N. E. Fourth Street

Miami, FL 33132

Dear Judge Damian,

I write to you today to respectfully ask for your mercy in the sentencing of David Rivera. I have known David personally for over 30 years and can attest without hesitation that he is a good, respectful, and decent man who is truly deserving of the Court's leniency. Over these three decades, I have not just known *of* David; I have interacted with him on a regular, personal basis.

We first met in 1996 while volunteering for a presidential campaign, when I was an 18-year-old high school student. During the nine months leading up to the election, he served as a good friend and mentor to me and many other young people looking to find purpose in public service. His constant counsel to seek the right path, do the right thing, be generous, and treat others with dignity were more than just words—it was the way he lived his life every day.

Several years later, when I moved to Tallahassee and found myself without a place to live, David opened his home and offered me a place to stay. Despite my repeated attempts to pay my share of the rent, he refused to take a dime. Throughout my early career, he continued to mentor and guide me. His kindness and generosity toward me were not isolated incidents; they are simply reflections of who David Rivera is.

Beyond being a mentor and friend to me, David has spent his life being a friend to the community. He dedicated countless years of his life to public service, first in Tallahassee and then in Washington, D.C. where always worked to ensure our community and our people received the attention they deserved. He worked tirelessly to ensure that our local public state university got a medical school and a law school. David's legacy of good works for our community will survive well past all of our lifetimes.

While I have the utmost respect for our justice system and the rule of law, and I respect the verdict of the jury, it stands in contrast to the man I have known for three decades. The David Rivera I know is a deeply principled individual who has dedicated his life to fighting against the evils of totalitarianism and communism.

I fully understand that our legal system rests upon the rule of law. Nonetheless, I humbly ask this Honorable Court to consider David Rivera's decades of good character, mentorship, and selflessness, and show him mercy.

Respectfully submitted,

NELSON DIAZ

Raquel Egusquiza
[redacted]

July 13, 2026

The Honorable Melissa Damian
99 NE Fourth Street
Miami, FL 33132

Dear Judge Damian,

I am writing to respectfully offer this character reference on behalf of David Rivera. My name is Raquel Egusquiza. and I have been actively involved in philanthropy and community relations for many years having held leadership positions in the private, public and nonprofit sectors. Throughout my life, I have worked with community organizations and have been committed to public service and encouraging civic engagement. I appreciate the opportunity to share my personal observations of David's character based on a friendship that has spanned more than three decades.

I have known David Rivera since 1989, when he was working with the Republican Party recruiting college students to support the presidential re-election campaign. At the time, I was a member of the College Republicans on my campus and volunteered after meeting David. What began as a political association quickly developed into a genuine friendship.

Over the years, I have come to know David as a man of deep convictions, unwavering loyalty, and genuine compassion for others. One of the qualities that stood out to me was his devotion to his mother. He consistently placed her well-being above his own, caring for her with love, dignity, and a profound sense of responsibility.

Throughout his career, He developed friendships along the way that became family and his commitment to family and friends has never been for appearances—it has been a defining part of who he is.

David has also dedicated much of his life to the principles of freedom and democracy. From his work alongside Armando Valladares in advancing the cause of human rights and freedom, to his involvement with Radio Martí, and later through his service as an elected official assisting his constituents, I have witnessed his sincere desire to improve the lives of others. His work was never simply about politics; it was about serving people and defending the democratic values that he deeply believes in.

Throughout our friendship, I have known David to be generous with his time, willing to mentor others, and eager to help people advance in their personal and professional lives. He has consistently demonstrated kindness and concern for those around him. Whether helping a friend, supporting a constituent, or encouraging a young volunteer, David has always sought to make a positive difference.

When I heard of David's conviction, I felt it was inconsistent with the man I have known. While I fully respect the judicial process and the seriousness of these proceedings, I believe it is important for the Court to know that my personal experience with David has always reflected compassion, and commitment to his community and his country.

I respectfully ask the Court to consider the entirety of David's character, his lifetime of public service, and the many positive contributions he has made when determining an appropriate sentence. I am grateful for the opportunity to share my perspective and thank the Court for its time and consideration.

Respectfully submitted,

Raquel Egusquiza

**Isabel Fernandez De Lara**
[redacted]

September 17, 2026

The Honorable Judge Melissa Damian
The James Lawrence King Federal Justice Building
99 N.E. Fourth Street, Room 1061
Miami, FL 33132

RE: Letter in Support of David Rivera

Dear Judge Damian:

I respectfully submit this letter in support of David Rivera and ask the Court to consider his character, personal history, relationships, contributions, and potential for rehabilitation when determining his sentence. To the extent permitted by law and the circumstances of this case, I respectfully request that the Court impose the least severe lawful sentence, including any appropriate alternative to incarceration.

David is much more than a friend to me—he is family. I have known him since his teenage years, and over the course of many years I have had the opportunity to personally observe his character, his values, and the way he treats the people around him. My perspective comes from a longstanding personal relationship and from experiences we have shared over many years.

David has supported me through some of the most difficult periods of my life, including the loss of both of my parents. During those deeply painful times, David was there for me with compassion, kindness, and unwavering support. He helped me through moments of profound grief and demonstrated the type of loyalty and friendship that goes far beyond words. His presence and support during those difficult periods are experiences I will never forget and are among the reasons I consider him family.

David and I are also co-godparents to Christian, whose mother passed away when he was very young. For many years, David and I have both played an important role in providing Christian with spiritual, moral, and emotional guidance and support. I have personally witnessed David's care and concern for Christian and his commitment to remaining a positive and supportive presence in his life. David has understood the importance of being there for Christian, particularly after the loss of his mother at such a young age. His continued involvement in Christian's life reflects the sense of responsibility, loyalty, and compassion that I have consistently seen in him throughout the years.

I have also worked alongside David on political campaigns and in support of legislation and causes intended to benefit others. Through those experiences, I witnessed his commitment to public service, his concern for people facing hardship, and his willingness to devote his time, energy, and personal resources to causes he believed were important. Regardless of the particular cause, what stood out to me was his willingness to become involved and to help others.

David deeply values his family, his friends, and his country. As someone born in the United States, he has a profound respect for this country and for the freedoms and principles that it represents. He has also demonstrated a longstanding concern for human rights, particularly for people living without basic freedoms or under oppressive regimes. His desire to help people who are suffering has been a meaningful and consistent part of his character.

I understand that the Court must treat this matter seriously. I am not asking the Court to disregard the law, excuse the conduct at issue, or minimize the seriousness of this case. I respectfully ask only that the Court consider David as a whole person, including the many years of his life that I have personally witnessed, his relationships with those who depend upon him, his contributions to others, and the qualities that I know him to possess.

In my experience, David is capable of accepting responsibility for his actions, reflecting upon his decisions, and making meaningful changes in his life. I believe that he can learn from this experience and continue to contribute positively to his family and community. I also believe that maintaining his ability to remain present for the people who depend upon him would allow him to continue providing the support and guidance that he has provided for many years.

For these reasons, I respectfully request that the Court impose the least restrictive lawful sentence. If an alternative to incarceration is legally available and appropriate, I respectfully ask the Court to consider it. If confinement is required, I respectfully request the shortest lawful term and any other lawful relief the Court deems appropriate.

I make this request as someone who considers David family and who has personally witnessed his kindness, loyalty, compassion, generosity, and commitment to others over many years. I hope that this personal, firsthand perspective assists the Court in understanding the person I know David to be and in imposing a sentence that holds him accountable while also recognizing his capacity for rehabilitation and his ability to continue making positive contributions to those around him.

Thank you for your time and consideration.
With the deepest respect,

Isabel F. de Lara

**Isabel Fernández De Lara**

June 29, 2026

The Honorable Melissa Damian
United States District Court
99 N.E. Fourth Street
Miami, Florida 33132

Re: David Rivera

Dear Judge Damian:

I am writing in support of David Rivera. Although I currently serve as the Village Manager for the Village of Pinecrest, I write solely in my personal capacity as a longtime friend of David and not on behalf of the Village, its Council, or any governmental entity.

I have known David for more than three decades. We first met while pursuing our Master's Degrees in Public Administration in the early 1990s, and our friendship has continued throughout our professional careers and personal lives. During those more than thirty years, I have had the privilege of watching David grow as an educator, public servant, Congressman, and friend.

Having devoted more than thirty-five years of my own career to public administration, I have worked alongside countless elected officials at the local, state, and federal levels. Those experiences have given me a unique perspective on what genuine public service looks like. It is from that perspective - not merely as David's friend - that I can say his commitment to serving others has always distinguished him.

David's work ethic is truly unmatched. Throughout the many years I have known him, I witnessed him devote countless long hours... often working well into the early morning to fulfill his responsibilities. Whether preparing legislation, responding to constituent concerns, teaching his students, or managing the countless demands that accompany public office, he consistently approached every responsibility with remarkable energy and discipline. I often wondered how one person could sustain such an extraordinary pace. David never seemed interested in doing only what was required; he believed that if people entrusted him with a responsibility, they deserved his very best effort.

One of my most meaningful experiences with David came while volunteering alongside him during his campaign for the Florida House of Representatives. Having spent my own career in public administration, I understand that political campaigns often involve brief conversations intended to meet as many voters as possible. David's approach was entirely different.

If a resident invited us into their home, he would gladly accept. What was intended to be a brief campaign stop often became an hour or more spent sitting in a resident's living room listening to their

concerns, answering questions, and discussing ways he could help. More than once, we found ourselves spending a significant portion of the afternoon with a single family because David refused to treat their concerns as an interruption to the campaign schedule. Our canvassing routinely fell behind because he believed every person deserved to be heard.

What impressed me most was that these conversations never felt transactional or political. David was genuinely interested in connecting with people and understanding their concerns. I was particularly struck by the care and attention he devoted to senior citizens. Many sought assistance with problems involving government agencies or constituent service matters. David listened patiently, treated each individual with dignity and respect, and followed through because he sincerely wanted to improve their situation. Those experiences reinforced what I had already come to know about him - that his desire to serve others was authentic and deeply rooted.

That same philosophy carried into his work as a professor at Florida International University. David occasionally invited me to speak to his Public Administration classes, where I had the opportunity to observe the message he consistently shared with his students. He taught that public administration is far more than a profession - it is a calling rooted in service. He challenged his students to understand that technical knowledge, while important, was never enough. To become truly effective public administrators, they needed to possess a genuine passion for serving others. I found that message especially meaningful because it reflected exactly what I had witnessed in David throughout our friendship.

David later continued that commitment to public service by serving our nation as a Member of the United States House of Representatives. Regardless of the position he held - as a professor, state legislator, Congressman, or simply as a friend - I have always known him as someone motivated by a sincere desire to help people and to serve something larger than himself.

Over more than three decades of friendship, I have watched David's words consistently align with his actions. Whether in the classroom, on the campaign trail, in elected office, or in private life, his commitment to serving others was not something he simply spoke about - it was something he practiced. Those are the qualities that have defined the man I have known for more than thirty years.

I recognize that Your Honor has before the Court all of the information necessary to determine an appropriate sentence, and I do not presume to comment on the legal issues before the Court. My purpose in writing is simply to share my personal observations of David's character based upon more than three decades of friendship. I respectfully ask that the Court consider these observations, together with all of the other information before it, in reaching a fair and appropriate sentence.

Thank you for your time and thoughtful consideration.

Respectfully,

Yocelyn Galiano
Village Manager, Village of Pinecrest
*(I write solely in my personal capacity and not on behalf of the Village of Pinecrest, its Council, or any governmental entity.)*

[redacted]

GRIMES GALVANO
Grimes Hawkins Gladfelter & Galvano, P.L.
Attorneys at Law | Est. 1922

GRIMES GALVANO
OVER 100 YEARS
OF EXCELLENCE
Attorneys at Law | Est. 1922

ATTORNEYS
Caleb J. Grimes
Bill Galvano
Derin Parks
Kyle W. Grimes
Jack Hawkins
Neil G. Taylor
William Clague
Mitchell O. Palmer
Stephen R. Josephik
Chad Manausa
Gianna M. Tomeo, LL.M.
Paola Stay

Of Counsel
Leslie Horton Gladfelter

September 21, 2026

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

**Re: David Rivera; Case No. 1:22-cr-20552**

Dear Judge Damian,

I am writing for the Court's consideration at sentencing of David Rivera in the above referenced matter.

By way of background, I have been a member of the Florda Bar in good standing since 1992. I served eight years in the Florida House of Representatives and eight years in the Florida Senate, and I am a former President of the Florida Senate. David was a colleague of mine during our shared service in the Florida House.

I have known David for nearly forty years. We first met as young men, when we were both members of the Florida Young Republicans, and over the decades since I have seen firsthand his steady commitment to the people of Florida. He has been a dedicated and devoted public servant. David has always been engaged, interested in making a difference, and genuinely invested in his community and in our state.

