**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20552-DAMIAN**

**UNITED STATES OF AMERICA**,

v.

**DAVID RIVERA**, *et al.*,

Defendants.
____________________________________/

**ORDER ON DEFENDANT DAVID RIVERA'S MOTION**
**FOR NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [ECF NO. 543]**

**THIS CAUSE** is before the Court on Defendant David Rivera's Motion for New Trial and for Judgment of Acquittal [ECF No. 543], filed June 8, 2026.

THE COURT has reviewed the Motion, the Government's Response [ECF No. 563], Rivera's Reply [ECF No. 575], the pertinent portions of the record, and relevant authority and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I. RELEVANT BACKGROUND

After a six-week trial, a federal jury convicted Defendant David Rivera ("Rivera") on all counts charged against him in the Superseding Indictment, including conspiracy to violate the Foreign Agents Registration Act, 18 U.S.C. § 951(a) ("FARA") (Count 1), violation of FARA (Count 2), conspiracy to commit money laundering (Count 3), and engaging in monetary transactions in criminally derived property (Counts 4, 5, 7, and 8). [ECF No. 488].

The evidence at trial showed, generally, that Rivera and his co-defendant, Esther Nuhfer, sought to unlawfully enrich themselves by engaging in political activities in the United States on behalf of the government of Venezuela, by representing the interests of the

government of Venezuela before officials of the United States Government in an effort to influence United States foreign policy towards Venezuela and by concealing those efforts by failing to register under FARA as agents of the government of Venezuela. The evidence also showed that the Defendants created the false appearance that they were providing consulting services to the American entity, PDV USA. The evidence further showed that the Defendants were paid more than $20 million for their work on behalf of the Venezuelan government and that they used the proceeds from their work in violation of FARA to engage in financial transactions in violation of money laundering statutes.

In the Motion now before this Court, Rivera seeks a new trial, pursuant to Federal Rule of Criminal Procedure 33(a), and a judgment of acquittal on all counts, pursuant to Federal Rule of Criminal Procedure 29(c).

The Motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

### *A. Motion For Judgment Of Acquittal.*

"[A] district court may set aside a guilty verdict and enter judgment of acquittal if there is insufficient evidence to sustain the verdict." *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004); Fed. R. Crim. P. 29. However, a guilty verdict will be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hunt*, 187 F.3d 1269, 1270 (11th Cir. 1999) (emphasis in original). When considering a motion for judgment of acquittal, "[t]he district court must determine whether the evidence, examined in a light most favorable to the Government, was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." *Williams*, 390 F.3d at 1323 (citations omitted); *United States v. Medina*, 485 F.3d 1291, 1296–97 (11th Cir.

2007). Because a jury may choose among reasonable constructions of the evidence, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Williams*, 390 F.3d at 1323–24 (quoting *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990)).

***B. Motion For A New Trial.***

Under Federal Rule of Criminal Procedure 33, a court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The power of a court to grant a new trial under Rule 33 is much broader than the power to grant a motion for acquittal under Rule 29. *United States v. Ward*, 274 F.3d 1320, 1323 (11th Cir. 2001). The decision to grant or deny a criminal defendant's motion for new trial rests within the district court's sound discretion. *United States v. Rafferty*, 296 F. App'x 788, 797 (11th Cir. 2008). Even so, the trial court is not free to "reweigh the evidence or set aside the verdict simply because it feels some other result would be reasonable." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (citation omitted). This ensures that the district court's judgment is not substituted for that of the jury. *Id.* In this Circuit, "[c]ourts are to grant [new trials] sparingly and with caution, doing so only in those really 'exceptional cases.'" *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985).

## III. DISCUSSION

At the outset, the undersigned notes that Rivera raised many legal challenges before and during trial, all of which this Court addressed in written and oral orders. This Court acknowledges that Rivera has preserved those challenges for appeal.