David and I worked closely together in the Florida House during a period of serious financial strain for Florida. I chaired the Rules and Calendar Council while David chaired Appropriations. In that role, he framed much of his budget work around finding cost savings for the state and for Florida families, and he approached the work with diligence and care.

50 Central Avenue, Suite 920
Sarasota, FL 34236
(941) 748-0151

Mail to:
1023 Manatee Avenue West
Bradenton, FL 34205
(941) 748-0151

420 Columbia Drive, Suite 100
West Palm Beach, FL 33409
(561) 462-1401

www.grimesgalvano.com

Beyond the budget itself, David worked to make real investments in Florida's future. He was a strong advocate for expanding higher education in South Florida, including the creation of new professional schools at Florida International University, and he supported measures to ease costs for working families, such as Florida's tax-free back-to-school shopping holidays. These were the kinds of efforts that reflected his priorities: strengthening our institutions while keeping government mindful of the families who pay for it.

I am not writing to address the merits of the pending matter. I write only to respectfully ask that this Honorable Court consider David's long record of service to his country, his state and his community when imposing a sentence. He has made meaningful and lasting contributions to Florida and to the people it serves, and I respectfully ask that the sentence permit him to continue to be a productive member of the community he loves and has served.

Should you have any questions or wish to discuss further, please do not hesitate to contact me.

Very truly yours,

Bill Galvano, Esq.

Alina Garcia
Supervisor of Elections, Miami-Dade County
[redacted]

The Honorable Melissa Damian
United States District Judge

Re: David Rivera

Dear Judge Damian:

I am writing to you because I have known David Rivera since he was a young boy, since he was about thirteen years old. I have had the privilege of watching him grow into the man he became, and over the years he became much more than a friend or an employer to me. He became family.

When I first knew David, he was funny, caring, and respectful. Even as a young person, I remember the way he cared for his mother, who was raising him as a single parent. That sense of responsibility toward family never left him.

I eventually had the opportunity to work with David for twelve years. During those years, I saw a side of him that I wish everyone could have seen. He was not simply a boss to me. He was someone who genuinely cared about people.

David always believed that our job was to help people. He would tell us that we were elected to serve people, and that our only job was to help. He meant it.

I watched him spend countless hours helping people who came through our doors or called our office. There were many nights when David would work until all hours because a single mother needed assistance or an elderly person needed someone to help them. He did not look at the clock and ask whether helping that person was still part of his job. He simply helped.

That is the David I know.

I also witnessed David's devotion to his own mother in a way that I will never forget.

I watched him suffer alongside her through her battle with cancer. He was there for her literally every moment he could be. He was at her bedside. He cared for her, comforted her, and stayed with her through the most difficult moments of her illness.

David loved his mother deeply. Watching him go through her illness and ultimately lose her was heartbreaking. Even today, I know that he remains heartbroken over her death. The love he had for his mother was one of the clearest examples I have ever seen of the kind of person David is. His family has always been at the center of his heart.

I experienced that same love personally when my own mother was in the hospital.

After work, I would go to stay with her. Many times, David would already be there, sitting with her and keeping her company.

My mother loved David very much and looked forward to his visits. He would sit with her for hours, simply talking with her and making her feel special, loved, and important. He never made me feel guilty for spending time with my mother or for taking time away from work. Instead, he would remind me that family comes first and that I should take all the time I needed.

That memory means so much to me because David did not have to do any of that. He did it because he cared.

My children have always known David as Tío David. That is what they call him, and they call him that because that is what he has become to them.

He has been there for the births of my grandchildren. He has been there for birthdays, holidays, celebrations, difficult times, and ordinary family moments. He has always gone out of his way to help my children and my grandchildren.

He has never needed to be asked twice.

David has always been the kind of person who believes that what he has belongs to the people he loves. If David has a dollar, you have a dollar. If David has a piece of bread and you are hungry, he will give you his bread and stay hungry himself.

That is not simply something I say about him. That is the way I have watched him live his life.

There is a word in the Bible that I think describes David better than almost anything else: servant. Not servant because someone forced him to serve, but servant because helping other people is simply part of who he is.

That is why it has been so difficult for me to watch what has happened to him.

Since the trial, I have seen David as a broken man. He is like a shell of the person I have known for so many years. I have seen the shock in him that he is now in prison. I have seen the pain, the sadness, and the disbelief. The David I know has always been the person helping everyone else. Seeing him now, in this condition, is heartbreaking.

David has spent his life being there for other people. Now he is the one who needs people to be there for him.

And I am begging you, Judge Damian, to please be there for him.

I am begging you to have mercy on David.

I know the David who sat beside my mother in a hospital room for hours.

I know the David who stayed late into the night helping a single mother or an elderly person who needed assistance.

I know the David who taught us that if you are elected to serve people, your responsibility is to help them.

I know the David who devoted himself to his mother throughout her battle with cancer and who remains heartbroken over losing her.

I know the David who was there when my grandchildren were born.

I know the David who my children call Tío David.

And I know the David who would give away his last piece of bread to someone who was hungry.

That David is deeply missed.

Every birthday, every holiday, every family gathering feels different without him. My children and grandchildren miss him. I miss him. Our family misses the person who has been such a constant presence in our lives.

I believe David still has so much to give. I believe he can continue to serve, continue to help people, continue to be there for his family, and continue to contribute something meaningful to the world.

Judge Damian, I am asking you to please look beyond the person defined by this moment in his life and see the whole person I have known for decades.

I have known David since he was thirteen years old. I have watched him grow. I have worked beside him. I have watched him care for his mother, his employees, strangers, friends, my mother, my children, and my grandchildren.

And after all these years, I can say with complete sincerity that I love David as family.

I am begging you to have mercy on him. Please give him the opportunity to return to the people who love him and to continue doing what I have watched him do his entire life: serve, help, and care for others.

Thank you for taking the time to hear from someone who has known David for most of his life.

Respectfully,

Alina Garcia

The Honorable Melissa Damian
United States District Court
99 N.E. Fourth Street
Miami, Florida 33132

Re: Representative David Rivera

Dear Judge Damian:

My name is Susan Goldstein, and I am a former member of the Florida House of Representatives. I am also the mother of an adult daughter with profound autism and have devoted much of my public and professional life to advocating for individuals with developmental disabilities. I respectfully submit this letter because I have known David Rivera for more than twenty years as a legislative colleague, a trusted friend, and ultimately someone who became family.

David supported and encouraged me when I first sought public office, and we served together in the Florida Legislature for several years. He was among the hardest-working public servants I have ever known. He regularly scheduled meetings before 7:00 a.m., arrived while it was still dark outside, and remained in his office after midnight. His legislative salary was modest, but his commitment to his constituents, his colleagues, and the people of Florida was extraordinary.

Throughout my legislative service and for many years afterward, David helped me advocate for nonprofit organizations serving people with developmental disabilities. He assisted in securing funding that allowed trusted community providers to care for profoundly affected individuals, rebuild, upgrade, and maintain their facilities, and provide critical support to families who often had nowhere else to turn. He also helped countless cities, constituents, fellow legislators, candidates, and community organizations. I never knew him to measure his willingness to help by what he might receive in return. He simply worked tirelessly, understood government better than almost anyone I have ever known, and used that knowledge to improve the lives of others.

Our relationship was also deeply personal. David became one of my closest friends. He spent time with our family, was welcomed in our home in Tallahassee after we left office during ceremonial gatherings and reunions, shared meals, and countless conversations with us, and over the years truly became part of the family. His knowledge of public policy and government was exceptional and immediately evident to anyone who worked with him, including my husband, whose political views often differed from David's. Regardless of politics, he shared a mutual respect for David's intellect, work ethic, and genuine desire to serve others. He was loyal, generous with his time, and always available when someone needed him.

I also personally witnessed David's deep commitment to democracy and his concern for people who had fled authoritarian governments in Cuba and Venezuela. Many Venezuelan families lived in or came through the South Florida communities I represented. I never observed David supporting oppressive governments or sympathizing with the ideologies that caused those families to flee. His opposition to dictatorship and communism was sincere and fundamental to the person I knew.

I understand that the Court must sentence David based upon the verdict and the applicable law. I do not seek to challenge that responsibility. I can only speak truthfully from more than two decades of knowing him. The conduct underlying his conviction is inconsistent with the man I have known. I never observed him acting dishonestly in his dealings with me. His commitment to democracy and to people fleeing authoritarian regimes was sincere.

David has already lost his freedom, his reputation, and much of the life he spent decades building. I respectfully ask the Court to consider the entirety of his life: his years of demanding public service, the communities and vulnerable individuals he helped, his unwavering loyalty to family and friends, and the good he remains capable of doing.

As the mother of a daughter with profound autism, I have spent my life learning to recognize the inherent worth in every person, even when others see only their limitations or their worst moments. I respectfully ask the Court to extend that same grace and mercy to David.

I respectfully ask the Court for mercy and for a sentence that recognizes David as more than the conduct for which he now stands convicted. During more than twenty years of friendship, I witnessed a man who devoted his life to public service, who gave generously of himself to others, and who never hesitated to help those in need.

In public life, people often come to know someone through headlines and court filings. Those of us who worked beside David for years came to know the person behind those headlines. I remember the countless acts of kindness, mentorship, loyalty, and public service that never made the news but changed lives all the same. Those quiet moments of generosity and selflessness are just as much a part of David's character as anything else the Court has heard.

I sincerely believe he still has much to contribute to society, and I respectfully ask the Court to give him that opportunity.

Thank you for your time and thoughtful consideration.

Respectfully,

Susan Goldstein

Former Member

Florida House of Representatives

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

Honorable Judge

My name is Dora Gomez, and I am writing this letter on behalf of Mr. David Rivera, whom I have known since 1984.

David and I met as undergraduate students at Florida International University, where we both majored in Political Science. During our time at FIU, we were part of a close-knit group of friends whose bond has endured over the years. Although I have had only occasional contact with David in recent years—primarily through alumni reunions and lunches with former FIU classmates—the strong foundation of our longstanding friendship has allowed me to know him very well.

David was an outstanding student, a dedicated worker, and an exceptional friend. He was always willing to help others succeed, generously sharing his time, knowledge, and encouragement with classmates who needed support. A true team player, David believed that everyone achieved more when people worked together. I fondly remember the many study sessions and writing projects we shared, where his intelligence, thoughtfulness, and openness to exchanging ideas made him both a valued colleague and a cherished friend. At a young age, David demonstrated a deep love for his country and a genuine commitment to public service. He cared deeply about the environment, was actively engaged in politics, and often spoke about creating a better future for our nation. His aspirations were consistently guided by a desire to serve others, contribute positively to society, and make a meaningful and lasting difference in the lives of those around him.

During the course of David's service in the Florida House of Representatives and later as a Member of the United States Congress, I was always pleased to see his success. Based on the person I knew in college, I believed he would work tirelessly on behalf of his constituents and dedicate himself to improving his community and our state.

For that reason, I was deeply surprised when I later learned through news reports of his involvement in criminal conduct related to the Venezuelan regime. The David Rivera I knew in college was someone who believed strongly in integrity and public service. He demonstrated a genuine commitment to democratic principles and ethical conduct. I remember him as someone who rejected even the appearance of impropriety and sincerely cared about doing what he believed was right.

I recognize that the Court has before it the facts concerning Mr. Rivera's conduct, and I do not seek to excuse or minimize his actions. I can only share my firsthand experience with the young man I knew and express my belief that people are capable of learning from their mistakes and changing for the better. It saddens me that someone with David's intelligence, ability, and potential reached this point. Nevertheless, I continue to believe he possesses the capacity for personal growth, rehabilitation, and the opportunity to make positive contributions in the future.

I respectfully offer these observations for whatever value the Court may find them in considering Mr. Rivera's character and potential for rehabilitation.

Thank you for your time.\

Sincerely,

Dora R. Gomez

**ALEX HANNA LAW, P.A.**
TICKETS * IMMIGRATION * ACCIDENTS
ATTORNEYS AT LAW

8700 West Flagler Street, Suite 380
Miami, Florida 33174
Telephone: (305) 883-7272

**September 21, 2026**

The Honorable Melissa Damian
James Lawrence King Federal Justice Building
99 N.E. Fourth Street, Room 1061
Miami, Florida 33132

**Re: United States of America v. David Rivera, Case No. 22-60522-cr-DAMIAN**

Dear Judge Damian:

My name is Alex Hanna. I am a practicing attorney in Miami, Florida, and have been a member in good standing of The Florida Bar for more than 25 years. I write respectfully in advance of David Rivera's sentencing to share my personal knowledge of David based on a friendship and professional relationship spanning nearly three decades.