### *A. Motion For Judgment Of Acquittal.*

As discussed more specifically below, Rivera contends that the interest of justice warrants a new trial. Rivera also seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. While Rivera argues, as he did at trial, that he is entitled to a judgment of acquittal on grounds that the Government failed to prove each element of each of the charged offenses against him, the focus of his Motion is his request for a new trial. Mot. at 4–5. In the Response, the Government points out that Rivera's Motion for judgment of acquittal should be denied because it improperly seeks to challenge this Court's rulings addressing various legal matters unrelated to the sufficiency of the evidence. Resp. at 5.

The undersigned agrees with the Government that Rivera fails to argue in any meaningful way that the evidence presented at trial was insufficient to support the jury's verdict, and, therefore, that Rivera's Motion under Rule 29 should be summarily denied. Nonetheless, as the Government further outlines in the Response, and having presided over the six-week trial, this Court finds that Rivera's Motion for a judgment of acquittal pursuant to Rule 29 is due to be denied on the grounds that the evidence at trial was more than sufficient to sustain his conviction on all counts in the Superseding Indictment. *See* Resp. at 6–9. Rivera offers no authority to support the arguments advanced in the Motion as a basis for relief under Rule 29. Therefore, to the extent the Motion is based on Rule 29, the Motion is denied, and this Court turns to Rivera's asserted grounds for a new trial under Rule 33.

***B. Motion For A New Trial.***

Rivera argues that he is entitled to a new trial because the Court committed legal error in numerous pre- and mid-trial rulings. Specifically, Rivera identifies the following rulings by this Court: (1) denying a statute-of-limitations jury instruction as to the FARA substantive count; (2) permitting the Government's use of guilt-assuming hypothetical questions relating to Rivera's involvement in assisting the Venezuelan government of Nicolas Maduro and, in turn, denying the use of a limiting instruction as to the Government's guilt-assuming hypotheticals; (3) limiting the defense's use of evidence to impeach the Government's star witness, Hugo Perera, during his cross-examination; (4) admitting Rivera's "*tira flechas*" text message in violation of Federal Rule of Evidence 403; and (5) admonishing defense counsel during closing argument before the jury in response to objections from the Government.

1. Statute-Of-Limitations Jury Instruction.

Rivera argues that this Court erred in denying the Defendants' request for a jury instruction concerning the statute of limitations for the substantive FARA charge. Mot. at 6–13. On April 21, 2026, the Defendants filed a Motion for Judgment of Acquittal as Related to the Statute of Limitations. [ECF No. 465]. In that Motion, the Defendants sought a judgment of acquittal for the charges of conspiracy (Count 1) and failure to register as a foreign agent (Count 2) in the Superseding Indictment on the grounds that those charges are barred by the five-year statute of limitations under FARA, 22 U.S.C. § 618. *See generally id.* This Court addressed the Defendants' motion for judgment of acquittal based on the statute of limitations argument on the record at a Motions Hearing held on April 24, 2026. *See* ECF Nos. 476, 478. This Court's rulings, as stated on the record, are further explained herein.

Section 612(a) under FARA provides that "[n]o person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement." 22 U.S.C. § 612(a). That section further provides the timing for filing said registration statement:

> The obligation of an agent of a foreign principal to file a registration statement shall, after the tenth day of his becoming such agent, continue from day to day, and termination of such status shall not relieve such agent from his obligation to file a registration statement for the period during which he was an agent of a foreign principal.

*Id*. With respect to the substantive violation of FARA, the statute's "Continuing offense" provision, 22 U.S.C. § 618(e), provides that "[f]ailure to file [a] registration statement . . . shall be considered a continuing offense for as long as such failure exists, notwithstanding any statute of limitation or other statute to the contrary." The limitations period for a violation under FARA is five years. *See* 18 U.S.C. § 3282. The parties disagree as to when the statute begins to run.

As in the original motion for judgment of acquittal, relying on the D.C. Circuit's decision in *United States v. McGoff*, 831 F.2d 1071 (D.C. Cir. 1987), Rivera argues that "the FARA statute of limitations begins to run on 'the last day that an unregistered foreign agent acts on behalf of a foreign principal' as opposed to 'the first day that a formerly unregistered agent actually registers.'" Mot. at 7 (quoting *McGoff*, 831 F.2d at 1071). Stated differently, Rivera maintains that the statute of limitations starts to run once the agency relationship, and thus the duty to register under FARA, ends. *See id.* at 6–10.