I understand the seriousness of the matter before the Court and the significant responsibility involved in sentencing. I recognize that the Court heard the evidence at trial and is fully familiar with the facts and circumstances of this case. I do not write to minimize those matters, challenge the jury's verdict, or tell the Court how to perform its responsibility. I write only to provide a perspective on David based upon my personal experiences with him since approximately 1995-1996.

I first came to know David through our involvement in Miami's Cuban community. We worked alongside one another in efforts connected with El Partido del Pueblo Cubano and individuals including Dr. Luis Conte Agüero. During that same period, I volunteered alongside David on the Bob Dole presidential campaign and other civic and political efforts.

Those experiences allowed me to observe David long before he held elected office. I saw his work ethic, his commitment to the causes in which he believed, and, importantly, the manner in which he treated people who had little ability to do anything for him in return.

One experience has remained with me over the years. During our early community work, a group of recently arrived Cuban exiles with very limited resources sought assistance navigating basic needs and government processes. I watched David take the time to sit with them, listen to their concerns, and help connect them with resources and guidance. There were no cameras, no public recognition, and no apparent political benefit. He simply devoted his time and attention to people who needed assistance.

I later witnessed important stages of David's public career, including his campaigns for the Florida House of Representatives and, eventually, the United States Congress. My personal experience during those years was of someone willing to work long hours, engage directly with constituents, and maintain relationships with people in the community over many years.

My relationship with David did not begin with his public office, and it did not end when he left public office. I have known him as a friend through different chapters of both of our lives. That long history is why I believe I can offer the Court a perspective extending beyond the events underlying this case.

I recognize the seriousness of a federal criminal conviction and the importance of accountability. At the same time, the David Rivera I have known for nearly thirty years is more than the conduct for which he now stands before the Court. I have personally witnessed qualities of loyalty, generosity with his time, commitment to friends and community, and a willingness to assist others without expectation of recognition or personal benefit.

As an attorney and longtime member of the Miami legal community, I do not make these representations lightly. Based on the person I have known for nearly three decades, I believe David has the capacity for reflection, personal growth, rehabilitation, and meaningful contribution to his family and community in the years ahead.

I respectfully ask the Court to consider my experiences with David, together with all of the other information properly before it, in determining an appropriate sentence.

Thank you for allowing me to share this perspective and for your consideration.

Respectfully,

*Alex Hanna*

**Alex Hanna, Esq., LL.M.**
8700 West Flagler Street, Suite 380
Miami, Florida 33174
Cell: (786) 342-5255
Email: alex@alexhanna.com

July 6, 2026

The Honorable Melissa Damian

99 N.E. Fourth Street

Miami, Florida 33132

Your Honor:

I have known David Rivera for around 37 or 38 years. I feel I know him very well. I first met him when he was working for the Cuban American National Foundation (CANF), an important organization working for Human Rights and Freedom in Cuba. I was at the time a Congressional staffer (working for Congressman Dan Burton (R-IN)). I subsequently became the staff director of the House Foreign Affairs Committee Subcommittee on the Western Hemisphere. Later on I came to head the American Jewish International Relations Institute (AJIRI), founded by the late Ambassador Richard Schifter. In those capacities, I dealt extensively with David, including when he later worked for the Armando Valladares Foundation, and into his tenure in the Florida Statehouse and his term as Congressman representing the 25th District of Florida.

Throughout those years I had considerable personal and professional interaction with David, including working hard together in Geneva at the UN Human Rights Commission on behalf of human rights in Cuba. David has always been someone I could count on as a friend and was always there for me and for everyone in my family.

I have always known David to be a stand-up person, a decent, kind, and a thoughtful human being, a loyal and caring friend.

We are all imperfect beings. I respectfully ask Your Honor to show David the utmost compassion and consideration in sentencing.

Sincerely yours,

Gil Kapen

BBI)

[redacted]

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

Dear Honorable Mellissa Damian,

My name is Scott Keith. I met David Rivera, in the fall of 2024, through my fiancé Diana Rivera. My first encounter with him was at the playground with his two boys. He was there alone with his two boys. Every encounter that I had with David, outside of his home, was him alone with the two boys. I saw them at the park, baseball and soccer games in which the boys played in and at eateries. I have also spent Thanksgiving and Christmas at David's house, where again, he was there alone with his boys.

From these encounters, I can conclude one thing, that David is a father that deeply cares about his boys. I can see that he tries his best. After the divorce, David became the primary caretaker of his boys. They lived with him. From my understanding, the boys saw their mother every other weekend and on holidays.

Every time that I saw the boys they seemed happy. They laughed a lot. David took them to all their baseball and soccer games. I was told that he flew in just to be at their baseball game right before the trial began. From what I can see, David is an extremely devoted father, and the boys are very attached to him.

I cannot speak of much else because I have only known him for a short time. I have read what he has accomplished throughout his career, and it seems to me that he has tried his best to help others. It is not easy to be liked by everyone, and no one is perfect, but I sincerely believe that David has had the best intentions.

I am also a father, and I understand how painful this must be for David. I can truly see that he was in it for the long haul. I can see that he went the extra mile. I, we, can only ask that all of this be taken into consideration. I can also only imagine how devastated his young boys are.

Thank you very much for consideration of this matter.

Sincerely,

Scott Keith

Noreen Kinnavy
July 24, 2026

The Honorable Melissa Damian
99 NE Fourth Street
Miami, Florida 33132

**Re: Character Reference for David Rivera**

Dear Honorable Judge Damian,

I am writing in support of David Rivera as the Court considers sentencing in his case. I fully understand the seriousness of the offenses for which he has been convicted. My purpose in writing is not to minimize this, but to offer my perspective based on nearly four decades of personal and professional knowledge of his character, service, and contributions.

I recently retired after serving almost forty years with the US Agency for Global Media, where I served as the Ombudsman of the Agency for the last 14 years of my career, having been selected jointly by both senior management and all three unions to serve in that role. Prior to that, I represented the agency, promoting its programming and broadcasting interests internationally under the diplomatic auspices of the State Department's Office of Public Diplomacy and its predecessor, the United States Information Agency (USIA). Other positions included international field work in support of Voice of America's journalistic mission as a Senior Development Officer as well as public relations work as VOA's Deputy Director of Public Relations.

I first met David early in my career, when he worked for prominent former Cuban political prisoner Armando Valladares in support of human rights and democracy in Cuba. We later became colleagues in the early 1990s, when David joined the Office of the Director of Radio Martí and then the Directorate of the Office of Cuba Broadcasting. I can say that David was the kind of colleague anyone would hope to have and that, in my experience as well as in that of so many I helped as Ombudsman, is rarer than one would like to imagine. He had the whole package: he was a team player, hardworking, supportive, conscientious, and professional, who earned the respect of those working alongside him.

Over the years, I came to know David well and watched him grow professionally, all while remaining dedicated to his family, his friends, and his community. He has consistently offered support, encouragement, and generosity to those in his life. These were not isolated gestures; they were enduring qualities I observed over many years.

To say that this case has personally touched me is an understatement, largely because I love our country deeply and believe in fairness and also mercy. It is not helpful to revisit what the jury found in terms of his conviction, because I have faith in our system of justice and trust they fulfilled their role earnestly. To say that the case does not comport in any way with the person I know is not to deny the findings of the jury, but rather to highlight that a man who spent the overwhelming majority of his adult life dedicated to others and to supporting the cause of democracy does not, in my humble estimation, belong behind bars for any significant length of

time. Upon reading the possible length of a sentence in this case, he is essentially facing life in prison. I worry that in his political roles, no one, including David, could avoid displeasing some. We live in such a polarizing time, and I can only trust, regardless, that those pressures will not come to bear now to his detriment, but rather that his overall contributions to society as well as his age will be taken into account.

I respectfully submit this letter to provide the Court with a fuller picture of the person I have known for decades. I believe David possesses the integrity, resilience, and character to learn from this experience and hopefully soon continue making positive contributions to his community, his family, and his friends.

Thank you for considering my perspective. I appreciate the difficult responsibility before the Court and respectfully ask that you take my observations into account during sentencing.

Respectfully,

Noreen Kinnavy

Carlos A. Lacasa
[redacted]

September 22, 2026

The Honorable Melissa Damien
United States District Court
For the Southern District of Florida

Re: United States of America v. David Rivera
Case No. 22-60522-cr-DAMIAN

Dear Judge Damian:

I write to you in anticipation of the sentencing of David Rivera which you will soon consider. I came to know Mr. Rivera during the time I served as a member of the Florida House of Representatives from 1994 through 2002. During the eight years I served, I developed a deep appreciation for those members of the House who truly understood the importance of serving their communities with devotion and love of country. It is through this lens that I saw how David performed his duties as a House member starting in 2002. I respect him and regard him as a friend.

David has vast support in our community, which he earned through his good works as a public servant. After I retired from the House, I supported then Representative Rivera's legislative efforts to combat child poverty and improve children's healthcare in our State (a priority of mine when I served). Under his leadership, I witnessed many improvements to the Florida Medicaid programs for impoverished children.

As an attorney who built a career focused on corporate law and regulatory compliance, I know the importance of maintaining a culture of compliance through vigilant oversight and enforcement. For this reason, I can understand how the Court may weigh David's prior political career and prominence in the community as it considers his sentence. To err is most certainly human and justice must be served. Any failure on David's part to comply with federal law in this case must surely be addressed, but weighed against his otherwise law-abiding life.

For these reasons, I respectfully ask your Honor to employ leniency for Mr. Rivera. Allow him an opportunity to make amends for his actions through service to his community.

Thank you for your consideration of this matter.

Respectfully,

Carlos Lacasa

The Honorable Melissa Damian
United States District Court
99 N.E. Fourth Street
Miami, Florida 33132

**Re: Character Reference for David Rivera**

Dear Judge Damian:

My name is Jorge igancio Lopez. I am a retired U.S. Navy Lieutenant Commander with over 22 years of service, including duty as a TOPGUN-designated Adversary Pilot and an exchange tour training allied fighter pilots. I currently serve as President of PECO International Electric Inc., and I am also a candidate for Monroe County Commissioner in Florida's Keys. I am writing this letter voluntarily to share my knowledge of David Rivera's character, which I have come to know personally over the past 20 years.

I first came to know David through his work as a committeeman for the Republican Party of Miami-Dade, and in the two decades since, I have watched him consistently act as an upstanding citizen and public servant. David has given generously of his time to help other candidates get elected, working directly on their campaigns without expectation of recognition. I have seen this firsthand: David personally worked on two campaigns for my wife, Rhonda Lopez, who now serves as Chairwoman of the Republican Party of Monroe County. His commitment in that effort was not for personal gain — it was the kind of help he has quietly given to many others in our community. He has also been instrumental in community fundraising efforts and civic causes, and I have personally witnessed him take time to help elderly members of our community through difficult periods in their lives.

The David Rivera I have known for two decades is a man of integrity and genuine care for his community. I respectfully ask the Court to consider this letter as it determines an appropriate sentence.

Respectfully,



Jorge Ignacio Lopez
Lieutenant Commander, U.S. Navy (Retired)

September 4, 2026

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Fl 33132

To the Honorable Court:

My name is Diana Lopez-Lima, and I am a Human Resources Manager based in Miami, Florida. In my professional role, I am responsible for evaluating employee performance, character, integrity, and trustworthiness, and I have extensive experience working with individuals from diverse backgrounds. Through both my professional and personal experiences, I have developed a strong ability to assess character and reliability. I respectfully submit this letter to share my observations and perspective regarding David Rivera.

I have known David for more than forty years, and he was one of my late husband's closest friends. My husband, Reynaldo Lopez Lima, was a political prisoner in Cuba for twenty-three years because of his opposition to the communist regime.

What has always impressed me most about David is his unwavering love for, belief in, and gratitude toward the United States. He is a passionate defender of freedom and a steadfast opponent of communism. Throughout his life, David has made numerous contributions to this country, many of which are publicly documented. In addition, I can personally attest to the many acts of kindness, support, and service that he provided to fellow Americans, friends, and others in need, often without recognition or publicity.

David has always demonstrated deep love and devotion to his family. I have known him to be a kind, loyal, and compassionate friend. He consistently offered support and encouragement to people like my husband, whose courage and sacrifice in resisting the Cuban communist government will always be remembered.

Based on my many years of knowing David and witnessing his character firsthand, I respectfully and humbly ask the Court to grant him the utmost clemency in sentencing. I firmly believe that his lifelong contributions, patriotism, compassion, and dedication to others merit the Court's most favorable consideration.

Thank you for your time and consideration.

Respectfully,

Diana Lopez-Lima

September 20, 2026

Honorable Melissa Damian
99 N.E. Fourth Street, Room 1061
Miami, Florida 33132

Re: United States of America v. David Rivera
Case No. 22-60522-cr-DAMIAN

Dear Judge Damian:

My name is John Peter Lyons, and I have known David Rivera since 1979, when we were both students at Miami Christian School. We have been close friends for over forty-five years. He was the best man at my wedding. I am writing to ask you, respectfully, to show David mercy and compassion when you decide his sentence.