In the Response to the Defendants' motion for judgment of acquittal, the Government argued that under FARA's plain and unambiguous terms, the statute of limitations does not begin to run until an agent registers. *See* ECF No. 472 at 3–4; *see also* ECF No. 468. Pointing

to Judge Bork's dissent in *McGoff*, the Government contended that "an unambiguous reading of § 612(a) and § 618(e) confirms that the obligation of an agent of a foreign principal to register does not end once he [or she] ceases to act as such, and the limitations period for the instant substantive offense (willfully acting as an agent of a foreign principal and failing to register) does not begin to run until registration occurs." ECF No. 472 at 4 (citing *McGoff*, 831 F.2d 1096–1108 (Bork, J., dissenting); and *Att'y Gen. v. Wynn*, 636 F. Supp. 3d 96, 101–02 (D.D.C. 2022) (Boasberg, J.) (reluctantly following, in a FARA civil enforcement proceeding, the reasoning of the *McGoff* majority as binding precedent, while explaining that Judge Bork's dissent was "the more sensible reading" of the statute)).

As further detailed on the record, this Court agrees that a plain and unambiguous reading of the relevant sections in the FARA statute confirms that the limitations period begins to run once an agent of a foreign principal files a registration statement as required under the Act. *See Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (stating that "the role of the judicial branch is to apply statutory language, not to rewrite it"). Because it is undisputed that the Defendants did not submit a registration statement, the statute of limitations for the substantive FARA violations charged in this case has not started to run. Moreover, even if this Court were to agree with the Defendants and with the majority in *McGoff*, that the statute of limitations ends on the last day on which the Defendants acted as unregistered foreign agents, this Court is satisfied that the evidence adduced at trial demonstrates that the relevant conduct under FARA is not limited to the scope of the 2017 PDV USA Consulting Agreement and continued well within the limitations period.

Therefore, Rivera fails to show that a new trial is warranted based on the denial of the request for a jury instruction on the statute of limitations for the FARA counts.

2. Guilt-Assuming Hypotheticals.

Rivera next argues that the Court erred by permitting, over defense objection, the Government to ask hypothetical questions which assumed contested facts and, in the Defense's view, effectively asked certain witnesses to assume Rivera's guilt. Mot. at 13–15. Specifically, Rivera takes issue with the Government asking certain witnesses about what their reaction would have been had if they had known of the $50 million PDV USA agreement and that Rivera was working on behalf of the Venezuelan government. According to Rivera, these "guilt-assuming" hypotheticals are forbidden because they "strike[] at the very heart of the presumption of innocence." *Id.* at 14 (quoting *United States v. Guzman*, 167 F.3d 1350, 1351–52 (11th Cir. 1999)).

The Government responds that this testimony was necessary to explain why Rivera willfully failed to register, "including that public knowledge of these matters would have been catastrophic to Rivera's political standing in South Florida, and would also have precluded him from obtaining meetings with political figures, thereby preventing him from obtaining the millions paid to him and his confederates for their activities." Resp. at 13. The Government further argues that the rule in *Guzman* is inapplicable here because in Rivera's trial, the Government asked the questions at issue to its own fact witnesses, rather than to any defense character witnesses called by Rivera. *Id.* at 14 (citing *United States. v. Laurienti*, 611 F.3d 530, 549 (9th Cir. 2010) (rejecting the proposition "that the government cannot ask its own fact witnesses otherwise relevant questions that may have a guilt-assuming element")).