I want to tell you about the David, I have known since we were teenagers. If I had to describe him in one phrase, I would say he has always had an open heart. That has been true of him since he was a boy and it has not and never will change.

Even back in high school David had an open heart and open arms for everyone. He was always trying to help and make things better for his friends, his peers and the community outside of school. He was class president when we were in the 11th grade and then he became the student council president, and he was always organizing things, putting people together to get something done for the school or for people in need in the community. We also spent years doing fundraising for our private school that always needed it. That was not something anybody made him do. It was just how he was.

Growing up I spent a lot of time inside David's home and I know firsthand that David was a very good son. He loved his mother deeply of course, but he also respected her very much. He was always very cognizant of the sacrifices that his mother made to send him to a private school and to provide for him and his sister and was always determined to always work hard, be kind and do good to make sure that her sacrifices were not in vain.

David has always been the one who kept our high school class together too. Long after high school ended, he was the one organizing our reunions, because he wanted everyone to stay in touch and not lose each other over the years. A few years ago David and I organized our fortieth-class reunion, and he dedicated it to Gina, a classmate and friend of ours who had passed away just months before. We held the reunion at the 94th Aero Squadron, a place that was very special to David because his mother used to take him there as a boy to watch the planes and listen in on the air traffic tower. That is who he has been to our class for decades, the guy who shows up and quietly takes care of things so other people do not have to.

One of the best memories I have is that of my wedding day. One of the best things in my life is my wife. It was David who encouraged me, from his own bedroom phone, to finally call my now wife and ask her out on a date. Years later I married her, and David stood beside me as my best man.

As an adult, long after we graduated, David did not forget our high school nor the students who might be facing some of the same obstacles that he faced as a student. David served on the board of Miami Christian School, helping to keep it running through the struggles that private schools face. Most people do not even know about that because he didn't tell people. He didn't do it because he wanted people to know, he did it because there was need and he wanted to help.

When David was a Florida State Representative and later in Congress, I saw the same thing up close. He was one of the most if not the most successful, elected officials because he cared and he ran a true open-door office. Anyone with any problem had a friend and an advocate in David. People came to him with their problems, and he worked to help them, not because it was good politics but because that was simply who he was with people, in his personal life and in his public life both.

I have known David for over forty-five years, through good times and hard ones, and the man I have known is generous, loyal, and good to the people around him, without ever needing anything back. My fear is that a man like this becomes just another name in a system that processes thousands of people and does not know any of their stories.

I am asking you not to let that happen to David. I am asking for mercy and for you not to sentence him to years that would meaningfully negate all the contributions that he has made and to now just waste away in a cell.

Respectfully submitted,

John Peter Lyons

[redacted]

**Modesto "Mitch" Maidique, PhD**
[redacted]

May 11, 2026

The James Lawrence King Federal Justice Building
Honorable Melissa Damian
99 N.E. Fourth Street, Room 1061
Miami, Florida 33132

Re: United States of America v. David Rivera, Case No. 22-60522

Dear Judge Damian:

My name is Modesto "Mitch" Maidique. I am writing to you to beg for your mercy in the sentencing of Congressman David Rivera. I previously served as President of Florida International University for twenty-three years and seventeen years as a Professor of Leadership at the FIU College of Business. I have also served as a professor at MIT, Harvard, and Stanford.

I write to express my commitment to serve as a co-surety on any post-trial bond for David Rivera in the above-referenced case. While I do not own real property to pledge, I am fully prepared to pledge One Hundred Thousand Dollars ($100,000.00) in cash as security because of my complete confidence in David Rivera's character and reliability.

I have known David Rivera personally for more than twenty-five years. Over that time, I have had the opportunity to observe not only his public service, but also the many meaningful contributions he has made to this community and to the State of Florida, often without recognition and often through sheer persistence and determination.

The contribution that I know especially well is the creation of the Florida International University College of Medicine. If anyone deserves to be called the "father" of the FIU College of Medicine, it's Congressman and former Chair of Appropriations in the Florida House, David Rivera. He recognized that the stars had aligned, and he worked tirelessly to stitch them together. And voila: a medical school. His commitment, advocacy, and determination were instrumental in making that FIU Medicine a reality. The impact of that achievement continues to benefit thousands of students, families, physicians, and the broader South Florida community every single day.

Throughout the many years I have known him personally, I have seen David consistently show up for others, for institutions, and for this community. He has never struck me as someone motivated simply by personal recognition, economic ambitions or self-interest.

Instead, I have known him as someone willing to take on difficult responsibilities and difficult fights because he believed they mattered.

For all of those reasons, I ask your mercy for someone who has given so much to our community.

Respectfully submitted,

/s/

Modesto "Mitch" Maidique, PhD

**Kelly Mallette**

[redacted]

July 6, 2026

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, FL 33132

Dear Judge Damian,

My name is Kelly Mallette. Professionally, I work as a government affairs consultant, representing clients before the Florida Legislature and Executive Branch. I have worked in government and politics all of my adult life, beginning as an aide to the mayor of Miami, later as a legislative assistant to a state Senator. In 2002, I joined a law firm, as a non-lawyer, and have been there ever since, which is nearly 24 years now. I am writing to you today regarding my longtime, dear friend, David Rivera.

I came to know David when he was first elected to the state Legislature, as a member of the Florida House of Representatives. Some years later, Representative Rivera was appointed to serve as the chair of the House Appropriations Committee, a significant role wherein he oversaw negotiations on Florida's budget. At the time, I was a junior member of a lobbying team for Miami-Dade County. One of the items that Miami-Dade County had prioritized for many years, was funding for a tunnel to the Port of Miami. The tunnel would allow trucks to enter the Port, thereby easing the commute for the many visitors that use our Port. It was a project that had been decades in the making, when, in an unexpected development, the executive administration announced that the project would not move forward. As you can imagine, our local leaders were shocked at this development, and they immediately rallied to try to save the Port Tunnel. Representative Rivera took ownership of the project and went to bat for our community. After weeks of tense negotiations, David was able to get the project back on track. I think about him every time I see the sign for the Port Tunnel and know that he was instrumental in making it happen. I dare say that it would not have happened without him.

That is a political story, but my friendship with David goes beyond politics. Many years ago, my young son was looking for a new baseball team where he could learn and develop his skills. Finding the right team had proven difficult. David mentioned that his friend, former 1997 World Series MVP Livan Hernandez, was coaching a travel baseball team for kids in Miami, and he encouraged us to try it out. We agreed and David even went so far as to meet us at practice to introduce my son to Livan. My son joined the team and played there for a couple of seasons. My son has very fond memories of his time on the team and the training he received.

Our friendship was built largely over our love of patriotism and the United States of America and the freedom it provides us all. David is one of the most patriotic people I know, whose love for America is rooted in its founding principles of liberty, justice, natural rights and limited government. I know David holds these values extraordinarily dear and that is why I have struggled to understand how he could have been convicted of the crimes for which he was accused.

As you consider a sentence for David, I humbly and respectfully ask you to consider the many good things he has done for the community and the many kindnesses he has shown friends. After a lifetime of working in politics, I can attest that true friends are hard to find, especially in politics. David is a true friend in every possible sense of what the meaning of a true friend is. I hope you will consider this as you deliberate.

Most Sincerely,

Kelly Mallette

September 20, 2026

The Honorable Judge Melissa Damian

Re: Character Reference for David Rivera

Your Honor:

I respectfully submit this letter as a character reference for David Rivera. I first met David during the 1993 election cycle in Hialeah, Florida, which at that time was part of Dade County.

From the beginning, David and I shared a passion for Republican politics, a strong Cuban-American work ethic, and a deep appreciation for the freedoms and responsibilities we have in the United States. During the years I knew him closely, I found David to be dependable, willing to assist others, and generous in making introductions to like-minded colleagues and friends.

Over time, our professional paths developed into a friendship. We attended many political events together and shared many mutual friendships. In 1999, we relocated to Tallahassee, Florida, for work and became roommates with a third roommate. During that period, David was a supportive friend. When my oldest son was born, David came to visit us at the hospital, a gesture I have always remembered.

After my divorce in 2003 and later remarriage, I chose to focus on a fresh start in my personal life. As often happens, life took us in different directions, and David and I spoke less frequently over time. There was no conflict or negative incident between us; rather, our lives simply changed, and we eventually lost regular contact. We have not spoken in years.

Based on my firsthand experience with David, I can say without reservation that he loves the United States, values freedom, and strongly opposes communism, socialism, and dictatorships. I never personally witnessed, nor was I ever in a position to observe, any conduct related to the accusations or charges that have been brought against him.

What I did observe firsthand was that David often spent his time helping and defending people who had little or no voice. He advocated for others and, in my experience, showed concern for those who needed support.

I respectfully ask the Court to consider the person I knew David to be during the years of our friendship when determining any judgment in this matter. I pray that the Court will find room for leniency and mercy as it sees fit.

Respectfully yours,

Roly Marante

Frances McDuffie
[redacted]

Re: United States v. David Rivera

Dear Judge Damian:

My name is Frances McDuffie. My husband, O.J. McDuffie from the Miami Dolphins, and I have known David Rivera for many years, both through our nonprofit organization and as a dear friend. I am writing to share some of the things I have personally seen David do for others over the years, and I hope they will be of some help to the Court as you consider his sentence.

Our charity works to help children and families in need by providing Christmas toys, school supplies, and other support in our community. David has supported our work for many years. He has consistently shown up to help at our events, working alongside us to make sure children have what they need. He has always done this, personally and without any recognition whatsoever.

There was a young man that we knew who was working as a tutor to earn extra money to help his elderly parents while he was going to college. His parents were elderly and living on very limited means. His dream was to go to medical school in Miami to stay close to his family. David, who some people call the Father of the FIU medical school took this young man under his wings and helped him every step of the way. He admired that this young man was sacrificing so much to help his parents and wanted to do anything that he could to help. He mentored him, helped him with his application, and worked with him on his resume and on how to present himself. That young man is a physician today. He was able to remain close to his family and continues to give back to the community.

I have countless other stories like this and would be happy to share them with Your Honor. One thing we know for certain is that, at this stage of his life, David Rivera has done so much good for so many people, not just through what he did as an elected official, which arguably was his job and what he was supposed to do, but through the role he has played in the lives of so many individuals. He has helped and shaped so many people and families and helped them survive difficult times. For all of that good to end with David dying in prison would be a waste and would be such a bad example of our justice system.

I respectfully ask the Court to consider these things when determining David's sentence and to show him leniency.

Frances McDuffie

June 23, 2026

Fort Lauderdale, Florida

The Honorable Melissa Damian
United States District Judge
Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128

Dear Judge Damian:

I respectfully submit this letter in the hope that it may provide some additional perspective regarding David Rivera as the Court considers sentencing.

I am not writing to address the facts of this case, nor am I in a position to comment on the Court's findings. I write only to share my personal experience with David and the impression he has left on me over the years that I have known him.

I met David during one of the most uncertain and difficult periods of my life. I was involved in a lengthy legal battle that had become public and personally overwhelming. During that time, many people distanced themselves from me. David did the opposite.

What stands out to me today is that he had no obligation to help. He was not family. He was not a lifelong friend. He owed me nothing. Yet he repeatedly made himself available. He listened. He offered advice. He made calls. He spent time and effort attempting to assist me in finding a path toward resolution. He even traveled internationally in connection with efforts to help address aspects of my situation.

While those actions were meaningful, what I remember most is something far simpler. David showed up.

During a time when I often felt isolated and uncertain about what the future held, he consistently offered encouragement and support. He treated me with dignity when it would have been easier to walk away. Those moments may have seemed small at the time, but they carried tremendous weight for me personally.

I understand that the Court must evaluate many factors and that my experience represents only one small part of a much larger picture. Nevertheless, I felt compelled to write because the person I came to know was someone who demonstrated generosity, loyalty, compassion, and a genuine willingness to help another person in need.

Whatever conclusions may be drawn from the conduct underlying this case, I hope the Court will also consider the positive impact David has had on the lives of others, including my own.

Thank you for your consideration and for the opportunity to share my perspective.

Respectfully,

David Meadors
[redacted]

The Honorable Melissa Damian

Your Honor:

My name is Rodolfo J. Millán. I am a United States citizen, a Portuguese citizen, and I was born in Venezuela. I currently reside in Seville, Spain, where I am an entrepreneur and founder of a technology company focused on artificial intelligence and agricultural innovation. Throughout my professional career I have lived and worked internationally, maintaining strong ties to both the United States and the Venezuelan community.

I respectfully submit this letter on behalf of Mr. David Rivera.

I fully recognize and respect the responsibility that rests with this Court. I do not write to comment on the facts of the case, the legal proceedings, or the matters that are properly before the Court. I understand that those issues belong entirely within the Court's discretion.