This Court agrees with the Government that *Guzman* does not apply to the circumstances presented here. The principle that the Government is not generally permitted to cross-examine a defendant's character witnesses using guilt-assuming hypotheticals is not

at issue here as the hypotheticals challenged by Rivera were asked of the Government's own witnesses on direct examination. As the Eleventh Circuit counseled in *United States v. Hough*, "*Guzman*'s holding 'can reach only as far as [its] facts and circumstances.'" 803 F.3d 1181, 1192 (11th Cir. 2015) (citing *Anders v. Hometown Mortg. Servs., Inc.,* 346 F.3d 1024, 1031 (11th Cir. 2003); *Watts v. BellSouth Telecomms., Inc.,* 316 F.3d 1203, 1207 (11th Cir. 2003) ("Whatever their opinions say, judicial decisions cannot make law beyond the facts of the cases in which those decisions are announced."); *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1298 (11th Cir. 2010) ("We have pointed out many times that regardless of what a court says in its opinion, the decision can hold nothing beyond the facts of that case.")). *Guzman*'s facts and circumstances differ from those of this case in a material way, and, therefore, the case does not dictate that the Court permitting the Government to question its own witnesses in the manner complained of was error.

Moreover, the hypotheticals posed to the witnesses were based on facts in evidence (the existence of the contract with PDV USA and the work on behalf of Venezuelan officials) and not on an assumption of guilt.

This Court is satisfied that the questions at issue were proper, and they are not a basis for relief under Rule 33.

3. Limiting The Defense's Use Of Evidence To Impeach Witness Perera.

Next, Rivera contends that the Court erred by precluding defense counsel from using Hugo Perera's specific changes to the written FBI reports from his prior interviews to show "strong evidence" of bias in favor of the Government. Mot. at 16–17.

This Court addressed this issue at length during a pretrial hearing held on March 20, 2026. *See* ECF No. 655 at 10–37. Notably, the argument Rivera asserts now is not the

argument advanced during the hearing on this issue. In any event, at the conclusion of that discussion, this Court emphasized that the parties are bound to follow the Rules of Evidence when cross-examining witnesses, including the proper use of documents and things and prior inconsistent statements to impeach witnesses. This Court also assured that the Defendants would have ample opportunity to cross-examine Perera and that the Government had turned over all documents relevant to Perera so that the Defendants would be fully prepared to cross-examine Perera. This Court's rulings regarding Perera are set forth on the record from that hearing. *See id*.

Rivera now contends that he was unable to explore issues with Perera that would have revealed Perera's bias in favor of the Government because he was unable to disclose to the jury through Perera the content of an agent's report that had not been adopted by Perera or to disclose Perera's attorney's notes regarding errors in that report. As this Court explained on the record, Rivera did not offer any authority for the use of the report in the manner requested, and he still has not offered any authority in the Motion now before this Court to permit use of the report in that manner. The defense was permitted ample opportunity to cross-examine Perera over a span of multiple days. Rivera does not point to any point during Perera's testimony when he sought to use the 302 report at issue and was denied permission to do so by the Court.

At bottom, as the Government points out in its Response, it is not altogether clear from the Motion what the issue is or what exactly he was denied at trial insofar as the cross-examination of Perera is concerned. Given the extensive cross-examination that was permitted, this Court is satisfied that Rivera was not in any way denied a full and fair opportunity to confront this witness. Rivera has not demonstrated that a new trial is warranted

based on the enforcement of the Rules of Evidence during trial, and, specifically, during the cross-examination of Perera.

4. Admission Of "*tira flechas*" Text Message.

Rivera argues that the Court erred by admitting the "tira flechas" text message during the Government's direct examination of Perera. Mot. at 17–19. According to Rivera, the messages lacked probative value and were unduly prejudicial. In its Response, the Government explains the relevance of the messages to the issues at trial. Specifically, as the Government points out, proof of the FARA violations involved proof that Rivera was working on behalf of the Government of Venezuela.