I write solely to share my personal experience with David Rivera and the character that I have personally witnessed over the years.

As a Venezuelan-American, the tragedy that Venezuela has experienced has had a profound impact on my life, my family, and countless people close to me. Through my relationship with David, I observed a sincere concern for the suffering of the Venezuelan people and an interest in helping draw attention to the difficult circumstances facing the country. I cannot speak to political matters or motivations beyond my own observations, but I can honestly say that I witnessed compassion and concern for people who have endured tremendous hardship.

One specific experience remains particularly meaningful to me. In July 2024, David invited me to attend the Republican National Convention in Milwaukee. This was the first time I had ever attended such an event, and it represented an important personal experience for me. During that trip, David demonstrated remarkable generosity and kindness by giving up his own hotel accommodations to help me. This act reflected the kind of person I came to know: generous, thoughtful, and willing to put the needs of others before his own.

Throughout our friendship, I have known David to be deeply human, loyal, supportive, and compassionate. He has consistently shown concern for others and a willingness to help people around him. In my personal experience, he has demonstrated friendship, generosity, and kindness without expecting anything in return.

Every person is more than the most difficult chapter of his life. The David I have known has positively impacted many people, including myself, through his friendship, his generosity, and his willingness to help others.

I understand that the Court must consider many factors in determining an appropriate sentence. I do not seek to minimize the seriousness of these proceedings, nor do I presume to comment on

the matters before the Court. I simply ask that the Court consider the humanity, compassion, generosity, and character that I have personally witnessed in David Rivera over the years.

Thank you for your time and consideration.

Respectfully submitted,

Rodolfo J. Millán

Seville, Spain

United States Citizen
Portuguese Citizen
Born in Venezuela

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

July 11, 2026

Dear Judge Damian:

My name is Claudia Melissa Miro, and I respectfully submit this letter in support of David Rivera. I do not write to speak about the charges before the Court or to challenge the verdict. I write because I believe the Court should also know the man I have known for more than two decades, the man whose compassion changed the course of my life when I needed it most.

I first met David in 2002, after we both arrived in Tallahassee following the general election. He had just been elected to the Florida House of Representatives, and I was a legislative aide to another newly elected member. Our offices were on the same floor, and because I had already worked in the Legislature, I often helped guide his newer staff through the process. That is how I came to know him.

Several years later, during the 2009 recession, my life changed dramatically. I was a single mother to a one-year-old son and a survivor of domestic violence. I had just lost my job with the City of Miami in a round of layoffs, days after enrolling at Barry University to finish the bachelor's degree I had set aside fourteen years earlier. I had no family nearby, no income beyond $1,150 a month in unemployment benefits, and no computer of my own. Every job I'd ever had provided one, and mine had gone back to my employer along with my desk.

My first semester required a twenty-five-page research paper. My only option was the Coral Gables Public Library, which limited computer use to two hours a day, nowhere near enough. The university library was thirty minutes away, and at over four dollars a gallon, gas wasn't something I could spare.

Around that time, I stopped by David's district office, hoping someone might know of a job. I mentioned my situation, including my frustration with the library's time limits. David simply asked, "Do you need a computer?" and let me borrow his personal one.

I came back the next day to keep using it. And the day after that. On the third day, he walked in, smiled, and asked, "You're still using the computer?"

"Yes," I told him. "It's a twenty-five-page paper. It takes time."

Without hesitation, he unplugged it, wrapped up the cord, handed it to me, and said, "Take it. It's yours. Go do your research paper and go get your degree."

It was old. It buzzed, it froze, some keys stuck. To me, it was priceless. That computer carried me through every remaining semester of my undergraduate degree, and later through my Master of Public Administration. It stopped working shortly after I graduated, almost as if it had known its job was done.

David had nothing to gain by helping me. He owed me nothing. He simply saw someone struggling and acted, without hesitation and without an audience.

My unemployment lasted three and a half years, followed by nine more of underemployment as I rebuilt my life. That computer never left my side — through every application, every rewritten résumé, every cover letter, every attempt to start over. Because of it, I finished my education and built a career first in public service, then in the private sector. Today I serve as Senior Vice President of Business Development and Government Affairs for a transportation company, and I was recently selected for Leadership Florida's Cornerstone Class 44. None of that erases how hard those years were, but it was made possible because someone chose to believe in me when I could barely believe in myself.

Years later, I brought my son, then about eight, to a Republican Party event where David was present. My son was disappointed to learn he was too young to vote. David told him that didn't mean he couldn't make a difference, sat him down, handed him a stack of envelopes and stamps, and introduced him to an intern to work alongside. He made an eight-year-old feel that he mattered, and planted the idea that public service begins long before you can cast a ballot. That boy is eighteen now, and will cast his first vote next month.

In more than twenty years of knowing David, I have watched these same qualities show up again and again: compassion, loyalty, an instinct to solve problems and help people even when there is nothing in it for him. He often carries burdens that were never his to carry.

This is only one story, but I lived it, and I know it is not an isolated moment — it is who David is. That so many in our community have come forward for him now does not surprise me at all.

I recognize the Court must weigh many factors in reaching a sentence. I simply ask that this side of David, the one whose quiet generosity helped a frightened single mother rebuild her life, be part of what the Court weighs. One selfless act changed the trajectory of my future. I have never forgotten it, and I never will.

Thank you for your time and for considering my perspective.

Respectfully,

Claudia Melissa Miro

September 1, 2026

United States District Judge
Melissa Damian

Re: David Rivera Sentencing

Dear Judge Damian:

My name is Sandy Montoya, and I have known David Rivera since 2002, when he was serving as a Florida State Representative. Over the more than twenty years that I have known him, I have had the opportunity to see David in many different settings, but the person I remember most is not the politician. It is the gentle, soft-spoken, caring man I have known personally for all these years. David is known for his advocacy and for being a State Representative and a Congressman but he is actually very soft-spoken and, at times, almost shy. He has never been someone who needed to be the center of attention. What has always stood out to me is how naturally he helps people, without making a big deal about it. I think this was embedded in him by being raised by his mother and his grandmother.

There is one story from when David was a State Representative that I have never forgotten. At the time, legislators received a transit pass that could be used on Miami-Dade public transportation. David knew a young woman who relied on public transportation to get to work. She was a single mother, and getting to work was something she depended on the pass for. David would give his transit pass to her every month. His mother has always been a very important part of David's life and decisions. He understood the struggles that his mother faced as a single mother raising two small children in this rough world and he always went out of his way to help us in the same situation.

At some point, David stopped receiving the transit pass himself. But that did not mean he stopped helping her. He continued to personally provide a transit pass for her so that she could keep getting to work. In fact, I remember that she did not even know that David was the person personally providing it for her.

This is such a small example of David. He was not doing it for recognition. He was not looking for credit. He saw someone who needed help and helped her.

I remember another time that showed me the same side of David. A mutual friend of ours had to undergo a long and difficult surgery. David was the first person there at the hospital at 4am. He stayed by her side throughout the ordeal, but he was also taking care of all of the friends who had come to be there for her. He made sure everyone was okay, helped however he could, and stayed there with her and with us. He stayed the entire time, for about 12 hours, just to support her and her family and friends.

Over the years, I have seen the same kindness in the way he treats people. He is the kind of person who will stop and help someone, listen to someone, or try to find a solution when someone is having a difficult time. There is a gentleness about him that I have always noticed, and it is one of the reasons I have cared about him for so many years.

It is very difficult for me to know that this man is now sitting in federal prison and that he might actually die there.

I know that you have the difficult responsibility of sentencing David. I am writing because I believe it is important for a judge who understands the value of judicial temperament and fairness to hear from people who have known David for many years and who know him outside of a courtroom.

It is easy to be kind to the people we love. But David's kindness has never been limited to his family or close friends. He has repeatedly helped people simply because they needed help, often quietly and without expecting recognition or anything in return. When a person's heart is truly that of a servant, and that character is demonstrated over and over again throughout a lifetime, I believe it deserves to be considered.

I cannot believe that taking a man who has spent so much of his life helping others and sentencing him to spend the rest of his life in prison serves anyone—not David, not the people who love him, and not society. I hope you will have mercy on him.

Judge Damian, I am asking you to please have mercy when you are deciding how long to send David to prison. We are all very afraid because you kept referring to it as the David Rivera show during Nuhfer's sentencing and you sentenced her to 5 years.

Even if all that was said about David's actions are true, even if every statement and allegation was proven, does David Rivera deserve to die in prison?

I am begging you to show David as much mercy and compassion as you can find in your heart.

Respectfully,

Sandy Montoya

Sandy Montoya

FIU | FLORIDA INTERNATIONAL UNIVERSITY

**August 13, 2026**

The Honorable Melissa Damian
United States District Court
99 N.E. Fourth Street
Miami, Florida 33132

**Re: Sentencing of David Rivera**

Dear Judge Damian:

My name is Dario Moreno, Ph.D., and I am a Professor of Politics and International Relations at Florida International University, where I have served on the faculty since 1987. I write respectfully on behalf of David Rivera as the Court considers his sentence. I have known David for nearly forty years, in a relationship that has encompassed the academic, professional, political, and personal spheres of our lives. Few people outside my immediate family have been part of my life for as long as David has.

David was, in fact, one of the first people I met when I came to Miami. I first encountered him in 1987 during the interview process that brought me to Florida International University as a tenure-earning professor. At the time, David was a student assistant in the Political Science Department. I still remember one of our early conversations concerning Jack Kemp and his potential as a presidential candidate. What struck me even then was David's extraordinary interest in government, public policy, and political ideas. He was not simply interested in politics as a spectator; even as a very young man, he had an intense interest in public service and in how government could be used to advance causes and institutions in which he believed.

Our relationship continued after I joined FIU. David was an undergraduate student in my Cuban Politics course in 1989, and I later served as a member of his doctoral committee. Over the years, our professional paths crossed in many other ways. I worked as a pollster in one of his campaigns, followed his career in public service closely, and came to know him not only as a former student and public official, but as a friend. This long history has given me the opportunity to observe David under very different circumstances and at very different stages of his life.

I do not write to presume to offer an opinion concerning David's guilt or innocence. The judicial process has reached its determination, and I respect the role and judgment of this Court. I write instead because I believe that sentencing is also an appropriate moment to consider the entirety of a person's life and the good that he has accomplished alongside the conduct for which he has been convicted. Based upon the David Rivera I have known for nearly four decades, I respectfully ask the Court to exercise leniency.

I particularly hope the Court will consider David's extraordinary contribution to Florida International University. I have spent virtually my entire professional career at FIU, and I have

watched the university develop from a relatively young institution into one of the nation's major public research universities. During that transformation, David was one of FIU's most determined and effective advocates in Tallahassee. His contribution to the university was not peripheral. It was substantial, sustained, and, in some instances, instrumental to FIU's development.

The most important example was the establishment of FIU's medical school. David played a critical role in securing the governmental support and funding necessary to make the medical school a reality. From my perspective as someone who has spent his career at FIU and observed these events closely, it is difficult to overstate the importance of his efforts. I do not believe FIU's medical school would have become a reality when it did without David's advocacy and his ability to navigate the legislative process. The establishment of that medical school has had consequences far beyond any individual administrator, professor, legislator, or generation of students. It has educated physicians, expanded medical research, strengthened health care in South Florida, and permanently enhanced the university's ability to serve our community. That is an enduring contribution to the public good.

David was similarly a forceful advocate for FIU funding during his service in the Florida Legislature, particularly through his work involving appropriations and rules processes. I personally witnessed the confidence that FIU Presidents Modesto A. Maidique and Mark B. Rosenberg placed in David as an advocate for the university in Tallahassee. He understood both the legislative process and the broader South Florida community, and he counseled university leadership on how FIU could strengthen its engagement with that community. He used his position and political skills repeatedly to advance an institution that educates tens of thousands of students, many of them first-generation college students and children of immigrant families.

I also witnessed throughout the years David's deep concern for Cuba and for the human rights of the Cuban people. This was not, in my experience, a matter of convenience or simply an issue associated with holding public office. His concern preceded his elected career and remained consistent throughout the decades I knew him. He supported efforts to promote human rights and democratic freedoms in Cuba, sponsored legislation reflecting those concerns, and personally participated in peaceful public demonstrations against repression on the island. Whether one agreed with every policy position he took is beside the point. What I observed was a sincere and longstanding commitment to people whom he believed were denied fundamental freedoms.

These accomplishments do not erase the conviction before the Court, and I do not suggest that they should. But I respectfully submit that they are part of David Rivera's life as well. The person before the Court is also the young student assistant I met almost forty years ago, the student who sat in my classroom, the doctoral candidate whose academic work I helped evaluate, the public servant who fought for our university, and the man whose efforts contributed materially to the creation of an institution that will serve generations of Floridians.