Rivera consistently maintained throughout trial that he was acting on behalf of the Venezuelan opposition and for the benefit of the Venezuelan people and that he was acting in good faith. Therefore, evidence that Rivera was speaking in a disparaging manner about Venezuelans was certainly relevant to and probative of the issues in the case. The messages were, however, prejudicial, and, therefore, this Court undertook the balance of the probative value as against the risk of unfair prejudice pursuant to Federal Rule of Evidence 403 and determined that the probative value outweighed the risk of unfair prejudice. However, because the messages at issue were prejudicial by their nature, this Court limited the use of such evidence. There was more evidence of Rivera's disparaging comments about Venezuelans that the Court did not permit.

This Court is satisfied, having heard the evidence used by the Government as limited by the Court, that the probative value was not outweighed by any prejudice, and certainly not substantially outweighed. *See United States v. Macrina*, 109 F.4th 1341, 1350 (11th Cir. 2024) ("Under Federal Rule of Evidence 403, the district court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of … unfair prejudice[.]") (citing Fed. R. Evid. 403; *United States v Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002)). As the Eleventh Circuit has explained, under Rule 403, the court "look[s] at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989).

Rivera has not shown otherwise, and, therefore, the admission of the evidence at issue is not a basis for granting a new trial.

5. Disparagement of Defense Counsel's Closing Argument.

Finally, Rivera contends that the Court's commentary before the jury in response to multiple objections to defense counsel's closing argument improperly disparaged the merits of that argument and was "extremely prejudicial" to Rivera. Mot. at 19–20. Specifically, Rivera complains that the Court sustained an objection to Rivera's counsel's statement to the jury (more than once) that Rivera was acting with the advice of his counsel, following which the Court instructed the jury to disregard comments regarding advice from counsel. In Response, the Government argues that there was no prejudice because Rivera's counsel was permitted to use the evidence at issue throughout the trial.

The issue of whether Rivera intended to rely on an advice of counsel defense was litigated prior to trial, and Rivera indicated he did not intend to rely on the defense. The evidentiary predicate for this defense is that the defendant "fully disclosed all material facts to his attorney" and "relied in good faith on the advice given by his attorney." *United States v. Condon*, 132 F.3d 653, 656 (11th Cir. 1998) (citing *United States v. Johnson*, 730 F.2d 683, 686 (11th Cir. 1984)). *See also United States v. Eisenstein*, 731 F.2d 1540, 1543 (11th Cir. 1984) ("In order to take advantage of this defense, the defendant must show that he relied in good faith

after first making a full disclosure of all facts that are relevant to the advice for which he consulted the attorney."). Rivera did not satisfy, and indeed did not attempt to satisfy this standard. Nevertheless, Rivera was permitted to use evidence at trial in which he indicates that he had consulted with counsel on relevant issues.

Because he did not satisfy the predicate for use of the reliance on advice of counsel defense, it was improper for Rivera's counsel to tell the jury at closing that Rivera was acting with the advice of counsel. There was no prejudice to Rivera as the result of the jury then being instructed to disregard comments regarding his reliance on the advice of counsel. Notably, the instruction was very narrow and said nothing of counsel's argument but instead was narrowly directed to a very specific comment.

When assessing whether a court's comments to a jury are so prejudicial as to amount to a denial of a fair trial, the comment must have had "a clear effect on the jury." *United States v. Morales*, 868 F.2d 1562, 1576 (11th Cir. 1989); *United States v. Suarez*, 162 F. App'x 897, 904 (11th Cir. 2006). Rivera offers nothing to make such a showing. And Rivera offers no authority permitting counsel to argue to a jury that a Defendant acted based on the advice of counsel when the Defendant has not satisfied the predicate for use of the defense. Rivera certainly has not shown that the Court's instruction to the jury was so prejudicial as to amount to a denial of a fair trial. Therefore, he has not shown that he is entitled to a new trial based on being prevented from doing so.

## IV. CONCLUSION

For the reasons set forth above, this Court denies Rivera's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on the grounds that the evidence at trial was more than sufficient to sustain his conviction on all counts. In addition, Rivera's

motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 is denied on the ground that he has failed to identify any injustice—let alone a manifest injustice—requiring a new trial.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant David Rivera's Motion for New Trial and for Judgment of Acquittal [**ECF No. 543**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida, this 2nd day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**