I therefore respectfully ask the Court, consistent with its obligations and discretion, to consider the totality of David's life and public service when determining an appropriate sentence. Punishment necessarily reflects the offense for which a person has been convicted, but mercy

allows recognition that a human life is larger than its worst chapter. I hope the Court will take into account David's decades of service, particularly the lasting contributions he made to Florida International University and to the South Florida community and impose a sentence that provides him the opportunity to move forward from this extraordinarily difficult period in his life.

Thank you for considering my perspective and for taking the time to review this letter.

Respectfully yours,

Dario Moreno, Ph.D.
Associate Professor
Florida International University

Evelyn D. Pate
[redacted]

September 18, 2026

Honorable Melissa Damian
99 N.E. Fourth Street Room 1061
Miami, Florida 33132

Dear Honorable Judge,

I am writing this letter with great respect for the Court and with a sincere request that you consider the person I have known my entire life when determining my cousin David's sentence.

I have known David since we were young children. Throughout the years, I have watched him grow into someone who has always cared deeply about his family and the people around him. As a youngster, he was a good student and took pride in doing well. He was also someone his family could depend on. I have seen him help his mother and his sister whenever they needed him, often putting their needs ahead of his own.

As he grew older, he became a devoted husband and father. He has two young sons who have always looked up to him and who see him as an important role model in their lives. He has been very involved in their lives and in their education. He always made the effort to be present at their schools and participate in their activities, sports, and other interests. He has spent countless hours taking them places, attending their events, traveling with them, and making memories as a family. His sons have been able to count on him not only as their father, but as someone who is actively involved in their everyday lives.

I have personally seen how much his children mean to him. He has not simply been a father in name; he has made an effort to be present and involved. His sons have always been proud of him and looked to him for guidance, support, and encouragement. I know that his absence would be deeply painful for them and would leave a significant void in their lives.

What has always stood out to me most is his concern for the people around him. He has always cared about his family and community and tried to be helpful to those who needed him. The person I have known throughout my life is someone who values his relationships and takes his responsibilities to his family seriously.

I understand that the circumstances before the Court are serious, and I do not intend to minimize them or excuse any wrongdoing. I respectfully ask only that the Court consider the full

person behind this case—the son, brother, cousin, father, and member of his community whom I have known for so many years.

The person I have known is more than the mistakes that brought him before the Court. I have seen his kindness, his dedication to his family, and his concern for others. I believe that he has people who love him, believe in his ability to change, and will continue to support him as he takes responsibility for his actions.

For these reasons, I respectfully ask the Court to consider leniency in sentencing and to impose the least severe sentence that the Court believes is appropriate under the circumstances. I sincerely believe that David has the capacity to learn from this experience, make better choices, and continue to be a positive and present father to his two sons and a source of support for his family and community.

Thank you for taking the time to read my letter and for considering my perspective on the person I have known since childhood.

Respectfully,

Evelyn D. Pate

The Honorable Melissa Damian
Southern District of Florida

Re: United States of America v. David Rivera
Case No. 22-60522-cr-DAMIAN

Dear Judge Damian:

I am Monsignor Wilfredo Peña, a Catholic priest who has devoted more than forty years to serving my faith and community, and I have known David Rivera personally for more than forty years.

I am writing to you to ask that, when you determine his sentence, you allow mercy, compassion and common sense to have a meaningful place in your judgment.

David has dedicated his entire life, even as a teenager, to service. He has never been a man governed by greed or fame; his friends and family have many stories of David using his shoes until the soles are falling off. He served his fellow students in high school and in college, and later served his community in the state house and Florida in Congress. His most impactful service, however, has been to his family and friends. I can give many examples, but I will start with one. When my own mother was ill, David was there for me and for my family. We never asked him; he did not need to be asked. He did not make it about himself. He was in the prime of his political career, in the midst of a campaign, and yet he was simply present when we needed him. I remember that because difficult times have a way of revealing people. It is not hard to be a friend when circumstances are easy. It is when someone is hurting, when a family is struggling, or when there is nothing to gain, that a person's character becomes clear.

As a priest, I have spent my life witnessing people at their highest moments and at their lowest. I have learned that none of us can be understood by one event in our lives. I have watched David build things, care for people, and give of himself in ways no headline will ever capture. People also make mistakes. But I believe, and I have seen in him, that a person can hold both truths, real failure and real good, and still be capable of change, of redemption, and of doing good again. That belief is not theoretical for me. It is at the center of my faith, and David is proof to me that it is true.

I therefore ask you, Your Honor, to consider not only the punishment David deserves for the conduct before the Court, but also the possibility of what remains ahead of him. David is sixty-one years old. He has people who love him, children who need him, and a community he has

spent his life serving. There are still years in which he can be present for his family and continue to be of service to others.

I ask for mercy, Your Honor. I have known David Rivera for more than forty years, and I ask that whatever sentence you impose leave room for the man I have known to keep living and showing up for the people who need him.

Respectfully submitted,

Monsignor Wilfredo Peña Moredo

PINSKY & ASSOCIATES
GOVERNMENTAL & PUBLIC RELATIONS

The Honorable Melissa Damian
United States District Judge
United States District Court
Southern District of Florida

June 26, 2026

Re: United States v. David Rivera – Sentencing

Dear Judge Damian:

I respectfully submit this letter on behalf of David Rivera in advance of his sentencing.

Since 1985, my career as a political consultant and advocating on behalf of clients as a governmental affairs consultant before local and state government to national and international affairs, has provided me with a somewhat seasoned and unique perspective on individuals and their behavior in the "process".

I have known David for many years, as a friend first, an employee and colleague, and as an elected official. Regardless of the current circumstances, if I were asked to describe David's character, it would begin with his loyalty, his tenacity to accomplish the goal, his word being his bond, and ending with his commitment to finishing the task he has undertaken.

Not knowing any of the facts beyond what has been reported, I fully respect the jury's unanimous verdict and the objective judicial process that led to the verdict.

Beyond the facts, and before you, is the subjective conclusion that determines David's punishment.

I am sure you will receive numerous accounts of David's commitment to public service and his work throughout his elected official career assisting constituents or working with fellow elected officials to accomplish many worthy endeavors. And they will all be true and accurate.

However, as I have come to know David on a personal level, the "David" found guilty and now in your hands, is not the David I know and have seen behave in dozens of circumstances that never, even in the slightest, revealed a "different" David.

This inconsistency in behavior has bothered me since first learning of the charges against him. And since I have not been able to meet or speak with David for some time, it continues to sit on my brain.

As a former employer of David, I can only guess that his life-long work against socialist dictatorships and his commitment to accomplish the mission of removing Maduro from power caused him to focus solely on the end result to the detriment of the means to accomplish that result.

[redacted]

My hope is that in addition to weighing all the important considerations, including accountability, deterrence, and respect for the law, you will also consider that perhaps what David was found guilty of may have in fact been out of character and dose not represent the real David Rivera.

I am not excusing his behavior, nor am I asking you to excuse his behavior. What I am asking is that like me, you ask yourself how someone of David's character gets tripped up to the extent that David did.

I do not presume to tell the Court what sentence should be imposed. I simply ask that the Court impose a sentence that reflects not only the seriousness of the offense but also weighs the differences between David's lifetime of service and what was more likely a very serious mistake in his career.

Thank you for your consideration and your service.

Respectfully,

Richard Pinsky
Pinsky Consulting Group

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

Re: Character Letter for David Rivera

Dear Judge Damian:

My name is Ivette Pinto, and I have had the privilege of knowing David Rivera since early 2000's and working with him during his service as a United States Congressman. I write this letter to share my personal experiences with David and to provide the Court with my perspective on the person I came to know and admire during my time working alongside him.

Throughout the time I worked for Congressman Rivera, I always knew him to be a person of strong character, high integrity, and deep commitment to public service. I witnessed firsthand his dedication to the people he represented and his belief that elected office was a responsibility entrusted to him by the people. David approached his work with seriousness, loyalty, and a genuine desire to make a positive difference in the lives of South Floridians.

What stood out most to me was David's commitment to serving others. Public service was not simply a career path for him, it was something he viewed as a calling. He consistently focused on finding solutions to challenges facing families, communities, and individuals who needed a voice in government. I saw a public servant who worked long hours, listened to constituents, and cared deeply about the impact government decisions had on everyday people.

Before serving in Congress, David's work in the Florida Legislature reflected his dedication to improving opportunities for Floridians. He was particularly passionate about education, economic opportunity and strengthening institutions that serve our community. His connection with Florida International University was especially meaningful. As a FIU graduate himself, David understood the importance of investing in an institution that has become a cornerstone of South Florida. He strongly supported efforts that advanced FIU's mission, including growth of its academic programs and the development of its medical education mission, which has expanded opportunities to train future physicians and serve the healthcare needs of our community.

During my time working with David, I saw a person who valued relationships, teamwork, and loyalty. He treated colleagues and staff with respect and recognized that meaningful

accomplishments in public service come from working together. I personally experienced his encouragement, trust, and willingness to support those who worked alongside him.

I recognize that the Court is considering the matter regarding his conviction, and I do not write this letter to minimize the seriousness of that process. Rather, I hope to provide the Court with a fuller understanding of the David Rivera I know, a dedicated public servant, a person who cares about his community, his family, his friends, and an individual whose years of service had a meaningful and direct impact on so many South Floridians.

The circumstances before the Court are inconsistent with the person I came to know through my professional relationship with David. I remain grateful for the opportunity I had to work with him and to witness his untiring commitment to public service firsthand.

Thank you for considering my perspective and allowing me the opportunity to share my experience with the Court.

Respectfully,

Ivette Pinto, MPA
[redacted]

Dear Judge Damian,

I write to you so that with your heart and your legal discretion, you may be as lenient as possible with David Rivera's sentencing.

I reflected quite a bit before writing this letter. Many thoughts ran through my mind and it was difficult to single out a moment or a story or an anecdote over the course of so many years by which I could effectively communicate why this court should be lenient on David.

But there is one thing that came to me: I served in the legislature between 1998 and 2004. During that time I became good friends with an attorney by the name of Lori Weems. Lori was originally from east Texas. A very small town called Nacogdoches. She made it out to Miami and then Tallahassee and this is where we would meet.

A number of years later I left the legislature. Lori had recruited me to go work with her at Holland and Knight. But after less than a year, I convinced Lori that we should open our own boutique lobbying practice. And that's what we did !

Around this same time, David was still a legislator and he also became close to Lori through me. All of us experienced many highs and lows throughout many years even after David finished his term in the Florida House. We worked on campaigns together and all sorts of endeavors.

What a lot of people did not know about Lori was that she struggled with mental health issues. In fact, Lori had a brother that had committed suicide some time before. It was sometimes very hard for David and myself to be Lori's friend, business partner etc…It was tough.

One day around 2012/13 Lori and I decided that it was time to go our separate ways. It was amicable, but we both agreed it was time.

Lori fell on some tough times after that. She had a rough go of it and it felt to me that her illness had slowly surpassed her ability to keep things together. And although I was not a part of her life anymore, David and Lori remained close. Quite in fact, most of the updates I would get about Lori were from David.

Lori had many friends but continued to become more isolated. The one constant was David. After a few more years and more bad rumors about Lori's life she was found dead in Destin, Fl in 2022.

There were some discreet memorial services on Lori's behalf. All of them were either in the pan handle or in Texas. I went to none of them. Some friends from Tallahassee I am told went to the services in Florida.

The only person to go to all of them was David. The only friend that went to the services in east Texas was David. The only person, besides next of kin who visited her graveyard, was David.

Before he went, he bought a card and asked some who were closest to Lori to allow him to write a little something for us. He did this on behalf of all of us. David Rivera is a better man than me in so many respects.

And this is the David that deserves your leniency.

Respectfully,

Manny Prieguez


Miss
You

Dear Lori,

Just a little reminder, from some of the many people back in Florida, who've loved you and whose lives you touched, that we will never forget you. Love,

David Alina Esther Manny
Apryl Marie, Ronnie, Kelly
Barbara Izzy Alex Dicky
Don Danny Gelber
Lorenzo Dara

And so many others, I've forgotten to mention.

XOXOX

"Hummingbird"


Weems
WILLIAM ZACHARY
"BILL"


Weems


Miss
You

Dear Lori,

Just a little reminder, from some of the many people back in Florida, who've loved you and whose lives you touched, that we will never forget you. Love,

David Alina Esther Manny
Apryl Marie, Ronnie, Kelly
Barbara Izzy Alex Dicky
Don Danny Gelber
Lorenzo Dara

And so many others, I've forgotten to mention.



XOXOX

"Hummingbird"


Weems
WILLIAM ZACHARY


Weems

The Honorable Melissa J. Damian
United States District Judge
Southern District of Florida

Dear Judge Damian,

I am writing to respectfully ask for mercy and compassion in your consideration of sentencing for David Rivera, the father of our two children, Michael Anthony Rivera and Mark Andrew Rivera.

Michael and Mark are nine-year-old twin brothers who have spent their young lives developing an extremely close emotional bond with their father.

From the moment of their birth, David has been a devoted and loving father to Michael and Mark. He helped feed them, change them, sing to them, read to them, put them to bed, stay up with them, care for them, and nurture them in every way possible.

David has always been deeply concerned with their physical and emotional well-being. He has been much more than simply an involved parent. He has been a consistent and important presence throughout their lives, and their love for him is profound.

Throughout their childhood, David has taken great care to ensure that Michael and Mark's needs were attended to. He prepared their meals, got them ready for school, dropped them off and picked them up, helped them with homework and school projects, read with them, participated in their bedtime routines, took them to church, and spent meaningful time with them. David was also the one who introduced the boys to baseball, which has become an important part of their lives. He spent countless hours practicing with them and encouraging them to work hard, improve their skills, and succeed.

David has also been closely involved in their health care. Since their birth, he has attended medical appointments and remained engaged in their medical, dental, and vaccination care. When Michael developed a speech impediment, David was actively involved in making sure he received the speech therapy he needed.

As Michael and Mark's mother, I have had the opportunity to witness firsthand the relationship they have with their father throughout their lives. I can attest without reservation that David has been a loving, attentive, and deeply involved father. His separation from the boys has been painful for them, and they continue to love, miss, and hope to be reunited with their father.

Most importantly, Your Honor, Michael and Mark have a deep and meaningful relationship with their father, particularly during these formative years. I have witnessed both David's love and devotion to his children and the depth of their love for him. It is for their sake that I am writing this letter and respectfully asking for your compassion.

I understand the seriousness of the circumstances before the Court, and I do not write to minimize them. I am writing to share what I have personally witnessed as the mother of David's children and to ask you consider the impact that continued separation from their father will have on Michael and Mark.

I respectfully ask that, in determining David's sentence, you consider his relationship with his children, the role he has played throughout their lives, and the lasting impact his absence may have on them.

Sincerely,

Sofia Prysmakova

Sofia Prysmakova Rivera

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

RE: DAVID RIVERA, my brother

Dear Honorable Melissa Damian,

My name is Diana Rivera. I am David Rivera's sister. I'm two and half years older than David, so I can't remember a time that David was not in my life. He has always been a wonderful brother to me. He is kind and caring. He has been helpful and mindful of my feelings. As siblings, we rarely argued. We have encouraged each other through many stages of our lives. I really couldn't have asked for a better brother.

Throughout our childhood, we played games, rode our bikes, played in the park, went ice skating, and watched a lot of t.v., among many other activities that siblings engage in. We both loved school. David especially loved reading and getting good grades. We had a pretty normal childhood. Our grandmother also lived with us and always encouraged us to be studious and respectful. David has always been respectful to everyone he has ever encountered. He always treats others with respect and kindness, even when disrespect and unkindness come his way. He maintains the teachings of Jesus of humility, caring and loving thy neighbor.

As a father of eight-year-old twin boys, he continues to model his faith in God. He has been the boy's primary caretaker. As such, the boys have developed a very strong bond with their father. David is the parent that takes them to their baseball league games, movies, park, and most importantly church, where he has them enrolled in faith formation classes for their communions. It is David, that the boys hang on to literally, and say I love you to. It is David, that they have lived with and has always been there for them.

It is not easy to describe the depths of David's love for his boys. It is boundless and selfless. David does not go out on Saturday nights. He stays home with the boys and watches sports with them. He orders pizza. He has them work on their toy models of cars, robots, etc. He helps them with learning activities. He can easily just get a babysitter and go out for a while, but he chooses to spend the time with his boys. His love for his boys surpasses his love for anything else. His boys feel David's devotion because it is evident in their love and affection for their father. I could go on and on about all the things that David has done for his boys in the name of love. The list would be quite extensive. The upmost important thing David has done for his boys is to instill the love of God.

It is through his love of God that David extends himself and contributes to bettering the lives of other children. He coaches in the boy's baseball league. He assists the other boys in helping

them become better baseball players. David attends all of the games. He cheers on the entire team. He knows all the players by name and cheers them on. He is friendly with the team's parents and offers to help their children.

David is a good person at heart. He truly enjoys helping others. He has always been there to help others. As a teenager, David participated in volunteering for campaign candidates. As a 15-year-old, he was involved in helping the newly arrived Marielitos. I was 17 years old at the time. I remember him making posters, contributing at food drives and assisting in anyway he could. I also remember asking him if he was interested in having fun. As an average 17-year-old girl, I wanted to help, but I wasn't as selfless as David. I was more interested in hanging out with my friends, the latest fashion, and of course, my hair, as that was the major Farah Facet era. I thought well maybe that was fun for David. I didn't quite understand the entire devotion and long hours, but I do remember admiring it. I now understand it fully, and I couldn't be prouder of everything he stood for and accomplished. It truly took a special teenager to involve himself to those depths.

I now know, and have known for quite some time, that the Mariel Boatlift era is what awoke David's passion for helping others that were in desperate, dire, situations. Since that historical event, David has never stopped helping others, especially those seeking the American Dream. David loves the United States of America. He understands, we understand, the significance and the privilege of being born here. He understands the opportunities that are afforded by being in this great county. David has worked tirelessly helping others situate and achieve the American Dream. He has done this through sheer hard work. His reward has been simply to help others that were in the same situation as his mother was back in the late 1950s. This type of work has meant and still means something to David.

As his sister and a witness to David's relationship with his boys and the community, I am respectfully asking for compassion not only for David, but also for his boys who are confused, scared, and extremely distraught over their father's absence. They are continuously asking about him. They miss their father greatly and want their father to be with them. They miss him during baseball games where David so greatly participates. They think about and pray for him all the time. They are truly in despair without him.

Thank you for taking the time to read my letter. This letter is only a glimpse of David's life. He truly has done so much for so many. His friendships span decades. His efforts to help others are endless. David can be a great asset to his community on so many levels. He genuinely does care about the welfare of others. As his sister, I sincerely appreciate your careful consideration in this very sensitive matter.

Respectfully,
/s/

Diana Rivera
[redacted]

Luis M. Rodriguez
[redacted]

August 12, 2026

The Honorable Melissa Damian
99 NE Fourth Street
Miami, Fl 33132

Dear Judge Damian:

I have been a Member of the Republican Party of Miami Dade County for the past 38 years and have known David Rivera ever since then. During that time, I have known David to be a professional leader in the Party.

He has always helped other Candidates get elected to local positions, State Government and to the US Congress. He has always shown me to be a professional with integrity, generous and committed to his family.

In my view, David's conviction is completely inconsistent with how I know David Rivera; and I have known him for a very long time.

I hope that this attestation will help you in making the best and fair decision as to David's sentencing.

Sincerely,

Luis M. Rodriguez

The Honorable Melissa Damian

United States District Judge

Re: David Rivera

Dear Honorable Melissa Damian:

I have known David Rivera since he was about twenty-two years old. That means I have known him for a very long time, and over all of those years, David has become much more than a friend to me.

He is like a son to me.

That is the simplest way I know how to describe our relationship. David has always been caring, kind, and helpful. He is the type of person who, whenever someone has a problem or something happens in their life, wants to be there. He does not wait to be asked. He checks on people. He makes sure they are okay. I have experienced that personally more times than I can count.

I saw this same generosity when I started a group to help and support homeless and addicted veterans who were being housed in Homestead. I collected donations for them, including clothing, shoes, toiletries, and other things they needed. David did not just tell me he supported what I was doing. He personally helped. He donated clothes, shoes, toiletries, and five or six computers for the veterans. He even took me to Walmart and bought underwear, socks, towels, and other things for them. He would always ask me, "What do your veterans need?" He wanted to know what else he could do to help. When someone needed help, David did not just offer words. He found a way to help.

But I will never forget the way David was there for me when my youngest son died. There are no words that can adequately describe what it is like for a mother to lose her child. It was one of the most painful experiences of my life. During that time, David did not disappear when things became difficult. He did not simply offer his condolences and move on. He stayed present.

David would call me and ask how I was doing. He would take me to lunch just to get me out of the house and spend time with me. He was always watching over me. Even after the immediate pain of losing my son had passed, he continued to check on me. He never seemed to think that caring for someone was an inconvenience or that he had done enough already. He simply kept being there.

That is who David has always been to me. He takes care of people.

That is why it is so painful for me to see David now. It has affected me so much, and just thinking about him in prison breaks my heart. For so many years, he was the person I could count on to be there for me. Now David is the one who is hurting, and I worry about him.

I am going to be 84 years old on October 31. At this stage of my life, I never imagined that I would be spending my days and nights so worried about someone I love like a son. I cannot stop thinking about David. At night, I wake up afraid that I will die before I ever have the chance to see him again.

When I think about David, I don't think about a case or a conviction. I think about the young man I met when he was twenty-two years old and the person he became over all the years that followed. I think about the calls asking, "How are you doing?" I think about him taking me to lunch and watching over me. I think about how he was there when I needed someone after losing my son. And I think about how difficult it is now to know that he is frightened and hurting and that I cannot simply call him and have him come through the door the way he has done for so many years.

Judge Damian, I am asking you from my heart to please have mercy on David. I am asking you to remember that there are people who know him not because of what has happened in this case, but because of the years of his life that they have personally shared with him.

To me, David is not just a person I have known for many years. He is a son. And when a mother sees one of her children hurting, she wants to do everything she can to help him. That is what I am trying to do now.

I am begging you to please consider the man I know, the caring, kind, generous person who has spent so much of his life looking after others, and to show him mercy. David has always been there for me. I am asking for the opportunity to be there for him now.

Thank you for taking the time to read my letter and to hear from someone who has loved David as a son for so many years.

Respectfully,

Lilliana Ros
[redacted]

Mark B. Rosenberg

[redacted]

July 25, 2026

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, FL 33132

Dear Judge Damian:

My request is that you have mercy on David Rivera. I have known him for forty years—he has been an amazing and courageous person in my view. His support for our community is unrivaled—when he was both a state legislator and a U.S. Congressman, he found ways to get things done that moved us forward. Throughout—particularly the later years, he was a caregiver to his mother, a task that under normal circumstances is trying and difficult.

David is conscientious and proud. I know that he has deep remorse and will return to be a model citizen. I hope that you will give deep consideration to his sentence and that you will balance the justice required with the humanity that we would hope would be accorded to us if in a similar situation.

Of course I am happy to speak with you about this directly through your office.

Sincerely yours,

Mark B. Rosenberg

September 1, 2026

The Honorable Melissa Damian
United States District Court
99 N.E. Fourth Street
Miami, Florida 33132

**Re: Character Letter in Support of David**

Dear Judge Damian:

My name is Carolina Sívoli, and I am writing this letter in support of my dear friend David. Throughout my professional career, I have worked extensively in public service, government affairs, business development, and community engagement. I am also the mother of three children, whom I raised for many years as a single mother. I offer this letter based on my personal experience with David and the person I have known him to be over the years.

David has been a genuine friend not only to me, but also to my family. I have known him during important and sometimes challenging periods of my life, including the years when I was working hard to raise my children and build a stable future for them. During those times, David was someone who offered encouragement, thoughtful advice, and guidance. He encouraged me professionally, advised me about opportunities and employment, and genuinely wanted to see me and my family succeed.

What has always stood out to me about David is that his friendship has been sincere. His support was not something offered because he expected anything in return. He was simply willing to help when he believed he could make a positive difference in someone's life. Those actions have stayed with me because they showed me the kind of person he is beyond any professional setting.

I have also known David as a deeply family-oriented person. His concern for his family, his friends, and the people close to him has always been evident to me. My family considers him a true friend, and we know him as a kind, generous, caring, and supportive man.

I understand the seriousness of the circumstances that bring David before the Court, and I have great respect for the judicial process. I do not write to question the Court or to minimize the significance of his conviction. I write simply because the David I have personally known over the years is a man who has demonstrated kindness, generosity, loyalty, and concern for others. The circumstances that have led him here are difficult for me to reconcile with the person I have known through my own experiences with him.

David has made a meaningful difference in my life and in the lives of people around him. When I think back to the years when I was raising my children and trying to create opportunities for my family, I remember the people who encouraged me and helped me move forward. David was one of those people, and I will always be grateful for that.

My children and I stand in support of David because our support is based on the man we have personally known: a loyal friend, a devoted family man, and someone who has shown kindness and generosity when it mattered.

I respectfully ask the Court to consider these qualities, as well as the positive impact David has had on the lives of those who know him, when determining his sentence.

Thank you, Your Honor, for taking the time to read my letter and for considering my personal experience with David.

Respectfully,

**Carolina Sívoli**

The HONORABLE Melissa Damian

Southern District of Florida

Re:United States of America v David Rivera

Case No. 22-6-522-cr-Damian

Dear Judge Damian,

My name is Yvonne Soler-McKinley, a Presidential Appointee and former City Manager of The City of Doral and the City of South Miami since 1992. I met David in1992 in the Office of Cuba Broadcasting. Since my appointment, David was nothing but courteous and very cooperative in showing me the intricacies of the operation.. From that day forward we not only became colleagues but also very close friends.

David has been a dedicated public servant, committed politician successful entrepreneur and dedicated family man When anybody needed assistance he was always present to help because service was everything he was about. He also served his community in Congress and eventually the private sector. David has always been present for me in my private life. Helping my daughter in her endeavors my husband and a variety of my friends never asking for anything in return.

As a public Servant I have experienced good bad and indifferent but David has always given me incredible sound advice always taking into consideration the good and the bad of the different issues that arose.

Your Honor, I humbly request that you take all his good work into consideration at the time of his sentencing. David's wife and his children need him but his service to his community also needs him to continue to serve..

I humbly ask for your mercy upon sentencing and take into consideration of all his many years of service to our country.

Sincerely,

Yvonne Soler McKinley

**The Honorable Melissa Damian**
99 N.E. Fourth Street
Miami, Florida 33132

Your Honor,

My name is Sasha Tirador. I was born in New York and have lived in Miami for virtually my entire life. This year I will turn 53 years old. Since I was very young, I have been actively involved in politics and public affairs, and it was through that involvement that I first met David Rivera when I was 22 years old.

Over the course of more than three decades working in politics, I have met countless elected officials, candidates, consultants, activists, and community leaders. The reality is that politics is, in many ways, a superficial world. Most of the relationships formed in this environment remain just that, professional acquaintances. While people often use the term "friend" loosely, I do not. I reserve that word for a very small circle of people whom I have come to know personally and whose character I have witnessed over time. Most of those people are not involved in politics at all.

David Rivera is one of the very few exceptions.

The reason David became someone I considered a genuine friend rather than simply another political acquaintance had nothing to do with politics. It had everything to do with his heart and the countless acts of kindness and generosity I witnessed throughout the years.

One experience, in particular, has remained with me.

Many years ago, I was visiting a local radio station that I frequented. A young man who had recently arrived from Cuba recognized me and enthusiastically stopped to share some wonderful news. He explained that after years of trying, he had finally been able to bring his grandmother from Cuba to the United States.

As he told me his story, he explained that he had gone from office to office seeking help. Time after time, he was turned away. One day, by pure coincidence, he saw Congressman David Rivera dining at a restaurant. Desperate and having exhausted every other option, he approached David, despite never having met him before, and explained his situation.

According to him, David listened patiently, handed him his business card, and asked him to contact his congressional office.

Like many people who have dealt with elected officials, he assumed this was simply a polite gesture and that nothing would come of it. Nevertheless, he called the office. To his complete surprise, within that same week he received a call informing him that Congressman Rivera had personally prepared the letter he needed and that it was ready for him to pick up.

What has always stood out to me about this story is that this young man had no idea I knew David Rivera personally. He had nothing to gain by telling me the story. He simply wanted to share his gratitude because someone had finally treated him with dignity and compassion when so many others had not.

That conversation profoundly affected me.

It made me realize there was much more to David Rivera than the political figure I had known. It prompted me to get to know him as a person, and over the years I did exactly that.

As time went on, I heard and witnessed countless stories very similar to this one. Whether the people involved were longtime friends or complete strangers, David consistently demonstrated a willingness to help others, often quietly and without seeking recognition. His acts of generosity were not performed for publicity or political benefit. They reflected who he is at his core.

Throughout the years, I have come to know David as someone who possesses genuine empathy, compassion, and a sincere desire to improve the lives of others. Those qualities have remained consistent throughout the many years I have known him. They are not occasional acts; they are part of his character.

Your Honor, I fully understand the seriousness of these proceedings and the responsibility before the Court. I am not writing to challenge the verdict or to minimize the importance of this case. Rather, I write because I believe it is equally important for the Court to know the man I have known for over thirty years.

The David Rivera I know is a man whose life has been marked by generosity, loyalty, kindness, and a genuine commitment to helping people, including complete strangers who had nowhere else to turn. Those experiences are entirely consistent with the character I have personally witnessed over many years and inconsistent with the person one might imagine without knowing him.

I believe David deserves for those whose lives he has touched to stand beside him during this difficult chapter. This letter is my way of doing exactly that.

I respectfully ask the Court to consider David Rivera's character, his lifelong sense of public service, his compassion for others, and the many quiet acts of kindness that have defined the man I have known for more than three decades when determining an appropriate sentence.

Thank you for your time and for your consideration of my thoughts.

Respectfully,

**Sasha Tirador**

Ms. Leslie M. Veiga
[redacted]

June 30, 2026

The Honorable Melissa Damian
99 N.E. Fourth Street
Miami, Florida 33132

Dear Judge Damian:

My name is Leslie Veiga. I am a lifelong Florida resident. Born and raised in Miami, I came back home after six years in Gainesville where I earned my undergraduate and graduate degrees at the University of Florida. I have focused my career on helping to improve the lives of the most vulnerable members of our community, including spending the last 13 years working in the nonprofit health and social services space.

I respect the judicial process and the decision of the jury that found David Rivera guilty of the counts against him. I am writing this letter to offer a more complete picture of who he is as a person based on my personal experience.

I have known David for 18 years. He has been a mentor, a boss, and a friend. We met through mutual connections and local Republican Party activities when I came back to Miami after graduation. Though he did not know me well, he was encouraging and showed me great kindness as I was starting out. Recognizing that my training was in political campaigns and that I was looking for new opportunities during the 2008 general election cycle, he connected me with a campaign in need of support that could utilize my skillset a connection that later led to a steady job. When David was building his Congressional campaign team in 2010, he brought me on as his Communications Director, a position I held through the campaign and his term in Congress as part of his legislative staff. He was patient and always willing to give instruction and guidance, while also accepting of feedback and suggestions.

I was based in the District Office, which gave me the unique perspective to witness both the legislative and constituent services work David's office did. I saw with my own eyes the efforts that our caseworkers put in to assist the people who came through our door with any number of problems. Even when those visiting our office had an issue unrelated to the federal government, they still received help and a friendly referral. When David was in the district, he would meet with constituents and community organizations to listen to and find ways to address their concerns whenever feasible. This high level of service became the standard for our office and gained a positive reputation in a very short time, all at David's behest. He understood that the most important part of a Congressional office is to help your constituents as much as possible because they are coming to you in times of great need and, often, at their wits' end.

In Washington, David was among the most active members of the freshman class of the 112th Congress. He took his ideas, addressing serious issues facing our community, and turned them into thoughtful pieces of legislation. In his two years in Congress, he proposed a bill to revamp the Cuban Adjustment Act, and two pieces of legislation to help undocumented young people gain a legal status, effectively starting a conversation on the topic of immigration reform and pragmatic solutions. He was also able to get an amendment approved to the Defense budget and was a leader and a go-to guy on securing the approval for the Colombia and Panama Free Trade Agreements.

David spent a decade in elected office at the state and federal levels. He fought successfully to improve our local community in South Florida through constituent services and his work in Tallahassee and Washington. I am proud of the work that our team was able to do together, whether related to policy, bringing attention to important topics, or helping constituents.

However, my longest-running experience with David has been as a friend. I have always known him to be kind and compassionate and someone who looks out for those he cares about. In 2010 my father passed away very suddenly from a heart attack about a week after the primary election. My dad had just turned 65 and was otherwise very healthy. His passing came out of nowhere and hit me very hard. David and our whole team were very accommodating and supportive, even amidst a very hotly contested campaign. So much of that experience is still a blur, including the day of the burial, but all these years later, there is a moment that stands out. Once the burial had concluded, and all the other guests had left, my family and I were leaving the cemetery when I saw the car I knew to be David's coming down the road. When we met up, he explained he was trying to arrive in time for the burial but had gone to the adjacent cemetery by mistake. By the time he realized, we had finished, but he didn't want to leave without giving us his condolences, offering comfort and wrapping my mom and I in big hugs. It may seem like something minor. It wasn't. He was in the middle of a contentious campaign. He should have been out meeting voters and raising money. Instead, he realized that someone he cared about needed his care and attention. He gave of his time and love when he didn't have to, but he knew it was what was needed. That is something I've seen repeated by him for myself and others. That is who I know David Rivera to be.

I respectfully request that the good that David has done for his family, friends, and community be considered in the decision-making process. I greatly appreciate your time and attention to read this letter. I am available to confirm the facts in this letter as necessary.

Thank you,

Leslie M. Veiga

The Honorable Melissa Damian

99 N.E. Fourth Street

Miami, Florida 33132

I am a Middle Childhood Generalist National Board-Certified Teacher. I have a doctorate in Curriculum and Instruction and have been with Miami-Dade County Public Schools for over 37 years, including 25 years as a classroom teacher and currently over five years as a Curriculum Support Specialist.

I respect the jury's decision in David Rivera's case and am providing this letter to offer a more complete picture of him as a person.

I have known David Rivera since 2010. I came to know about David at first because of my daughter, Leslie Veiga. When she returned home from being away at school, she was looking for a job. David assisted Leslie by referring her for an interview with the individual who ultimately hired her. A few years later when David was running for office, he hired Leslie as his Communications Director. This is how I got to know David and to learn about David's desire to help everyone around him. While I was volunteering during his campaign and mostly after he was elected, I would often hear about the many ways David would do his best to help his constituents and anyone else who needed help. During my volunteer efforts I personally observed David's commitment to those around him and his caring efforts to help as he interacted with others. From initially being grateful that he had assisted my daughter, to volunteering for him during his campaign to ultimately considering David a friend because of his thoughtfulness and caring for everyone around him, I believe that David's heart has always been in the right place.

Thank you for taking the time to read my letter. If you have any questions, please let me know.

*Vivian Veiga*

[redacted]

September 23, 2026

The Honorable Melissa Damian
United States District Judge
Southern District of Florida
James Lawrence King Federal Justice Building
99 N.E. Fourth Street, Room 1061
Miami, Florida 33132

Re: United States of America v. David Rivera
Case No. 22-60522-cr-DAMIAN

Dear Judge Damian:

I have spent much of my adult life in government and public service, but I have never had to make the kind of decision now before this Court. What I can offer is the perspective of almost forty years of knowing David Rivera.

As I mentioned in my past letters in support of David, he and I met as young men through our community and political involvement. In 2002, we were both elected to the Florida House of Representatives, where we served together for eight years, including two years sitting next to one another in the House Chamber. Over nearly four decades, I have known David as a friend, colleague, and public official.

I am not writing to portray David as a perfect man. Forty years of friendship would make such a claim neither credible nor honest. I have seen him at his best, and I have seen him make mistakes. But I can also say with confidence that the conduct for which he now stands convicted is not the whole measure of the man I have known.

Throughout these years, David has consistently cared about issues larger than himself—freedom, democracy, public policy, our community, and particularly the consequences of communism and authoritarian government in our hemisphere. For almost forty years, I have known him to be deeply opposed to those systems and deeply committed to democracy in Cuba, Venezuela, and throughout Latin America.

I understand the tension between that history and the conduct at issue in this case. I do not raise it to challenge the jury's verdict, but as a firsthand witness to beliefs I have watched David hold consistently for decades. For that reason, the idea that David would be motivated by a desire to support or strengthen the Maduro regime is fundamentally inconsistent with the man I have known.

I also witnessed David's contributions firsthand during our years in public office. During the financial crisis, when I served as Chairman of the Miami-Dade Legislative

Delegation, his persistence and leadership helped preserve the funding and agreement necessary for the PortMiami Tunnel. I also saw his commitment to Florida International University's medical and law schools and to organizations such as La Liga Contra el Cáncer. These are not things I learned about later; they are efforts I personally witnessed.

I mention them not as a résumé and not as an excuse for wrongdoing, but because they too are part of David's life. Good works do not erase wrongdoing. But neither should wrongdoing erase everything that came before it.

I am not asking the Court to disregard accountability. Instead, I respectfully ask that accountability be tempered by leniency and by consideration of the entirety of David's life. There is no doubt in my mind that David, given the ability, would dedicate himself to his family, his friends, his community, and the causes to which he has devoted much of his adult life. It is my well-founded hope that, given the opportunity, redeeming himself in the eyes of his community would become one of David's most important goals in life.

After almost forty years, I know David as more than the conduct that brought him before this Court. I respectfully ask that the full measure of his life—his mistakes as well as his contributions—have a place in your judgment, and that you extend to him as much leniency as you believe justice allows.

Respectfully,

J.C. Zapata
Former Florida State Representative
Former Miami-Dade County Commissioner